UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| KIP EDWARDS, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. G-11-240 |
| | § | |
| KB HOME, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

## I. INTRODUCTION

Before the Court is the defendant, KB Home's motion to dismiss the plaintiffs' Kip Edwards and named and unnamed claimants suit[1], pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) (Document No. 10). Also before the Court is the collective response of the plaintiffs to the defendant's motion (Document No. 18). The Court has examined the pleadings, motion and response and determines that the defendant's motion to dismiss should be granted.

## II. FACTUAL BACKGROUND AND CONTENTIONS

The plaintiffs present themselves as salespersons employed by the defendant, "one of the nation's largest homebuilders." The plaintiffs contend that they were "misclassified" as exempt, and paid on a commission basis and, therefore, denied overtime compensation. In this regard, the plaintiffs assert that the defendant violated the Fair Labor Standards Act when the defendant failed to pay overtime wages. *See* 29 U.S.C. § 206 *et seq*.

The defendant asserts that the plaintiffs were employed as new home salespersons and therefore were not entitled to overtime compensation. The defendant contends that "outside

---

[1] This suit was filed as a "collective action" pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et. seq. *See also* 29 U.S.C. § 216(b).

salespersons" are not entitled to overtime pay because the FLSA classifies them as exempt. The defendant points to 29 U.S.C. § 213(a)(1) and 29 C.F.R. § 541.500 as the statutory and regulatory basis for its claim of exemption. The defendant also points to "two opinion letters" [2007-1 and 2007-2] as indicative of the Department of Labor's ("DOL") interpretation of § 213(a)(1).

The defendant also argues that the plaintiffs' pleadings fail to demonstrate that an "employer-employee" relationship exists between the plaintiffs and the defendant. In this regard, the defendant attacks the plaintiffs' "generalized allegations" that the defendant acted as their employer while pointing out that the plaintiffs' pleadings fail to support the necessary elements of FLSA covered employer. In several related arguments, the defendant contends that the plaintiffs have failed to allege a factual basis for minimum wage status thereby establishing a basis for an overtime claim. As well, the defendant asserts that the plaintiffs have failed to sufficiently plead a collective action.

The plaintiffs' response points out that an amended pleading has been filed by them which pleading renders moot the defendant's motion to dismiss. As well, the plaintiffs respond that dismissals are disfavored and that a collective action should not be the subject of a Rule 12(b)(6) motion because the propriety of certifying a suit as a collective action is addressed when a plaintiff moves for conditional certification and seeks to notify the putative class. Therefore, the plaintiffs assert that the defendant's Rule 12(b)(6) motion is premature and should be denied.

### III.  **LEGAL STANDARD FED. R. CIV. P. 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief may be granted," FED. R. CIV. P. 12(b)(6). Under the demanding strictures of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in

a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996) (citing *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991)). Dismissal is appropriate only if, the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). Moreover, in light of Federal Rule of Civil Procedure 8(a)(2), "[s]pecific facts are not necessary; the [factual allegations] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964. Even so, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964 - 65 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L.Ed.2d 209 (1986).

More recently, in *Ashcroft v. Iqbal*, the Supreme Court expounded upon the *Twombly* standard, reasoning that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, ---U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, ---U.S. ----, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1955). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show [n]'--'that the

3

pleader is entitled to relief.'" *Ashcroft*, ---U.S. ----, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)). Nevertheless, when considering a 12(b)(6) motion to dismiss, the Court's task is limited to deciding whether the plaintiff is entitled to offer evidence in support of his or her claims, not whether the plaintiff will eventually prevail. *Twombly*, 550 U.S. at 563, 1969 n.8 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed.2d 90 (1974)); *see also Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

## IV.    RESTATEMENT OF CONTENTIONS

The defendant contends that the plaintiffs' suit should be dismissed because the evidence is undisputed that the plaintiffs were outside salespersons and, therefore, exempt status applies to their employment agreement. In support of this argument, the defendant relies on and proffers two DOL opinion letters issued by the administrator of the Wage and Hour Division that, according to the defendant, apply to the plaintiffs' FSLA claims. The Court will review the plaintiffs' amended pleadings for evidence of "facial plausibility."

In their amended pleadings, the plaintiffs proffer that: (a) their paychecks were issued by the defendant; (b) W-2 earnings statements were issued by the defendant wherein the defendant identified itself as the plaintiffs' employer; (c) the plaintiffs worked in the offices provided by the defendant that included a desk, chairs for customers, fax machine and other equipment necessary for inside or outside sales work; (d) they worked over 40 hours per week, obtaining various documents from buyers necessary to complete and close a mortgage loan; and (e) they served as customer service representatives concerning the home warranty after the house was sold including homes they did not sell.

V.   **DISCUSSION AND ANALYSIS**

Title 29 U.S.C. § 213(a)(1) provides an exemption from the minimum wage and overtime provision of the FLSA for "any employee employed…in the capacity of outside salesman." Under 29 C.F.R. § 541.500(a), "the term employee employed in the capacity of outside salesman means any employee":

> (1) whose primary duty is: (i) making sales within the meaning of Section 3(k) of the Act, or (ii) obtaining orders or contracts for services or for the use of facilities for which a consideration will be paid by the client or customer; and
>
> (2) who is customarily and regularly engaged away from the employer's place or places of business in performing such primary duty, [*i.e.* exempt work].

The DOL issued two letters in 2007 addressing the issue of when a salesperson may be treated as an exempt employee. The opinion letters generally describe an exempt salesperson as one who maintains a space in a temporary sales office within the subdivision where the homes are sold. They have "a desk, a telephone, and a fax machine but few of the other accoutrements of a typical business office." Generally, these offices are not the permanent office of the employer but designed to conduct the day-to-day operations at a home construction site.

The salesperson's activities generally include "meeting with prospects; real estate sales employees; showing properties and communities to prospects; touring and demonstrating model homes and home sites; engaging in a wide variety of marketing efforts; and meeting with customers, construction personnel; completing paperwork; prospecting customers; following up with customers; scheduling appointments; learning about the homes; completing mortgage qualification forms if such assistance is required; filing reports with sales managers; completing the sales contract; and other duties incidental to an related to the selling of new homes." *See* [DOL Letters – FLSA 2007-1 and 2007-2].

## VI. <u>CONCLUSION</u>

The Court is of the opinion that the plaintiffs' amended pleadings do overcome the defendant's declaration that the pleadings fail to adequately assert that the defendant was their employer on the occasion(s). Pleadings that indicate that the defendant issued paychecks to the plaintiffs and supplied W-2 earnings statements (not Form 1099s), support the view that the defendant considered itself the employer of the plaintiffs. Whether the defendant fit the classic definition of employer, however, need not be established or demonstrated at this time. It is enough that the defendant referred to itself as the plaintiffs' employer in formal documents. *See Oppenheimer v. Prudential Sec. Inc.*, 94 F.3d 189, 194 (5th Cir. 1996). This conclusion merely accepts the tax forms as establishing an employer-employee relationship. An inquiry concerning the nature of that relation must be pursued.

In analyzing the employer-employee relationship, it appears that the defendant intended, at all times, that the plaintiffs be treated as exempt employees. Moreover, the various duties set forth in the plaintiffs' pleading fit those duties that are specifically identified by the DOL as classic and peculiar to an exempt employee. It was or currently is the plaintiffs' primary duty to make sales of new homes, obtain contracts for sales, and service the customer and/or contract sufficiently so that the sale is consummated. As a follow-up, the plaintiffs are to address new home concerns when an appliance or the home construction fails in some manner.

The plaintiffs admit that their work is performed in a model home sales office. Hence, they do not work in the home office or the executive offices of the defendant. The equipment provided to the plaintiffs is classic salesperson tools necessary for contacting customers, preparing sales contracts, mortgage applications and the other duties incidental and related to the sale of new homes. The plaintiffs make much of the fact that they work more than 40 hours in a

typical week comprised of a seven work day schedule, and that the defendant requires the plaintiffs to arrive at work 15-30 minutes before start time. These requirements, too, are typical of a sales force. Moreover, the fact that some sales are consummated within the defendant's sales office, does not alter their employment status. Sales training meetings and preparation of sale reports or, answering and resolving complaints of customers concerning home/appliance warranties, and the like, do not change a salesperson's status from outside to inside.

The Court is of the opinion that the plaintiffs' amended pleadings fail to take the plaintiffs outside the classic definition of outside salesperson. *See* 29 U.S.C. § 213(a)(1) and (2). Therefore, the Court concludes that the defendant's motion to dismiss should be GRANTED.

It is so ORDERED.

SIGNED at Houston, Texas this 28th day of July, 2011.

_____
Kenneth M. Hoyt
United States District Judge

7