UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| KIP EDWARDS, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| vs. | § | CIVIL ACTION NO. G-11-cv-00240 |
| | § | |
| KB HOME, | § | |
| | § | |
| Defendant. | § | |

**ORDER ON PLAINTIFFS' MOTION**
**FOR RECONSIDERATION**

Pending before the Court is the plaintiffs' motion for reconsideration brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (Dkt. No. 25). The defendant has filed both a response and supplemental response in opposition to the plaintiffs' motion for reconsideration (Dkt. Nos. 32 & 35), and the plaintiffs have filed a reply (Dkt. No. 36). Having received the arguments of counsel in open court and after having reflected on those arguments, reviewed the pleadings, motion, responses, replies and applicable law, the Court determines that the plaintiffs' motion for reconsideration has merit and should be GRANTED in light of the demanding strictures applicable to the defendant's previously-filed Rule 12(b)(6) motions to dismiss (Dkt. Nos. 10 & 21).

When taking all of the plaintiffs' factual allegations as true as this Court is required to do, the Court cannot say that the plaintiffs' factual allegations are insufficient to raise a right to relief above the speculative level or to state a claim that has some facial plausibility, as it has not been irrefutably established, at this juncture, that the plaintiffs neatly fit within the statutory definition of "outside salesmen" within the meaning of the FLSA so as to satisfy the outside sales exemption. Further, the strong inference pleading standard applicable to the defendant's motion

to dismiss does not permit this Court to find that the plaintiffs' claims, at this stage of the proceedings, are legally insufficient on their face. As such, the plaintiffs should be afforded an opportunity to conduct discovery in furtherance of their claims. Accordingly, the plaintiffs' motion for reconsideration is GRANTED; the Court's previously-entered Memorandum and Order (Dkt. No. 22) and Final Judgment (Dkt. No. 24) are VACATED; and the defendant's motion to dismiss is hereby DENIED (Dkt. Nos. 10 & 21), without prejudice to reurging following discovery.

It is so **ORDERED**.

SIGNED at Houston, Texas this 14th day of November, 2011.

_____
Kenneth M. Hoyt
United States District Judge