IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| KIP EDWARDS et al., § | |
| § | |
| Plaintiffs, § | |
| § | |
| vs. § | CIVIL ACTION NO. 3:11-CV-00240 |
| § | |
| KB HOME, § | |
| § | |
| Defendant. § | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

For its Answer and Affirmative Defenses to the First Amended Complaint ("Complaint") of Plaintiffs Kip Edwards, et al. ("Plaintiffs"), Defendant KB Home ("Defendant" or "KB Home"), by counsel, states as follows:

**I.
INTRODUCTION**

1.1   KB Home denies that this instant action consists of any persons other than those who have joined the action, as alleged in Paragraph 1.1 of Plaintiffs' Complaint.  KB Home admits that the allegations set forth in Paragraph 1.1 of Plaintiffs' Complaint otherwise summarily describe Plaintiffs' actions with regard to the allegations contained in the Complaint, but deny Plaintiffs are entitled to any recovery, and therefore deny the remaining allegations contained in Paragraph 1.1.

1.2   KB Home denies that this instant action consists of any persons other than those that have joined the action, as alleged in Paragraph 1.2 of Plaintiffs' Compliant.  KB Home admits that the allegations set forth in Paragraph 1.2 of Plaintiffs' Complaint otherwise summarily describe

Plaintiffs' actions with regard to the allegations contained in the Complaint. KB Home denies the remaining allegations contained in Paragraph 1.2.

1.3     KB Home denies that this instant action consists of any persons other than those that have joined the action, as implied in Paragraph 1.3 of Plaintiffs' Compliant. Otherwise, Paragraph 1.3 is a jury demand for which no responsive pleading is required.

## II.
## PARTIES

2.1     Defendant admits the Notices of Consent as described in Paragraph 2.1 were filed in the action, and denies the remaining allegations in such Paragraph.

2.2     KB Home denies that this instant action consists of any persons other than those that have joined the action, as alleged in Paragraph 2.2 of Plaintiffs' Complaint. KB Home further denies that any persons are similarly situated with Plaintiffs, or that Plaintiffs are similarly situated among each other.

2.3     KB Home admits the allegations set forth in Paragraph 2.3 of Plaintiffs' Complaint.

2.4     KB Home admits the allegations set forth in Paragraph 2.4 of Plaintiffs' Complaint.

2.5     KB Home denies the allegations set forth in Paragraph 2.5 of Plaintiffs' Complaint.

## III.
## JURISDICTION AND VENUE

3.1     KB Home admits the allegations set forth in Paragraph 3.1 of Plaintiffs' Complaint.

3.2     KB Home denies the allegations set forth in Paragraph 3.2 of Plaintiffs' Complaint.

## IV.
## FACTUAL BACKGROUND

4.1     KB Home admits it operates a homebuilding and financial services business as alleged in Paragraph 4.1 of Plaintiffs' Complaint, but denies the remaining allegations in such Paragraph.

4.2     KB Home admits it generated approximately $1.59 billion in fiscal year 2010 (ending November 30, 2010) as alleged in Paragraph 4.2 of Plaintiffs' Complaint, but denies it did so from combined operations of homebuilding and mortgage banking services to KB Home's buyers. KB Home also denies the remaining allegations in such Paragraph.

4.3     KB Home denies the allegations set forth in Paragraph 4.3 of Plaintiffs' Complaint.

4.4     KB Home denies it employed Plaintiffs, as alleged in Paragraph 4.4 of Plaintiffs' Complaint. KB Home denies Plaintiffs performed "inside sales." KB Home is without sufficient information to admit or deny the remaining material allegations in such Paragraph, and therefore deny same.

4.5     KB Home denies the allegations set forth in Paragraph 4.5 of Plaintiffs' Complaint.

4.6     KB Home denies Plaintiffs "worked from a model home sales office" as alleged in Paragraph 4.6 of Plaintiffs' Compliant. KB Home is without sufficient information to admit or deny the remaining material allegations contained in such Paragraph, and therefore, deny same.

4.7     KB Home is without sufficient information to admit or deny the material allegations contained in Paragraph 4.7 of Plaintiffs' Complaint, and therefore deny same.

4.8     KB Home denies the allegations set forth in Paragraph 4.8 of Plaintiffs' Complaint.

4.9     KB Home admits it builds and sells new homes, but denies it provides or sells mortgages or mortgage products to new home buyers, as alleged in Paragraph 4.9 of Plaintiffs' Complaint.

4.10    KB Home is without sufficient information to admit or deny the material allegations contained in Paragraph 4.10 of Plaintiffs' Complaint, and therefore, deny same.

4.11    KB Home is without sufficient information to admit or deny the material allegations contained in Paragraph 4.11 of Plaintiffs' Complaint, and therefore, deny same.

4.12    KB Home is without sufficient information to admit or deny the material allegations contained in Paragraph 4.12 of Plaintiffs' Complaint, and therefore, deny same.

4.13    KB Home is without sufficient information to admit or deny the material allegations contained in Paragraph 4.13 of Plaintiffs' Complaint, and therefore, deny same.

4.14    KB Home admits that new home sales persons were paid on a commission basis only for sales of new homes.  KB Home is without sufficient information to admit or deny the material allegations contained in Paragraph 4.14 of Plaintiffs' Complaint, and therefore, deny same.

4.15    KB Home is without sufficient information to admit or deny the material allegations contained in Paragraph 4.15 of Plaintiffs' Complaint, and therefore, deny same.

4.16    KB Home is without sufficient information to admit or deny the material allegations contained in Paragraph 4.16 of Plaintiffs' Complaint, and therefore, deny same.

4.17    KB Home denies the allegations set forth in Paragraph 4.17 of Plaintiffs' Complaint.

4.18    KB Home denies the allegations set forth in Paragraph 4.18 of Plaintiffs' Complaint.

4.19    KB Home denies the allegations set forth in Paragraph 4.19 of Plaintiffs' Complaint.

4.20    KB Home is without sufficient information to admit or deny the material allegations contained in Paragraph 4.20 of Plaintiffs' Complaint, and therefore, deny same.

4.21    KB Home is without sufficient information to admit or deny the material allegations contained in Paragraph 4.21 of Plaintiffs' Complaint, and therefore, deny same.

4.22    KB Home is without sufficient information to admit or deny the material allegations contained in Paragraph 4.22 of Plaintiffs' Complaint, and therefore, deny same.

4.23    KB Home denies the allegations set forth in Paragraph 4.23 of Plaintiffs' Complaint.

4.24   KB Home denies the allegations set forth in Paragraph 4.24 of Plaintiffs' Complaint.

4.25   KB Home denies the allegations set forth in Paragraph 4.25 of Plaintiffs' Complaint.

4.26   KB Home denies the allegations set forth in Paragraph 4.26 of Plaintiffs' Complaint.

4.27   KB Home denies the allegations set forth in Paragraph 4.27 of Plaintiffs' Complaint.

4.28   KB Home denies the allegations set forth in Paragraph 4.28 of Plaintiffs' Complaint.

4.29   KB Home denies the allegations set forth in Paragraph 4.29 of Plaintiffs' Complaint.

4.30   KB Home denies the allegations set forth in Paragraph 4.30 of Plaintiffs' Complaint.

## V.
## COLLECTIVE ACTION ALLEGATIONS

5.1   KB Home answers the allegations set forth in Paragraph 5.1 in the same manner as those allegations for which this Paragraph specifically incorporates therein.

5.2   KB Home denies the allegations set forth in Paragraph 5.2 of Plaintiffs' Complaint.

5.3   KB Home denies the allegations set forth in Paragraph 5.3 of Plaintiffs' Complaint.

5.4   KB Home admits that the action alleges an "opt in" style action, and that such is allowed under § 216(b), as alleged in Paragraph 5.4 of Plaintiffs' Complaint.

5.5   KB Home admits that Plaintiffs intend to bring this action on behalf of certain others as alleged in Paragraph 5.4 of Plaintiffs' Complaint, but deny that such persons are part of this action, or are entitled to any recovery.

5.6   KB Home denies the allegations set forth in Paragraph 5.6 of Plaintiffs' Complaint.

5.7   Paragraph 5.7 of Plaintiffs' Complaint does not set forth a material allegation for which a responsive pleading is required.  Notwithstanding, KB Home denies Plaintiffs are entitled to such information requested in such Paragraph.

5.8     KB Home admits that Plaintiffs' intend to bring this action on behalf of certain others as alleged in Paragraph 5.8 of Plaintiffs' Complaint, but deny that such persons are part of this action, or are entitled to any recovery.

5.9     Paragraph 5.9 of Plaintiffs' Complaint does not set forth a material allegation for which a responsive pleading is required.  Notwithstanding, KB Home denies such persons are part of this action, or are entitled to any recovery.

5.10    KB Home is without sufficient information to admit or deny the material allegations contained in Paragraph 5.10 of Plaintiffs' Complaint, and therefore, deny same.

## VI.
## COUNT 1 – VIOLATIONS OF THE FLSA

6.1     KB Home answers the allegations set forth in Paragraph 6.1 in the same manner as those allegations for which this Paragraph specifically incorporates therein.

6.2     KB Home denies the allegations set forth in Paragraph 6.2 of Plaintiffs' Complaint.

6.3     KB Home denies the allegations set forth in Paragraph 6.3 of Plaintiffs' Complaint.

6.4     KB Home denies the allegations set forth in Paragraph 6.4 of Plaintiffs' Complaint.

6.5     KB Home denies the allegations set forth in Paragraph 6.5 of Plaintiffs' Complaint.

6.6     KB Home denies the allegations set forth in Paragraph 6.6 of Plaintiffs' Complaint.

6.7     KB Home denies the allegations set forth in Paragraph 6.7 of Plaintiffs' Complaint.

6.8     KB Home denies the allegations set forth in Paragraph 6.8 of Plaintiffs' Complaint.

6.9     KB Home denies the allegations set forth in Paragraph 6.9 of Plaintiffs' Complaint.

# VII.
# JURY DEMAND

7.1 Paragraph 7.1 of Plaintiffs' Complaint is not a material allegation that requires a responsive pleading.

7.2 Plaintiffs' Prayer contained at the end of Plaintiffs' Complaint is not a material allegation that requires a responsive pleading.

## STATEMENT OF AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

Plaintiffs have failed to state a claim upon which relief can be granted. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

### SECOND DEFENSE

To the extent liability, affirmative defenses and/or damages, if any, to each member of the alleged group Plaintiffs purport to represent are not determined by a single jury or is determined on a group-wide basis, permitting this action to proceed as a collective or class action violates Defendants' rights under the Fifth, Seventh, Eighth and Fourteenth Amendments to the United States Constitution.

### THIRD DEFENSE

To the extent that the relevant period of time alluded to in Plaintiffs' Complaint, or any period of time alleged later in this action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a), such claims of Plaintiffs are barred. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

### FOURTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because actions taken in connection with Plaintiffs'

compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.  This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

### FIFTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA.  This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

### SIXTH DEFENSE

Plaintiffs' claims are barred because the work they performed falls within exemptions, exclusions, exceptions, or credits provided for in the FLSA, including, but not limited to, the outside sales and 7i exemptions.  This defense may also apply to the claims of some or all of the putative collective action members or of allegedly similarly situated persons.

### SEVENTH DEFENSE

Defendants at all times acted in good faith to comply with the FLSA and with reasonable grounds to believe that their actions did not violate the FLSA, and Defendants assert a lack of willfulness or intent to violate the FLSA as a defense to any claim by Plaintiffs for liquidated damages.  This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

**EIGHTH DEFENSE**

The entire collective action complaint seeking class-wide relief must be dismissed, as there is no appropriate class representative.

**NINTH DEFENSE**

This case may not be maintained as a collective action because the named Plaintiffs are not similarly situated to or otherwise an adequate representative for the persons whom they purport to represent and, thus, cannot satisfy the requirements under 29 U.S.C. § 216.

**TENTH DEFENSE**

There are no employees of Defendants who are similarly situated to Plaintiffs, as that term is defined and/or interpreted under the FLSA, 29 U.S.C. § 216(b).

**ELEVENTH DEFENSE**

Plaintiffs' claims are barred to the extent Plaintiffs failed, refused, and/or neglected to mitigate or avoid the damages complained of in Plaintiffs' Complaint, if any.  This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

**TWELFTH DEFENSE**

To the extent applicable, Plaintiffs' claims are barred by the equitable doctrines of waiver, estoppel, unclean hands, and/or laches.  This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

**THIRTEENTH DEFENSE**

Even assuming, *arguendo*, that Defendants had in fact failed to pay individuals for any of the activities alleged in Plaintiffs' Complaint (which they did not), such activities do not constitute compensable work under the FLSA, and furthermore, such activities were not an integral and indispensable part of Plaintiffs' principal activities of employment and are not

9

compensable. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

### FOURTEENTH DEFENSE

Plaintiffs and/or the putative collective plaintiffs were compensated at all times in accordance with applicable FLSA requirements.

### FIFTEENTH DEFENSE

Plaintiffs are not entitled to equitable relief insofar as they had an adequate remedy at law. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

### SIXTEENTH DEFENSE

Plaintiffs' alleged injuries were not proximately caused by any unlawful policy, custom, practice and/or procedure promulgated and/or tolerated by Defendants. This defense may also apply to the claim of some or all of the class of allegedly similarly situated persons.

### SEVENTEENTH DEFENSE

Assuming, *arguendo*, that Defendants violated any provision of the FLSA (which they did not), such violation was not pursuant to a uniform policy or plan. This defense may also apply to the claim of some or all of the class of allegedly similarly situated persons.

### EIGHTEENTH DEFENSE

Defendants allege that they have not willfully failed to pay Plaintiffs any wages and/or other monies claimed due, and there is a bona fide, good faith dispute with respect to Defendants' obligation to pay any sum that may be alleged to be due. This defense may also apply to the claim of some or all of the class of allegedly similarly situated persons.

### NINETEENTH DEFENSE

Defendants allege that Plaintiffs are not entitled to an award of prejudgment interest if

they prevail on any or all of their stated claims. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

### TWENTIETH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiffs were engaged in activities which were preliminary or postliminary to their principal activities or incidental to them. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

### TWENTY-FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of *de minimis non curat lex*. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

### TWENTY-SECOND DEFENSE

Plaintiffs and all alleged potential class members have been paid and/or received all wages and all other compensation due to them by virtue of their employment, if any, with Defendants. All or portions of the claims set forth in the Complaint are barred because Plaintiffs consented to, encouraged, or voluntarily participated in all actions taken, if any.

### TWENTY-THIRD DEFENSE

Defendants allege that Plaintiffs lack standing to file and/or prosecute this action against Defendants and/or to receive any attorneys' fees.

### TWENTY-FOURTH DEFENSE

The Complaint, and each purported cause of action alleged therein, is barred because Plaintiffs and/or the members of the alleged putative group they purport to represent mis-

performed their respective duties and/or failed to perform the duties which KB Home realistically expected them to perform.

### TWENTY-FIFTH DEFENSE

Certain of the interests of the alleged putative group that Plaintiffs purport to represent are in conflict with the interests of all or certain sub-groups of the members of the alleged putative group.

### TWENTY-SIXTH DEFENSE

The Complaint, and each purported cause of action alleged therein, cannot proceed as a purported collective or class action because difficulties likely to be encountered render the action unmanageable.

### TWENTY-SEVENTH DEFENSE

Defendants reserve the right to assert additional defenses or claims which may become known during the course of discovery.

## VIII.
## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendants respectfully request that this Court: (a) dismiss Plaintiffs' Complaint with prejudice; (b) deny Plaintiffs' demands and prayer for relief; (c) award Defendants costs and reasonable attorney's fees incurred in defense of this action under the FLSA; and (d) grant such other and further relief as the Court deems just and proper.

        Respectfully submitted,

        /s/David B. Jordan

        David B. Jordan
        State Bar No. 24032603
        LITTLER MENDELSON
        A PROFESSIONAL CORPORATION
        1301 McKinney Street
        Suite 1900
        Houston, TX 77010-3031
        713.951.9400 (Telephone)
        713.951.9212 (Telecopier)
        djordan@littler.com

        ATTORNEY FOR DEFENDANT

**OF COUNSEL:**

Kevin S. Little
State Bar No. 24070155
LITTLER MENDELSON
A PROFESSIONAL CORPORATION
1301 McKinney Street
Suite 1900
Houston, TX 77010-3031
713.951.9400 (Telephone)
713.951.9212 (Telecopier)
djordan@littler.com
klittle@littler.com

Jennifer A. Youpa
State Bar No. 01383400

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX  75201.2931
214.880.8100 (Telephone)
214.880.0181 (Telecopier)
jyoupa@littler.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of November 2011, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing upon the counsel below:

Rhonda H. Wills  
Wills Law Firm  
1776 Yorktown, Suite 600  
Houston, TX  77056  
*Attorney for Plaintiff*

/s/David B. Jordan

Firmwide:105274553.2 047343.1125