**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| **KIP EDWARDS et al.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | **NO. 3:11-CV-00240** |
| | § | |
| **KB HOME et al.,** | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANTS' ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT

For their Original Answer and Affirmative Defenses to the Second Amended Complaint ("Complaint") of Plaintiffs Kip Edwards, et al. ("Plaintiffs"), Defendants KB Home ("KB Home"), KB Home Lone Star Inc., KB Home Sacramento Inc., KB Home Coastal Inc., KB Home South Bay Inc., KB Home Orlando LLC, KB Home Jacksonville LLC, KB Home Tampa LLC, KB Home Raleigh-Durham Inc., KB Home Charlotte Inc., KB Home South Carolina Inc., KB Home Nevada Inc., KB Home Las Vegas Inc., KB Home Maryland LLC, KB Home Virginia Inc., KB Home Colorado Inc., KB Home Phoenix Inc., KB Home Tucson Inc., KB Home Atlanta LLC, KB Home New Mexico Inc., and KB Home Illinois Inc. (collectively, " Defendants"), by counsel, state as follows:

# I.

## ANSWER

### NATURE OF ACTION

1.     Defendants admit that Plaintiffs purport to bring an action for unpaid wages under the Fair Labor Standards Act ("FLSA").   Defendants deny that Plaintiffs are entitled to any recovery, and further deny all remaining allegations contained in Paragraph 1 of the Complaint.

2.     Paragraph 2 of the Complaint contains definitions that require no response. To the extent a response is required, Defendants deny any allegations contained in Paragraph 2 of the Complaint.

3.     Defendants admit that the Court has conditionally certified a class in this case and that some class members have filed notices of consent to join this suit. Defendants deny any implication that this action consists of any persons other than those that have joined the action, and deny all remaining allegations contained in Paragraph 3 of the Complaint.

4.     Defendants deny the allegations contained in Paragraph 4 of the Complaint.

5.     Paragraph 5 contains Plaintiffs' jury demand, to which no response is required.

### JURISDICTION AND VENUE

6.     Defendants admit the allegations contained in Paragraph 6 of the Complaint.

7.     Defendants deny the allegations contained in Paragraph 7 of the Complaint.

## PARTIES

### PLAINTIFFS

8.      Defendants admit that some former salespeople employed or previously employed by Defendants have filed notices of consent to join this action.  Defendants deny all remaining allegations in Paragraph 8 of the Complaint.

9.      Defendants deny the allegations contained in Paragraph 9 of the Complaint.

10.     Defendants deny any implication that this action consists of any persons other than those that have joined the action, deny that any named or opt-in Plaintiffs to this action are similarly situated, and deny all remaining allegations contained in Paragraph 10 of the Complaint.

### DEFENDANTS

11.     Defendants admit the allegations contained in Paragraph 11 of the Complaint.

12.     Defendants admit the allegations contained in Paragraph 12 of the Complaint.

13.     Defendants admit the allegations contained in Paragraph 13 of the Complaint.

14.     Defendants admit the allegations contained in Paragraph 14 of the Complaint.

15.     Defendants admit the allegations contained in Paragraph 15 of the Complaint.

16.     Defendants admit the allegations contained in Paragraph 16 of the Complaint.

17.     Defendants admit the allegations contained in Paragraph 17 of the Complaint.

18.     Defendants admit the allegations contained in Paragraph 18 of the Complaint.

19.     Defendants admit the allegations contained in Paragraph 19 of the Complaint.

20.     Defendants admit the allegations contained in Paragraph 20 of the Complaint.

21.     Defendants admit the allegations contained in Paragraph 21 of the Complaint.

22.     Defendants admit the allegations contained in Paragraph 22 of the Complaint.

23.     Defendants admit the allegations contained in Paragraph 23 of the Complaint.

24.     Defendants admit the allegations contained in Paragraph 24 of the Complaint.

25.     Defendants admit the allegations contained in Paragraph 25 of the Complaint.

26.     Defendants admit the allegations contained in Paragraph 26 of the Complaint.

27.     Defendants admit the allegations contained in Paragraph 27 of the Complaint.

28.     Defendants admit the allegations contained in Paragraph 28 of the Complaint.

29.     Defendants admit the allegations contained in Paragraph 29 of the Complaint.

30.     Defendants admit the allegations contained in Paragraph 30 of the Complaint.

31.     Defendants admit the allegations contained in Paragraph 31 of the Complaint.

32.     Paragraph 32 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33.     Paragraph 33 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34.     Paragraph 34 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in

Paragraph 34 of the Complaint.

35.     Paragraph 35 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36.     Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37.     Defendants deny the allegations contained in Paragraph 37 of the Complaint.

**STATEMENT OF FACTS**

38.     Defendants admit that KB Home operates a homebuilding business. Defendants deny the remaining allegations contained in Paragraph 38 of the Complaint.

39.     Defendants admit that KB Home reported approximately $1.59 billion in revenues in for fiscal year 2010.  Defendants deny the remaining allegations contained in Paragraph 39 of the Complaint.

40.     Defendants admit that KB Home has numerous wholly-owned subsidiaries. Defendants deny the remaining allegations contained in Paragraph 40 of the Complaint.

41.     Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42.     Due to the materially disparate employment situations of the Plaintiffs in this case, Defendants are unable to categorically admit or deny the allegations contained in Paragraph 42 of the Complaint with regard to all Plaintiffs in this action, and accordingly deny the same.

43.     Due to the materially disparate employment situations of the Plaintiffs in this

case, Defendants are unable to categorically admit or deny the allegations contained in Paragraph 43 of the Complaint with regard to all Plaintiffs in this action, and accordingly deny the same.

44.    Defendants admit that information about properties across the country can be accessed on individual pages by utilizing a directory located at kbhome.com. Defendants deny the remaining allegations contained in Paragraph 44 of the Complaint.

45.    The allegations concerning "common stock ownership" contained in Paragraph 45 of the Complaint are vague and ambiguous, and accordingly Defendants deny the same.

46.    Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47.     The allegations concerning "common stock ownership" contained in Paragraph 45 of the Complaint are vague and ambiguous, and accordingly Defendants deny the same.

48.    The allegations contained in Paragraph 48 concerning "consolidated financial statements and/or tax returns" are vague and ambiguous, and accordingly Defendants deny the same.

49.    The allegations in Paragraph 49 that KB Home "finances" the other defendants are vague and ambiguous, and accordingly Defendants deny the same.

50.    Defendants admit the allegations contained in Paragraph 50 of the Complaint.

51.    Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52.    Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53.    Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54.    Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55.    Defendants deny the allegations contained in Paragraph 55 of the Complaint.

56.    Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57.    Defendants deny the allegations contained in Paragraph 57 of the Complaint.

58.    Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59.    Defendants admit the primary job duties included performing sales, as alleged in Paragraph 59 of the Complaint, and deny the remaining allegations in Paragraph 59 of the Complaint.

60.    Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61.    Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62.    Due to the materially disparate employment situations of the Plaintiffs in this case, Defendants are unable to categorically admit or deny the allegations contained in Paragraph 62 of the Complaint with regard to all Plaintiffs in this action, and accordingly deny the same.

63.    Due to the materially disparate employment situations of the Plaintiffs in this case, Defendants are unable to categorically admit or deny the allegations contained in Paragraph 63 of the Complaint with regard to all Plaintiffs in this action, and accordingly

deny the same.

64.     Due to the materially disparate employment situations of the Plaintiffs in this case, Defendants are unable to categorically admit or deny the allegations contained in Paragraph 64 of the Complaint with regard to all Plaintiffs in this action, and accordingly deny the same.

65.     Defendants deny the allegations contained in Paragraph 65 of the Complaint.

66.     Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67.     Defendants deny the allegations contained in Paragraph 67 of the Complaint.

68.     Defendants deny the allegations contained in Paragraph 68 of the Complaint.

69.     Defendants deny the allegations contained in Paragraph 69 of the Complaint.

70.     Defendants deny the allegations contained in Paragraph 70 of the Complaint.

71.     Defendants deny the allegations contained in Paragraph 71 of the Complaint.

72.     Defendants deny the allegations contained in Paragraph 72 of the Complaint.

73.     Defendants deny the allegations in Paragraph 73 of the Complaint.

74.     Due to the materially disparate employment situations of the Plaintiffs in this case, Defendants are unable to categorically admit or deny the remaining allegations contained in Paragraph 74 of the Complaint with regard to all Plaintiffs in this action, and accordingly deny the same.

75.     Defendants deny that Plaintiffs were not properly compensated for all work for Defendants.  Due to the materially disparate employment situations of the Plaintiffs in

this case, Defendants are unable to categorically admit or deny the remaining allegations contained in Paragraph 75 of the Complaint with regard to all Plaintiffs in this action, and accordingly deny the same.

76.     Defendants deny that Plaintiffs were not properly compensated for all work for Defendants.  Due to the materially disparate employment situations of the Plaintiffs in this case, Defendants are unable to categorically admit or deny the remaining allegations contained in Paragraph 76 of the Complaint with regard to all Plaintiffs in this action, and accordingly deny the same.

77.     Defendants deny that Plaintiffs were not properly compensated for all work for Defendants.  Due to the materially disparate employment situations of the Plaintiffs in this case, Defendants are unable to categorically admit or deny the remaining allegations contained in Paragraph 77 of the Complaint with regard to all Plaintiffs in this action, and accordingly deny the same.

78.     Due to the materially disparate employment situations of the Plaintiffs in this case, Defendants are unable to categorically admit or deny the remaining allegations contained in Paragraph 78 of the Complaint with regard to all Plaintiffs in this action, and accordingly deny the same.

79.     Defendants deny the allegations contained in Paragraph 79 of the Complaint.

80.     Due to the materially disparate employment situations of the Plaintiffs in this case, Defendants are unable to categorically admit or deny the remaining allegations

contained in Paragraph 80 of the Complaint with regard to all Plaintiffs in this action, and accordingly deny the same.

81.     Due to the materially disparate employment situations of the Plaintiffs in this case, Defendants are unable to categorically admit or deny the allegations contained in Paragraph 81 of the Complaint with regard to all Plaintiffs in this action, and accordingly deny the same.

82.     Defendants deny that Plaintiffs were not properly compensated for all work for Defendants.  Due to the materially disparate employment situations of the Plaintiffs in this case, Defendants are unable to categorically admit or deny the remaining allegations contained in Paragraph 82 of the Complaint with regard to all Plaintiffs in this action, and accordingly deny the same.

83.     Defendants deny that Plaintiffs were not properly compensated for all work for Defendants.  Due to the materially disparate employment situations of the Plaintiffs in this case, Defendants are unable to categorically admit or deny the remaining allegations contained in Paragraph 83 of the Complaint with regard to all Plaintiffs in this action, and accordingly deny the same.

84.     Defendants deny that Plaintiffs were not properly compensated for all work for Defendants.  Due to the materially disparate employment situations of the Plaintiffs in this case, Defendants are unable to categorically admit or deny the remaining allegations contained in Paragraph 84 of the Complaint with regard to all Plaintiffs in this action, and

accordingly deny the same.

85.     Defendants deny the allegations contained in Paragraph 85 of the Complaint.

86.     Due to the materially disparate employment situations of the Plaintiffs in this case, Defendants are unable to categorically admit or deny the allegations contained in Paragraph 86 of the Complaint with regard to all Plaintiffs in this action, and accordingly deny the same.

87.     Due to the materially disparate employment situations of the Plaintiffs in this case, Defendants are unable to categorically admit or deny the allegations contained in Paragraph 87 of the Complaint with regard to all Plaintiffs in this action, and accordingly deny the same.

88.     Due to the materially disparate employment situations of the Plaintiffs in this case, Defendants are unable to categorically admit or deny the allegations contained in Paragraph 88 of the Complaint with regard to all Plaintiffs in this action, and accordingly deny the same.

89.     Due to the materially disparate employment situations of the Plaintiffs in this case, Defendants are unable to categorically admit or deny the allegations contained in Paragraph 89 of the Complaint with regard to all Plaintiffs in this action, and accordingly deny the same.

90.     Defendants deny the allegations contained in Paragraph 90 of the Complaint

91.     Defendants deny the allegations contained in Paragraph 91 of the Complaint.

92.     Defendants deny the allegations contained in Paragraph 92 of the Complaint.

93.     Defendants deny the allegations contained in Paragraph 93 of the Complaint.

94.     Defendants deny the allegations contained in Paragraph 94 of the Complaint.

95.     Due to the materially disparate employment situations of the Plaintiffs in this case, Defendants are unable to categorically admit or deny the remaining allegations contained in Paragraph 95 of the Complaint with regard to all Plaintiffs in this action, and accordingly deny the same.

96.     The allegation in Paragraph 96 of the Complaint is vague and ambiguous as to "subject to complaints,", "salespersons" and to which "Defendants" it refers, and therefore Defendants deny this allegation.

97.     The allegation in Paragraph 97 of the Complaint is vague and ambiguous as to "received complaints,", "salespersons" and to which "Defendants" it refers, and therefore Defendants deny this allegation.

98.     Defendants deny the allegations contained in Paragraph 98 of the Complaint.

99.     Defendants deny the allegations contained in Paragraph 99 of the Complaint.

100.    Defendants deny the allegations contained in Paragraph 100 of the Complaint.

101.    Defendants deny the allegations contained in Paragraph 101 of the Complaint.

102.    Defendants deny the allegations contained in Paragraph 102 of the

Complaint.

103. Defendants deny the allegations contained in Paragraph 103 of the Complaint.

104. Defendants deny the allegations contained in Paragraph 104 of the Complaint.

105. Defendants deny the allegations contained in Paragraph 105 of the Complaint.

## JOINT EMPLOYER ALLEGATIONS

106. Each and every answer contained in the foregoing paragraphs is incorporated as if fully included herein.

107. Defendants deny the allegations contained in Paragraph 107 of the Complaint.

108. Defendants deny the allegations contained in Paragraph 108 of the Complaint.

109. Defendants admit that KB Home provides payroll processing services to its subsidiaries. Defendants deny the remaining allegations contained in Paragraph 109 of the Complaint.

110. Defendants admit that KB Home provides payroll processing services to its subsidiaries. Defendants deny the remaining allegations contained in Paragraph 110 of the Complaint.

111.   Defendants deny KB Home employed Plaintiffs, but admit it issued W-2s, and deny any remaining allegations contained in Paragraph 111 of the Complaint.

112.   Defendants deny that the allegations contained in Paragraph 112 and all subparts thereto demonstrate that KB Home was Plaintiffs' employer, and further deny that KB Home employed Plaintiffs.   Defendants admit that KB Home maintains the salespersons' personnel files and assists its subsidiaries with training and policy development.   Defendants deny all remaining allegations in Paragraph 112 and all subparts thereto.

113.   Defendants admit that Exhibit A to the Complaint lists Plaintiffs' particular employers.   Defendants deny all remaining allegations in Paragraph 113 of the Complaint.

## COLLECTIVE ACTION ALLEGATIONS

114.   Each and every answer contained in the foregoing paragraphs is incorporated as if included fully herein.

115.   Defendants admit that Plaintiffs have asserted collective claims under the FLSA.  Defendants deny that Plaintiffs are entitled to any recovery, and further deny all remaining allegations contained in Paragraph 115 of the Complaint.

116.   Defendants deny the allegations contained in Paragraph 116 of the Complaint.

117.   Defendants deny any implication that this action consists of any persons

other than those that have joined the action, and further deny all remaining allegations contained in Paragraph 117 of the Complaint.

118.   Defendants admit the allegations contained in Paragraph 118 of the Complaint.

119.   Defendants admit that Plaintiffs have asserted claims under the FLSA. Defendants deny that Plaintiffs are entitled to any recovery, and further deny all remaining allegations contained in Paragraph 119 of the Complaint.

120.   Defendants deny the allegations contained in Paragraph 120 of the Complaint.

121.   Defendants deny the allegations contained in Paragraph 121 of the Complaint.

122.   Paragraph 122 purports to incorporate the Plaintiffs' notices of consent and requires no response.   To the extent a response is required, Defendants deny the allegations contained in Paragraph 122 of the Complaint.

## COUNT I: VIOLATIONS OF THE FLSA

123.   Each and every answer contained in the foregoing paragraphs is incorporated as if included fully herein.

124.   Defendants deny the allegations contained in Paragraph 124 of the Complaint.

125.   Due to the materially disparate employment situations of the Plaintiffs in this

case, Defendants are unable to categorically admit or deny the remaining allegations contained in Paragraph 125 of the Complaint with regard to all Plaintiffs in this action, and accordingly deny the same.

126.   Due to the materially disparate employment situations of the Plaintiffs in this case, Defendants are unable to categorically admit or deny the remaining allegations contained in Paragraph 126 of the Complaint with regard to all Plaintiffs in this action, and accordingly deny the same.

127.   Defendants deny the allegations contained in Paragraph 127 of the Complaint.

128.   Paragraph 128 of the Complaint calls for a legal conclusion, and therefore Defendants deny the same.

129.   Defendants deny the allegations contained in Paragraph 129 of the Complaint.

130.   Defendants deny the allegations contained in Paragraph 130 of the Complaint.

131.   Defendants deny the allegations contained in Paragraph 131 of the Complaint.

132.   Defendants deny the allegations contained in Paragraph 132 of the Complaint.

133.   Defendants deny the allegations contained in Paragraph 133 of the

Complaint.

134.   Defendants deny the allegations contained in Paragraph 134 of the Complaint.

135.   Defendants deny the allegations contained in Paragraph 135 of the Complaint.

136.   Defendants deny the allegations contained in Paragraph 136 of the Complaint.

137.   Defendants deny the allegations contained in Paragraph 137 of the Complaint.

## DEMAND FOR TRIAL BY JURY

138.   Paragraph 138 contains Plaintiffs' jury demand and requires no response.

## PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to any relief sought in their Prayer.

Defendants deny any allegations not specifically admitted herein.

## II.
## STATEMENT OF AFFIRMATIVE AND OTHER DEFENSES

## FIRST DEFENSE

Plaintiffs have failed to state a claim upon which relief can be granted.  This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

## SECOND DEFENSE

To the extent liability, affirmative defenses and/or damages, if any, to each member of the alleged group Plaintiffs purport to represent are not determined by a single jury or is determined on a group-wide basis, permitting this action to proceed as a collective or class action violates Defendants' rights under the Fifth, Seventh, Eighth and Fourteenth Amendments to the United States Constitution.

## THIRD DEFENSE

To the extent that the relevant period of time alluded to in Plaintiffs' Complaint, or any period of time alleged later in this action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a), such claims of Plaintiffs are barred.  This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

## FOURTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because actions taken in connection with Plaintiffs' compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor, including, but not limited to, certain

Department of Labor opinion letters addressing the issues raised by Plaintiffs.  This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

## FIFTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA, including, but not limited to, reliance upon certain Department of Labor opinion letters addressing the issues raised by Plaintiffs.  This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

## SIXTH DEFENSE

Plaintiffs were paid in conformity with the requirements set forth in the FLSA, because Plaintiffs' work was not covered by the minimum and overtime wage requirements of the FLSA.  Specifically, Plaintiffs' claims are barred because the work they performed falls within exemptions, exclusions, exceptions, or credits provided for in the FLSA, including, but not limited to, the outside sales, the administrative, the highly compensated and the 7i exemptions under the FLSA. This defense may also apply to the claims of some or all of the putative collective action members or of allegedly similarly situated persons.

## SEVENTH DEFENSE

Defendants at all times acted in good faith to comply with the FLSA and with reasonable grounds to believe that their actions did not violate the FLSA, including, but not limited to, reliance upon certain Department of Labor opinion letters addressing the issues raised by Plaintiffs, and Defendants assert a lack of willfulness or intent to violate the FLSA as a defense to any claim by Plaintiffs for liquidated damages.  This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

## EIGHTH DEFENSE

The entire collective action complaint seeking class-wide relief must be dismissed, as there is no appropriate class representative.

## NINTH DEFENSE

This case may not be maintained as a collective action because the named Plaintiffs are not similarly situated to or otherwise an adequate representative for the persons whom they purport to represent and, thus, cannot satisfy the requirements under 29 U.S.C. § 216.

## TENTH DEFENSE

There are no employees of Defendants who are similarly situated to Plaintiffs, as that term is defined and/or interpreted under the FLSA, 29 U.S.C. § 216(b).

## ELEVENTH DEFENSE

Plaintiffs' claims are barred to the extent Plaintiffs failed, refused, and/or neglected to mitigate or avoid the damages complained of in Plaintiffs' Complaint, if any.  For example, in part, Plaintiffs' actions, or inactions, associated with their job responsibilities, as alleged, are inconsistent with their obligations to Defendants, and therefore Plaintiffs stood in a position to avoid the damages associated with the claims alleged herein.  Moreover, Plaintiffs stood in a position to raise and/or complain about the issue with Defendants as part of Defendants' complaint mechanism at the time of the alleged violation, and therefor avoidable consequences excuse the Defendants' liability.  This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

## TWELFTH DEFENSE

To the extent applicable, Plaintiffs' claims are barred by the equitable doctrines of waiver, estoppel, unclean hands, and/or laches.  For example, in part, Plaintiffs' actions, or inactions, associated with their job responsibilities, as alleged, are inconsistent with their obligations to Defendants, and therefore Plaintiffs' conduct bars them from recovering for the claims alleged herein.  This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

## THIRTEENTH DEFENSE

Even assuming, *arguendo*, that Defendants had in fact failed to pay individuals for any of the activities alleged in Plaintiffs' Complaint (which they did not), such activities do not constitute compensable work under the FLSA, and furthermore, such activities were not an integral and indispensable part of Plaintiffs' principal activities of employment and are not compensable.   For example, Plaintiffs allege they should be compensated for time that preceded and followed their starting and stopping times each day, despite such time not constituting compensable work.   This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

## FOURTEENTH DEFENSE

Plaintiffs and/or the putative collective plaintiffs were compensated at all times in accordance with applicable FLSA requirements.

## FIFTEENTH DEFENSE

Plaintiffs are not entitled to equitable relief insofar as they had an adequate remedy at law.   This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

## SIXTEENTH DEFENSE

Plaintiffs' alleged injuries were not proximately caused by any unlawful policy, custom, practice and/or procedure promulgated and/or tolerated by Defendants.   This defense may also apply to the claim of some or all of the class of

allegedly similarly situated persons.

## SEVENTEENTH DEFENSE

Assuming, *arguendo*, that Defendants violated any provision of the FLSA (which they did not), such violation was not pursuant to a uniform policy or plan. This defense may also apply to the claim of some or all of the class of allegedly similarly situated persons.

## EIGHTEENTH DEFENSE

Defendants allege that they have not willfully failed to pay Plaintiffs any wages and/or other monies claimed due, and there is a bona fide, good faith dispute with respect to Defendants' obligation to pay any sum that may be alleged to be due.  This defense may also apply to the claim of some or all of the class of allegedly similarly situated persons.

## NINETEENTH DEFENSE

Defendants allege that Plaintiffs are not entitled to an award of prejudgment interest if they prevail on any or all of their stated claims.  This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

## TWENTIETH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which

Plaintiffs were engaged in activities which were preliminary or postliminary to their principal activities or incidental to them. For example, Plaintiffs allege they should be compensated for time that preceded and followed their starting and stopping times each day, despite such time not constituting compensable work. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of *de minimis non curat lex*. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

## TWENTY-SECOND DEFENSE

Plaintiffs and all alleged potential class members have been paid and/or received all wages and all other compensation due to them by virtue of their employment, if any, with Defendants. All or portions of the claims set forth in the Complaint are barred because Plaintiffs consented to, encouraged, or voluntarily participated in all actions taken, if any.

## TWENTY-THIRD DEFENSE

Defendants allege that Plaintiffs lack standing to file and/or prosecute this action and/or to receive any attorneys' fees on behalf of themselves, or others that are not similarly situated, are not a party to this action, or are not employed by

Defendants, against Defendants.

## TWENTY-FOURTH DEFENSE

The Complaint, and each purported cause of action alleged therein, is barred because Plaintiffs and/or the members of the alleged putative group they purport to represent mis-performed their respective duties and/or failed to perform the duties which Defendants realistically expected them to perform.

## TWENTY-FIFTH DEFENSE

Certain of the interests of the alleged putative group that Plaintiffs purport to represent are in conflict with the interests of all or certain sub-groups of the members of the alleged putative group.

## TWENTY-SIXTH DEFENSE

The Complaint, and each purported cause of action alleged therein, cannot proceed as a purported collective or class action because difficulties likely to be encountered render the action unmanageable.

## TWENTY-SEVENTH DEFENSE

Defendants reserve the right to assert additional defenses or claims which may become known during the course of discovery.

## III.
## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendants respectfully request

that this Court: (a) dismiss Plaintiffs' Complaint with prejudice; (b) deny Plaintiffs' demands and prayer for relief; (c) award Defendants costs and reasonable attorney's fees incurred in defense of this action under the FLSA; and (d) grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/David B. Jordan*

**David B. Jordan**
Texas Bar No. 24032603
Fed. ID No. 40416
**LITTLER MENDELSON, P.C.**
1301 McKinney Street
Suite 1900
Houston, TX  77010
713.951.9400 (Telephone)
713.951.9212 (Facsimile)
djordan@littler.com

Of Counsel:

**Jennifer A. Youpa**
Texas Bar No. 01383400
Fed. ID No. 19932
**Kimberly Rives Miers**
Texas Bar No. 24041482
Fed. ID No. 674452
**LITTLER MENDELSON, P.C.**
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201
214.880.8100 (Telephone)
214.880.0181 (Facsimile)
jyoupa@littler.com
kmiers@littler.com

**ATTORNEYS FOR DEFENDANTS**

**Kevin Little**
Texas Bar No. 24070155
Fed. ID No. 1138412
**LITTLER MENDELSON, P.C.**
1301 McKinney Street
Suite 1900
Houston, TX  77010
713.951.9400 (Telephone)
713.951.9212 (Facsimile)
klittle@littler.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 29thth day of November 2013, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Rhonda H. Wills
WILLS LAW FIRM, PLLC
1776 Yorktown, Suite 570
Houston, TX  77056

John M. Padilla
PADILLA, RODRIGUEZ, & DE LA GARZA, LLP
1776 Yorktown, Suite 110
Houston, TX 77056

**Attorneys for Plaintiffs**

*/s/David B. Jordan*
David B. Jordan