# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| KIP EDWARDS, ET AL., on behalf of themselves and all others similarly situated, | § § § § | |
| | § | Civil Action No.  3:11-cv-240 |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | COLLECTIVE ACTION |
| KB HOME, | § | (JURY TRIAL) |
| | § | |
| Defendant. | | |

## NOTICE OF DEPOSITION PURSUANT TO FEDERAL RULE 30(b)(6) RELATING TO FLSA "WILLFULNESS" AND "GOOD FAITH" TOPICS

PLEASE TAKE NOTICE, that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs, by and through their counsel, will take the deposition of Deanna Schmitt and Tom Norton, the designated corporate representatives of Defendant KB Home ("KB Home" or "Defendant").  These depositions will cover the matters and topics set forth in this Notice.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, KB Home has designated Deanna Schmitt and Tom Norton to testify on KB Home's behalf on **July 1, 2015 at 10:00 a.m.** and **1:00 p.m.**, respectively, and continuing from day to day until completed at the offices of LITTLER MENDELSON P.C., 2049 Century Park East, 5th Floor, Los Angeles, California 90067.  Deanna Schmitt will testify to topic 28 of the topics contained herein, and Tom Norton will testify to topics 1-23 and 29 contained herein.

These depositions will be taken for the purposes of discovery, to perpetuate the testimony of the witnesses designated on the "Topics for Testimony" identified below and for all other purposes permitted by the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

## DEFINITIONS

a.     "Person" means the plural as well as the singular and includes any natural person and any firm, corporation, association, partnership, proprietorship, association, governmental body, or other organization or form of legal entity unless the context indicates otherwise.

b.     The terms "you," "your," "Defendants," or "Meritage" as used herein shall mean Defendants Meritage Homes Corporation and Meritage Homes of Texas, LLC (one or both them), as well as any affiliates, subsidiaries, employees, associates, servants, agents, contractors, representatives, investigators and all other persons acting or purporting to act on behalf of Meritage including an attorney or other representative.

c.     The term "Plaintiffs" as used herein shall mean the Plaintiffs in this matter.

d.     The term "minimum wages" shall mean the prevailing federal minimum hourly wage.

e.     The term "overtime" shall mean any hours worked during a single work week in excess of 40 hours.

f.     The term "overtime compensation" shall mean 1 ½ times the regular rate of pay.

g.     The term "FLSA" shall mean the Fair Labor Standards Act.

h.     The phrases "matters made the basis of this lawsuit," "incidents in question," "incidents made the basis of this lawsuit," "incidents forming the basis of this lawsuit," or "occurrence in question" as used herein shall mean all claims and causes of action as more specifically set forth in Plaintiffs' complaint, including any amendments thereto.

i.     "The workplace" shall mean any place where "your employees" conduct work on your behalf throughout the United States.

j.     The terms "salesperson" and "salespersons" shall comport with the class definition as ordered by the Court in certifying this matter as a collective action pursuant to the FLSA.

**TOPICS FOR TESTIMONY**

1.  KB Home's deliberation in making its determination that the salesperson position is considered "exempt" under the FLSA.

2.  KB Home's deliberation in making its determination that the salesperson position has at any time been considered "non-exempt" under the FLSA.

3.  All analysis performed by KB Home or its attorneys (both in-house and external) preceding and with respect to its determination that the salesperson position is/was classified as "exempt" under the FLSA.

4.  All analysis performed by KB Home or its attorneys (both in-house and external) with respect to the reclassification of salespersons under the FLSA at any time.

5.  KB Home's purpose, motive or reason for classifying the salesperson position as exempt under the FLSA.

6.  KB Home's purpose, motive or reason for re-classifying its salespersons position under the FLSA at any time.

7.  All communications both within KB Home and between KB Home and its attorney(s) (both in-house and external) relating to your determination that the salesperson position is/was considered "exempt" under the FLSA.

8.  All communications both within KB Home and between KB Home and its attorney(s) (both in-house and external) relating to your consideration of the job duties and responsibilities of salespersons in making a determination that the salesperson position would be classified as "exempt" under the FLSA.

9.  All communications both within KB Home and between KB Home and the Department of Labor relating to your classification of the salesperson position under the FLSA.

10. All communications both within KB Home and between KB Home and the Department of Labor regarding any allegation of failure to pay overtime and/or minimum wages to KB Home workers.

11. All communications both within KB Home and between KB Home and its attorney(s) (both in-house and external) relating to any and all FLSA exemptions that you claim are applicable to salespersons.

12. All materials and authorities actually relied upon by KB Home in determining that the salesperson position was properly treated as "exempt", including in connection with any analysis of the job duties and responsibilities of the position, performance of the duties of the position, hours relating thereto and pay practices applicable to that position, as well as the

Page 3 of 6

identification of all persons involved in the foregoing research or evaluation and the date on which such materials were initially reviewed by and relied upon by each person.

13. Any and all complaints (whether expressed in hard copy, electronic form or orally) by KB Home workers (whether deemed employees or independent contractors) with respect to KB Home's determination that the salesperson position was deemed "exempt" under the FLSA.

14. Identification of all lawsuits and/or claims with the Department of Labor that have been filed by any salesperson relating to unpaid overtime and/or misclassification under the FLSA.

15. All terms of the settlement and identification of the parties of any lawsuit or claim made against KB Home by any salesperson alleging failure to pay overtime wages and/or minimum wages.

16. All terms of the settlement and identification of the parties of any lawsuit or claim made against KB Home by any salesperson alleging misclassification under the FLSA and/or any state wage and hour law.

17. All terms of the settlement and identification of the parties of any lawsuit or claim made against KB Home by any salesperson challenging the salesperson's classification at "exempt" under the FLSA and/or any state wage and hour law.

18. All evaluations performed and all discussions had (both within KB Home and between KB Home and its attorney(s) whether internal or external) regarding KB Home's decision to settle any lawsuit or claim made against KB Home by any salesperson alleging failure to pay overtime wages and/or minimum wages.

19. All evaluations performed and all discussions had (both within KB Home and between KB Home and its attorney(s) whether internal or external) regarding any lawsuit or claim made against KB Home by any salesperson alleging misclassification under the FLSA and/or any state wage and hour law.

20. All evaluations performed and all discussions had (both within KB Home and between KB Home and its attorney(s) whether internal or external) regarding any lawsuit or claim made against KB Home by any salesperson challenging the salesperson's classification at "exempt" under the FLSA and/or any state wage and hour law.

21. All legal and factual research conducted by KB Home or its attorneys (whether internal or external) in any lawsuit or claim against KB Home by any salesperson alleging failure to pay overtime wages and/or minimum wages.

22. All legal and factual research conducted by KB Home or its attorneys (whether internal or external) in any lawsuit or claim against KB Home by any salesperson alleging misclassification under the FLSA and/or any state wage and hour law.

23.  All legal and factual research conducted by KB Home or its attorneys (whether internal or external) in any lawsuit or claim against KB Home by any salesperson challenging the salesperson's classification as "exempt" under the FLSA and/or any state wage and hour law.

24.  All correspondence between KB Home and its attorneys (whether internal or external), as well as all legal opinions to KB Home from its attorneys (whether internal or external) involving any claim alleging misclassification of a salesperson.

25.  All correspondence between KB Home and its attorneys (whether internal or external), as well as all legal opinions to KB Home from its attorneys (whether internal or external) involving any claim alleging failure to pay overtime and/or minimum wages to a salesperson.

26.  All correspondence between KB Home and its attorneys (whether internal or external), as well as all legal opinions to KB Home from its attorneys (whether internal or external) involving any claim by a salesperson alleging wage and hour violations.

27.  All correspondence between KB Home and its attorneys (whether internal or external), as well as all legal opinions to KB Home from its attorneys (whether internal or external) relating to any claim by any salesperson challenging the salesperson's classification as "exempt" under the FLSA.

28.  Whether or not wage and hour posters were posted in all KB Home sales offices and what KB Home did to verify that such posters were posted.

29.  All FLSA audits, evaluations, surveys, reports or analysis performed by KB Home (whether internally or externally) relating to salespersons, including but not limited to the job duties of salespersons, the exemptions applicable to salespersons, the compensation paid to salespersons, the hours worked by salespersons, alleged FLSA violations by salespersons and/or the FLSA classification of salespersons.

Respectfully submitted,

*/s/ Rhonda H. Wills*
Rhonda H. Wills
Attorney-in-Charge
State Bar No. 00791943
Southern District I.D. No. 20699
WILLS LAW FIRM, PLLC
1776 Yorktown, Suite 570
Houston, Texas  77056
Telephone: (713) 528-4455
Facsimile: (713) 528-2047

**ATTORNEY FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing was served on the following counsel of record via regular U.S. Mail and email (courtesy copy) on **June 19, 2015** to the following:

David B. Jordan
Kim Rives Miers
LITTLER MENDELSON P.C.
1301 McKinney Street
Suite 1900
Houston, Texas  77010

**ATTORNEYS FOR DEFENDANTS**

*/s/ Rhonda H. Wills*
Rhonda H. Wills