IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| KIP EDWARDS, ET AL., on behalf of themselves and all others similarly situated, | § § § § | Civil Action No. 3:11-cv-240 |
| Plaintiffs, | § § | |
| v. | § § | COLLECTIVE ACTION (JURY TRIAL) |
| KB HOME, ET AL | § § | |
| Defendants. | § § | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION
FOR PROTECTIVE ORDER REGARDING THE DEPOSITION OF
THEIR CORPORATE REPRESENTATIVE RELATING TO THEIR
"GOOD FAITH" AFFIRMATIVE DEFENSE**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiffs file their Response to Defendants' Motion for Protective Order Regarding the Deposition of Their Corporate Representative Relating to Their "Good Faith" Affirmative Defense, and would show as follows:

### I.   INTRODUCTION

Defendants have filed a Motion for a Protective Order under Federal Rule of Civil Procedure 26(c) to prohibit Plaintiffs from discovery of KB Home's attorney-client communications and work-product information regarding its decision to classify Plaintiffs as exempt from the Fair Labor Standards Act ("FLSA" or "Act")

overtime requirements under the outside salesperson exemption. KB Home contends that the privileges apply because its good faith defense does not rely on legal advice, but rather on administrative authority.[1,2] KB Home's argument is legally without merit and should be rejected.

The attorney-client privilege is not sacrosanct, and federal courts, including the Fifth Circuit and this District, have long held that where a party "insert[s] its understanding of the law as a basis for the reasonableness of its actions … the attorney-client privilege has been waived with respect to those topics." *Apex Mun. Fund v. N-Group Securities*, 841 F.Supp. 1423, 1425 (S.D. Tex. Oct. 28, 1993) (citing *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991)), *cert. denied*, 502 U.S. 813 (1991); *Conkling v. Turner*, 883 F.2d 431, 434 (5th Cir. 1989).

KB Home has necessarily and affirmatively put its subjective understanding of the law at issue in this case by pleading its good faith defense. *Brantley v. Inspectorate America Corp.*, 821 F. Supp. 2d 879, 895 (S.D. Tex. 201); *Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 469 (5th Cir. 1979). Accordingly, principles of fundamental fairness require that KB Home disclose *all* of the information in its possession which is relevant to its defense –whether good or bad

---

[1] KB Home Motion for Protective Order, p. 2.
[2] KB Home also argues that Plaintiffs' topics for examination of Defendants' corporate representative are overbroad. This argument is derivative of KB Home's contention that Plaintiffs' are prohibited from discovery of Defendants' attorney-client communications and work-product information regarding its decision to classify Plaintiffs as exempt from the FLSA.

and *whether relied upon or not*.

KB Home does not deny that it was advised by counsel concerning the legal requirements imposed by the FLSA.[3] In fact, Defendants objected to Plaintiffs' discovery requesting that KB Home state the factual basis for its affirmative defense of good faith, stating:

> Defendant objects to this interrogatory as improper because it seeks a legal opinion, seeks to invade Defendant's counsel's thought process and strategy, and to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine…

Exhibit A, Defendant's Objections and Answers to Plaintiff Jadrian Mitchell's First Set of Interrogatories, No. 15. *See also* Exhibit B, Defendant's Objections and Responses to Plaintiffs' First Requests for Production (refusing to produce responsive documents to the majority of Plaintiffs' requests, stating the request "seeks information protected by the attorney-client privilege and/or work product doctrine.").

KB Home perhaps ignored its counsel's advice or misled its own counsel into endorsing Defendants' decision in classifying its salespersons as exempt. In either of those instances, Defendants could not carry their burden of showing both subjective good faith and objective reasonableness. *Barnard v. Intertek USA, Inc.*,

---

[3] KB Home is very ambiguous on this issue, continuously asserting in its Motion that Plaintiffs are not entitled to discover what "if any" communications KB Home had with its attorneys regarding the classification of salespersons as exempt under the FLSA. *See* KB Home Motion for Protective Order, p. 2. Of course, if Defendants did not consult a legal professional, it would undermine Defendants' claim that they acted with due diligence in ascertaining what their legal obligations were under the FLSA. KB Home cannot have it both ways.

2012 WL 3929838, at *8 (S.D. Tex. Aug. 2, 2012). Yet, Defendants seek to prevent disclosure of any such communications and information by merely asserting that KB Home did not rely on the advice of counsel in reaching its decision. If KB Home was advised by counsel that the exemption was not available to it, what would be better evidence of bad faith than Defendants choosing to not rely on that advice? Similarly, if KB Home was advised that it could only rely on the exemption in a particular set of circumstances, knowing that its circumstances were different, then Defendants' conduct is clearly not in good faith.

Plaintiffs are entitled to test the merits of Defendants' defense and for the reasons more fully explained below, this Honorable Court should deny KB Home's Motion for a Protective Order.[4]

## II. ARGUMENT AND AUTHORITIES

### A. The Good Faith Defense

An employer bears a "substantial burden" in establishing good faith and reasonable grounds for its belief that it was in compliance with the FLSA. *Stokes v. BWXT Pantex, LLC*, 424 Fed. App'x. 324, 326 (5th Cir. 2011) (citing *Bernard v. IBP, Inc. of Neb.*, 154 F.3d 259, 267 (5th Cir. 1998)). Good faith requires a

---

[4] A party resisting discovery must show "good cause" for the issuance of a protective order. *Landry v. Air Line Pilots Assn.*, 901 F.2d 404, 435 (5th Cir. 1990). "The burden is upon the [moving party] to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *United States v. Garrett*, 571 F.2d 1323, 1326 n. 3 (5th Cir. 1978). "Good cause" exists when justice requires the protection of "a party or person from any annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c); *Landry*, 901 F.2d at 435.

subjective showing by the employer that it "had an honest intention to ascertain what the Act requires and to act in accordance with it." *Brantley*, 821 F. Supp.2d at 895; *see also Barcellona*, 597 F.2d at 469 ("good faith requires some duty to investigate potential liability under the FLSA.").

Good faith requires that the employer have "honesty of intention and no knowledge of circumstances which ought to put him upon inquiry." 29 C.F.R. § 790.15(a). It is not intended that the good faith defense apply where an employer had knowledge of conflicting rules and chose to act in accordance with the one most favorable to him. *Id*. Good faith will not exist where the employer had knowledge of circumstances which should have put him on notice of any contrary authority. *Id*. An employer who acts in reliance on an administrative ruling will have acted in good faith so long as the ruling remained unrevoked and the employer had no notice of any facts or circumstances which would lead a reasonably prudent employer to make further inquiry as to whether its employees came within the Act's provisions. *Id*. In other words, the reasonableness of an employer's conduct with respect to a potential FLSA violation is evaluated as an objective standard, but based on the information reasonably available to it. *Brock v. El Paso Natural Gas Co.*, 826 F.2d 369, 371 (5th Cir. 1987); *Brantley*, 821 F. Supp.2d, at 895.

It is therefore clear that in order to establish good faith and a reasonable basis for its conduct, KB Home must disclose *all* of the information in its possession which

is relevant to its defense and Plaintiffs must be afforded an opportunity to depose Defendants' corporate representative *fully* on the defense. As the case law below makes clear, KB Home cannot raise this defense, which has as an element information which is otherwise privileged, but simultaneously refuse to divulge that privileged information in order to thwart Plaintiffs' ability to tests the merits of the defense.

**B.     By asserting a good faith defense, KB Home has waived any work product and attorney-client privilege since the material goes to the heart of the defense.**

   **i.     For the last 40 years, federal courts have held that by pleading "good faith," a defendant waives the attorney-client privilege for communications relating to that defense.**

Federal courts have long held that by pleading the affirmative defense of "good faith," a defendant waives the attorney-client privilege for communications relating to that defense, regardless of whether defendant actually raised an "advice of counsel" defense. *Hearn v. Rhay*, 68 F.R.D. 574, 581 (E.D. Wash. 1975). *Hearn* involved an action brought under 42 U.S.C. § 1983 in which the defendants raised the defense of "good faith immunity." *Id*. at 580. Although, under current law the determination of whether a defendant is entitled to qualified immunity in a civil rights action is based upon an objective view of the applicable law,[5] that was not so in 1975. Rather, at that time, the defendant's subjective understanding of the state

---

[5] *See Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

of the law was an element of defense. *Id*. 578. The plaintiff in *Hearn* contended that by pleading this defense, the defendants had necessarily placed their state of mind at issue, and that any legal advice given to them by the Washington Attorney General was relevant to that state of mind. *Id*. 580. After reviewing other cases where courts held that a privilege was waived by pleading a particular claim or defense, the Court noted that

> All of these established exceptions to the rules of privilege have a common denominator; in each instance, the party asserting the privilege placed information protected by it in issue through some affirmative act for his own benefit, and to allow the privilege to protect against disclosure of such information would have been manifestly unfair to the opposing party.

*Id*. at 581. The Court found that the assertion of an affirmative defense containing a subjective good faith element constituted a waiver of the attorney-client privilege. The Court found it irrelevant whether the defendants actually raised an "advice of counsel" defense, and implied the waiver from the fact that they raised a defense which depended in part upon what advice their counsel had given them. *Id*. at 581, n. 5.

Similarly, in *United States v. Bilzerian*, the Second Circuit held that where a party pleads that it "thought [its] actions were legal," it puts its own "knowledge of the law and the basis for … [its] understanding of what the law required in issue," including "conversations with counsel." 926 F.2d at 1292, *cert. denied*, 502 U.S. 813 (1991). In *Bilzerian,* a defendant sought to use good faith as a defense to

securities fraud charges, while also claiming that his conversations with counsel were privileged. Defendant argued that there was no waiver because "the testimony he sought to introduce regarding his good faith … would not have disclosed the content or even the existence of any privileged communications or asserts a reliance of counsel advice." *Id*. at 1291. The Second Circuit disagreed, holding that the privilege normally protecting attorney-client communications regarding the relevant issue "may implicitly be waived when defendant asserts a claim that in fairness requires examination of protected communications." *Id.* Even though the defendant claimed his belief was "personal" rather than one based on the advice of counsel, the Court explained that his "conversations with counsel regarding the legality of his schemes would have been directly relevant in determining the extent of his knowledge and, as a result, his intent." *Id*.

The Circuit Courts that have addressed this issue are in harmony with the Second Circuit. *See e.g., Cox v. Administrator U.S. Steel & Carnegie*, 17 F.3d 1386, 1418 (11th Cir. 1994) (once defendant injects defense that it intended to comply with law and acted in accord with its knowledge of the law, it waives attorney-client privileges); *Lambright v. Ryan*, 698 F.3d 808, 818-19 (9th Cir. 2012) (where "the Ninth Circuit revisited the 'in fairness' implied waiver doctrine," and held that in the

Ninth Circuit it is the assertion of a claim, not reliance on any privileged communication, that creates a "in fairness" waiver).[6, 7]

> ### ii. The Fifth Circuit and this District have held that where a party inserts its understanding of the law as a basis for the reasonableness of its actions the attorney-client privilege has been waived with respect to those topics.

Since *Hearn v. Rhay*, as explained by the Fifth Circuit, "the great weight of authority holds that the attorney-client privilege is waived when a litigant 'place[s] information protected by it in issue through some affirmative act for his own benefit, and to allow the privilege to protect against disclosure of such information would be manifestly unfair to the opposing party.'"[8] *Conkling*, 883 F.2d at 434 (citing *Hearn*, 68 F.R.D. at 581); *see also Willy v. Administrative Review Bd.*, 423 F.3d 483, 497

---

[6] Federal district courts across the country have reached a similar holding, and following is only *a sampling* of such cases: *Arista Records LLC v. Lime Group LLC*, 2011 WL 1642434, at *3 (S.D.N.Y. Apr. 20, 2011) ("Defendants' assertion that *Bilzerian* does not apply because they may not be relying on advice of counsel for their good faith defense misreads the law."); *Agresta v. Goode*, 1993 WL 40306 (E.D. Penn. Feb. 16, 1993) ("I conclude that defendants, by asserting a good faith immunity defense and thus putting the protected information into issue, have waived their right to assert the attorney-client privilege."); *Regents of University of California v. Micro Therapeutics, Inc.*, 2007 WL 2069946 (N.D. Cal. July 13, 2007) ("[T]o access the validity of the affirmative defense of good faith … inquiry into communications that would otherwise be privileged may be required."); *Twigg v. Pilgrims Pride Corp.*, 2007 WL 676208 (N.D. W. V. March 1, 2007) ("By asserting the good faith defense provide by the FMLA, Defendant waived any work product protection and attorney client privilege it had regarding its good faith compliance with the FMLA since the material goes to the heart of the defense."); *In re G-I Holdings Inc.*, 218 F.R.D. 428, 433 (D. N.J. 2003) (finding implied waiver of attorney-client privilege where defendants defended their actions as based on a "reasonable basis" and "good faith," when the decision-making included consulting an attorney.); *United States v. Exxon Corp.*, 94 F.R.D. 246, 249 (D.D.C. 1981) ("[T]he only way to assess the validity of Exxon's affirmative defense, voluntarily injected into this dispute, is to investigate attorney-client communications.");

[7] Professor Rice, in his treatise, Attorney-Client Privilege in the United States, makes a similar point: "The most common situation in which courts have found waiver is where the client claims that he acted on the 'good faith' belief that his conduct was reasonable and legal." Paul R. Rice, 2 Attorney-Client Privilege in the United States, sec. 9:53, at 434 (2013-14 ed. 2013).

[8] In its Motion, KB Home relies on this very quote from the Fifth Circuit's decision in *Conkling*. KB Home Motion for Protective Order, p. 12. KB Home, however, fails to appreciate the Fifth Circuit's reliance on *Hearn* for the proposition.

(5th Cir. 2005) (explaining that under the doctrine of implied waiver, when a party entitled to claim the attorney-client privilege uses confidential information against his adversary (the sword), he implicitly waives its use protectively (the shield) under that privilege) (citing *Bilzerian*, 926 F.2d at 1292).

Relying on the Second Circuit's decision in *Bilzerian*, this District has likewise held that where a party "insert[s] its understanding of the law as a basis for the reasonableness of its actions … the attorney-client privilege has been waived with respect to those topics." *Apex Mun. Fund v. N-Group Securities*, 841 F.Supp. 1423, 1425 (S.D. Tex. Oct. 28, 1993) (citing, among others, *Bilzerian*, 926 F.2d at 1292). In *Apex Mun. Fund*, plaintiffs sued Keck, Mahin & Cate ("KMC"), who acted as legal counsel for Drexel, Burnham & Lambert, Inc. ("DBL"), alleging that KMC made misrepresentations and material omissions in public offering statements. Although for the most part KMC asserted defenses unrelated to privileged information, defendant also raised its reliance on its interpretation of the law as a defense to certain claims. *Id*. at 1431. KMC argued it lacked the culpable state of mind necessary to commit the fraud alleged against it. *Id*. at 1430. To test the merits of the defense, plaintiffs moved to compel documents and communications that defendant insisted were protected by the attorney-client privilege. According to plaintiffs though, fairness demanded waiver of the privilege because KMC was using

the privilege as a "sword" and not as a "shield." *Id*. The Court agreed with plaintiffs, explaining:

> The Fifth Circuit has stated that "[t]he attorney-client privilege was intended as a shield, not a sword. When confidential communications are made a material issue in a judicial proceeding, fairness demands treating the defense as a waiver of the privilege." *Conkling*, 883 F.2d at 435 … In *Conkling* [, where plaintiff argued against disclosure based on both the work product and attorney client privilege,] the Fifth Circuit held that where defendants raised a defense based on statute of limitations and plaintiff responded with a tolling argument based on his lack of knowledge, plaintiff had placed his knowledge at issue and defendants were entitled to depose plaintiff's attorney about the timing and extent of plaintiff's knowledge about his claim. *Id*. at 434-35.
>
> … [KMC's] argument is not merely a denial of plaintiffs' allegations; it injects into the case KMC's understanding and interpretation of the law to deny any fraudulent intent on the competitive bidding and *Ruiz* issues. Such a defense, injected by KMC, is analogous to a reliance-on-advice-of-counsel defense. Although here KMC is relying on its own legal analysis, that distinction does not preclude a waiver.
>
> Because KMC has inserted its understanding of the law as a basis for the reasonableness of its actions relating to the competitive bidding and *Ruiz* issues, the attorney-client privilege has been waived with respect to those topics. *See, e.g., … Bilzerian*, 926 F.2d at 1292 (holding that privilege was waived when defendant argued that his actions were legal because this argument "put his knowledge of the law and the basis for his understanding of what the law required in issue")[.]

*Id*. at 1431-32 (internal citations modified). *See also U.S. Austin Radiological Ass'n*., 2014 WL 2515429 at *2 (W.D. Tex. June 4, 2014) ("When a party asserts 'its understanding of the law as a basis for the reasonableness of its actions' relating to a particular issue, a court may determine that the attorney-client privilege has been waived with respect to that issue.") (citing *Apex Mun. Fund*, 841 F.Supp. at 1431).

In support of its argument that asserting a good faith defense does not waive the attorney-client privilege, KB Home points to the Fifth Circuit's decision in *Nguyen v. Excel Corp.*, 197 F.3d 200, 205-06 (5th Cir. 1999), alleging that the "Fifth Circuit has expressly declined to adopt" the Second Circuit's decision in *Bilzerian*.[9] This argument is misleading. In *Nguyen*, counsel failed to assert the attorney-client privilege when privileged information was sought and defendant's corporate deponent selectively disclosed portions of privileged confidential communications. *Id*. at 206. Excel waived the privilege. *Id*. Thus, because "alternative grounds support[ed]" the Court's conclusion that Excel waived the attorney-client privilege, the Fifth Circuit "need not" address the issue of whether by asserting a good faith defense a defendant waives the attorney-client privilege. *Id*. Since *Nguyen*, however, the Fifth Circuit has explained, citing *Bilzerian*, that "[t]he case law amply demonstrates" that the attorney-client privilege "prohibits a party from *simultaneously* using confidential information as both a shield and a sword." *Willy*, 423 F.3d at 497 (citing *Bilzerian*, 926 F.2d at 1292). Such is the case here, where KB Home asserts a "good faith" faith defense but is refusing to disclose all the information in its possession which is relevant to its defense.

---

[9] KB Home Motion for Protective Order, p. 12.

### iii. By asserting a good faith defense, KB Home has put its attorney-client communications and work-product information "at issue" in this case and waived its privileges.

KB Home has asserted a "good faith" defense, implicating Defendants' state of mind in classifying its salespersons as exempt. The truth of KB Home's affirmative defense can only be fully assessed by examining KB Home's knowledge of, diligence in ascertaining, and good faith beliefs about, the legal requirements of the FLSA. Defendants, having elected to prove these issues, cannot now refuse to disclose *all* the information in its possession which is relevant to its defense. This would be manifestly unfair to Plaintiffs.

This case bears all of the hallmarks of implicit or "at issue" waiver of privileges. The following factors indicating implicit waiver are present: (1) KB Home is asserting the privileges of attorney-client and work product as a result of its affirmative defenses; (2) through the assertion of affirmative defenses, KB Home has put the protected information "at issue" by making it relevant to the case; and (3) application of the attorney-client and/or work product privileges would deny Plaintiffs access to information vital to their challenge of the affirmative defenses—good faith and willfulness. *See Conkling*, 883 F.2d at 434; *Hearn,* 68 F.R.D. at 581.

KB Home's conduct is "at issue" in at least the following ways:

- What was KB Home's "state of mind" in making its decisions;
- Whether KB Home reasonably relied on the DOL opinion letters, regulations or judicial interpretations;

- Whether KB Home's conduct demonstrates "actual conformity" with the regulations;

- Whether KB Home actually relied on administrative authority, namely DOL opinion letters;

- Whether KB Home's actions conformed with the DOL opinion letters, regulations or judicial interpretations on which it ostensibly relied;

- Whether there are material differences between the facts underlying the DOL opinion letters and those in the case at issue;

- Whether KB Home had no facts or circumstances that would lead a reasonably prudent employer to make further inquiry as to whether the employees came within the Acts provisions;

- Whether KB Home had honesty of intention and no knowledge of circumstances which ought to put him upon inquiry;

- Whether KB Home satisfied its "affirmative duty" to inquire about uncertain FLSA coverage issues;

- Whether KB Home had knowledge of circumstances that should have put the company on notice of any contrary authority;

- Whether KB Home complied with its affirmative duty to research FLSA coverage issues;

- Whether KB Home complied with its duty to investigate its potential liability under the FLSA;

- Whether KB Home took "active steps" to ascertain and comply with the FLSA

Discovery relating to these issues is critical and has been placed "at issue" through KB Home's assertion of affirmative defenses— that its conduct was not

willful and that it acted in good faith. Without waiver of the attorney-client and work product privileges, Plaintiffs will be unable to fully attack the validity of Defendants' affirmative defenses. In other words, KB Home has asserted certain affirmative defenses and "to allow the privilege to protect the disclosure of such information would be manifestly unfair" to Plaintiffs. *Conkling*, 883 F.2d at 434. KB Home should not be allowed to use the privilege as both a shield and a sword. *Id*.

### III. <u>CONCLUSION</u>

For all the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' Motion for Protective Order Regarding the Deposition of their Corporate Representative Relating to their "Good Faith" Affirmative Defense; thereby, permitting Plaintiffs to examine KB Home's corporate representative with respect to all topics Plaintiffs' Notice of Deposition Pursuant to Federal Rule 30(b)(6) Relating to FLSA. Plaintiffs further pray for all other relief at law or in equity to which Plaintiffs are justly entitled.

Respectfully submitted,

*/s/ Rhonda H. Wills*
Rhonda H. Wills
Attorney-in-Charge
State Bar No. 00791943
Southern District I.D. No. 20699
WILLS LAW FIRM, PLLC
1776 Yorktown, Suite 570
Houston, Texas 77056
Telephone: (713) 528-4455
Facsimile: (713) 528-2047

-AND-

John M. Padilla
State Bar No. 00791395
Southern District I.D. No. 19236
J. Moises Cedillos
State Bar No. 24080828
Southern District I.D. No. 1531827
PADILLA & RODRIGUEZ, L.L.P.
5433 Westheimer Rd., Suite 825
Houston, Texas 77056
Telephone: (832) 740-4300
Facsimile: (832) 740-4301
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I, the undersigned counsel, hereby certify that the foregoing document has been electronically filed with the Clerk of the Court by using the CM/ECF system, which will in turn send a notice of the electronic filing to all counsel of record, on this 29th day of June, 2015.

*/s/ Rhonda H. Wills*
Rhonda H. Wills