IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| KIP EDWARDS, ET AL., on behalf of themselves and all others similarly situated, § § § | | |
| | § | Civil Action No. 3:11-cv-240 |
| Plaintiffs, § § | | |
| | § | |
| v. § | | COLLECTIVE ACTION |
| | § | (JURY TRIAL) |
| KB HOME, ET AL § | | |
| | § | |
| Defendants. § | | |

**PLAINTIFFS' SURREPLY TO DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER REGARDING THE DEPOSITION OF THEIR CORPORATE REPRESENTATIVE RELATING TO THEIR "GOOD FAITH" AFFIRMATIVE DEFENSE**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiffs file their Surreply to Defendants' Reply to Plaintiffs' Response to Defendants' Motion for Protective Order Regarding the Deposition of Their Corporate Representative Relating to Their "Good Faith" Affirmative Defense, and would show as follows:

On Tuesday, June 30, 2015, Defendant produced its privilege log, making it clear that KB Home was advised by counsel regarding its decision to classify Plaintiffs as exempt from the Fair Labor Standards Act ("FLSA"). *See* Exhibit 1, Defendants' Privilege Log. By way of example only, on January 26, 2007, there

was "Email correspondence between in-house counsel David Simons, associate general counsel Larry Gotlieb, KB Home employees and outside counsel re: January 25, 2007 DOL opinion letter"—the administrative authority allegedly relied upon by KB Home. *Id; see also, id.*, "5/24/2004 Memo from Elizabeth Stolarski-Foster to Rosan Mickey concerning pending lawsuit against KB Home Coastal San Diego," "3/14/2011 PowerPoint presentation concerning FLSA exemptions."

Thus, while KB Home continues to insist that its good faith defense does not rely on legal advice, but rather on administrative authority, principles of fundamental fairness require that KB Home disclose *all* of the information in its possession which is relevant to its defense –whether good or bad and *whether relied upon or not*. Indeed, KB Home cannot raise the good faith defense, which has as an element information which is otherwise privileged, but simultaneously refuse to divulge that privileged information in order to thwart Plaintiffs' ability to tests the merits of the defense.

### III.  CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' Motion for Protective Order Regarding the Deposition of their Corporate Representative Relating to their "Good Faith" Affirmative Defense; thereby, permitting Plaintiffs to examine KB Home's corporate representative with respect to all topics in Plaintiffs' Notice of Deposition Pursuant to Federal Rule

30(b)(6) Relating to FLSA.  Plaintiffs further pray for all other relief at law or in equity to which Plaintiffs are justly entitled.

        Respectfully submitted,

        */s/ Rhonda H. Wills*
        Rhonda H. Wills
        Attorney-in-Charge
        State Bar No. 00791943
        Southern District I.D. No. 20699
        WILLS LAW FIRM, PLLC
        1776 Yorktown, Suite 570
        Houston, Texas  77056
        Telephone: (713) 528-4455
        Facsimile: (713) 528-2047

        -AND-

        John M. Padilla
        State Bar No. 00791395
        Southern District I.D. No. 19236
        J. Moises Cedillos
        State Bar No. 24080828
        Southern District I.D. No. 1531827
        PADILLA & RODRIGUEZ, L.L.P.
        5433 Westheimer Rd., Suite 825
        Houston, Texas 77056
        Telephone: (832) 740-4300
        Facsimile: (832) 740-4301
        **ATTORNEYS FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

    I, the undersigned counsel, hereby certify that the foregoing document has been electronically filed with the Clerk of the Court by using the CM/ECF system, which will in turn send a notice of the electronic filing to all counsel of record, on this 2d day of July, 2015.

                                         */s/ Rhonda H. Wills*
                                         Rhonda H. Wills