IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **KIP EDWARDS et al.,** | § § § | |
| Plaintiffs | § | |
| v. | § § | NO. 3:11-CV-00240 |
| **KB HOME et al.,** | § § | |
| Defendants. | § § | |

## DEFENDANTS' MOTION FOR PARTIAL <u>SUMMARY JUDGMENT</u>

Defendants KB Home *et al.* ("KB Home" or "Defendants") file this Motion for Partial Summary Judgment and would respectfully show the Court as follows:

### I. **INTRODUCTION**

Defendants seek a ruling from the Court on a very narrow issue. Specifically, Defendants ask the Court to dismiss the claims of eight Plaintiffs in the proposed Houston sub-class[1] as time-barred by the maximum applicable three-year statute of limitations.

---

[1] On April 27, 2015, the parties filed a Joint Status Report with the Court in which they agreed to try the case by geographic location, starting with a trial of the proposed Houston sub-class. *See* Doc. No. 190. Therefore, this Motion pertains only to those opt-in Plaintiffs who are members of the proposed Houston sub-class.

## II.   STATEMENT OF FACTS

On May 23, 2011, three original Plaintiffs filed this lawsuit on behalf of themselves and others similarly situated alleging violations of the Fair Labor Standards Act ("FLSA").  *See* Doc. No. 1.  Plaintiffs claim they were misclassified as exempt outside sales employees and that they are entitled to minimum wage and overtime for all hours worked in excess of 40 hours per week.

On January 18, 2012, a group of eighteen named Plaintiffs moved for conditional class certification.  Doc. No. 56.  On September 25, 2012, the Court granted Plaintiffs' request for conditional certification and authorized notice to putative class members.  Doc. No. 69.  On September 28, 2012, Defendants filed an Expedited Motion for Temporary Stay (Doc. No. 70) requesting that the Court stay the litigation and its Order (Doc. No. 69) pending the outcome of *In re Wells Fargo Wage and Hour Employment Practices Litigation (No. 3)*, No. 11-2266, a case applying the same legal standard and analysis for conditional certification set forth in this Court's Order.  The stay was unopposed.  Accordingly, on October 10, 2012, this Court granted a temporary stay of this case pending the outcome of *In re Wells Fargo*.  *See* Doc. Nos. 72-74.

On October 17, 2012, Defendants filed the parties' Stipulation Tolling Statute of Limitations (hereinafter the "Stipulation"), which expressly provided:

> The statute of limitations shall be tolled with respect to claims that may be brought by all Plaintiffs and putative class members in the above-captioned case **for the following time period**: beginning on October 10, 2012, when the court stayed this case, and ending upon the earlier of completion of the mandamus proceedings in *In re Wells Fargo Wage and Hour Employment Practices Litigation (No. III)*, No. H-11-2266, 2012 WL 3308880 (S.D. Tex. Aug. 10, 2012), *petition docketed*, No. 12-20605 (5th Cir. Sept. 5, 2012), or upon the Court lifting the stay set forth in its Order (Doc. #74). Because the purpose and effect of this stipulation is to toll claims only during the time period identified in this paragraph, this stipulation **will not revive any claim for which the statute of limitations expired before October 10, 2012**.

Doc. No. 75 (emphasis added). On March 12, 2013, the Fifth Circuit denied mandamus relief in *In re Wells Fargo* and, per the terms of the Stipulation, the tolling period ended. On March 18, 2013, Defendants filed a Notice of Denial of Petition for Writ of Mandamus with the Court. Doc. No. 76. Plaintiffs filed an Expedited Motion for a Status Conference to Facilitate Immediate Notice to Putative Class Members and requested that the Court lift the temporary stay. Doc. No. 77. On March 27, 2013, this Court formally lifted the stay.

The notice period began on April 1, 2013 and ended on July 1, 2013. 389 Plaintiffs (including 18 named Plaintiffs) located in states across the country joined the suit. *See* Doc. No. 69 (specifying 18 named Plaintiffs). Defendants subsequently consented to the addition of 20 opt-in Plaintiffs whose notices were not timely filed within the requisite notice period, bringing the total number to 409 Plaintiffs. Doc. No. 152. On June 3, 2015, three opt-in Plaintiffs who were members of the proposed Houston sub-class filed a Motion to Dismiss their claims

against Defendants. Doc. No. 194. Two of the Plaintiffs sought dismissal because their claims were time barred by the FLSA's two-year and three-year statutes of limitations. *Id.* The Court granted Plaintiffs' Motion to Dismiss with prejudice. Doc. No. 195. As a result, the proposed Houston sub-class currently consists of 76 individuals. Of this number, Defendants have identified eight additional Plaintiffs who failed to file their opt-in consent forms within the maximum applicable three-year statute of limitations period. *See* Exhibit A.

Exhibit A to this Motion identifies the eight opt-in Plaintiffs whose alleged damages, if any, would fall outside of the maximum three-year statute of limitations period. *Id.* Specifically, Exhibit A identifies the relevant opt-in dates and termination dates for each individual, the date on which each Plaintiff's employment with Defendants terminated, the date of each Plaintiff's final paycheck from Defendants, the date on which each Plaintiff filed his or her written consent to join this action with the Court, and the dates on which six of the Plaintiffs' claims expired (three years from the date of each Plaintiff's final paycheck). Declaration of Karina Beltran ¶ 3, attached as Exhibit B ("Beltran Decl."); Declaration of Jennifer Youpa ¶ 3, attached as Exhibit C ("Youpa Decl."). Per the parties' Stipulation, 2 of the 8 opt-in Plaintiffs are entitled to an additional five month, two day tolling period. Accordingly, for those individuals, Exhibit A identifies the date on which the maximum applicable three-year statute of

limitations expired (three years, five months, and two days after the date on which they received their final paychecks).  Ex. C, Youpa Decl. at ¶ 3.  The information contained in Exhibit A demonstrates that the 8 Plaintiffs identified failed to bring their FLSA claims within the three-year statute of limitations period.

### III.   ARGUMENTS AND AUTHORITIES

#### A.   Legal Standard for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the movant meets its initial burden, the burden shifts to the non-movant to establish a genuine issue for trial.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986).  Plaintiffs "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . [T]he nonmoving party must come forward with specific facts showing that there is a *genuine issue for trial*."  *Id.* at 586-87.  Plaintiffs are required to present specific "concrete evidence from which a reasonable juror could return a verdict in [their] favor[.]"  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

### B.     Plaintiffs' FLSA Claims are Barred by the Statute of Limitations Period.

The FLSA provides that an employee may bring a cause of action within two years after the cause of action accrued or, in the case of a willful violation, within three years after the cause of action accrued. 29 U.S.C. § 255(a). Accordingly, the maximum applicable statute of limitations period in the present action is three years. The Court has not ruled that Defendants' conduct was willful, but it has conditionally certified the class using a three-year look-back period. Doc. No. 69. Therefore, for purposes of this Motion only, Defendants apply the maximum applicable three-year limitations period to Plaintiffs' claims.[2]

An FLSA cause of action "accrues at each regular payday immediately following the work period during which the services were rendered for which the wage or overtime compensation is claimed." *Halferty v. Pulse Drug Co., Inc.*, 821 F.2d 261, 271 (5th Cir. 1987). Consequently, an individual has, at most, three years after their final payday to "commence" a cause of action under the FLSA. A *named* party commences an action when he or she files a complaint and a written consent to become a party plaintiff with the Court. 29 U.S.C. § 256 (emphasis added). An *unnamed* party commences an action when the individual files his or her written consent to join the lawsuit with the Court. *Id.* Thus, an employee only becomes a party plaintiff in an FLSA action against his or her employer when the

---

[2] Defendants reserve the right to argue that the two-year statute of limitations applies to Plaintiffs' claims.

employee files his or her own written consent to become such a party with the Court. 29 U.S.C. § 216(b); *McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 800 (S.D. Tex. 2010) (the FLSA "establishes an opt-in scheme under which plaintiffs must affirmatively notify the court of their intention to become parties to the suit.").

The statute of limitations begins to run for an opt-in plaintiff from this opt-in date. *Rodriguez v. Gold & Silver Buyers, Inc.*, No. 4:12-CV-1831, 2013 WL 5372529, slip op. at *8 (S.D. Tex. Sept. 24, 2013). According to the Fifth Circuit, which strictly construes the FLSA's limitations provision, the limitations period for an opt-in plaintiff runs from the opt-in date and a court cannot otherwise "alter the express terms of the statute." *Atkins v. Gen. Motors Corp.*, 701 F.2d 1124, 1130 n.5 (5th Cir. 1983).

Here, 8 of the 76 opt-in Plaintiffs in the proposed Houston sub-class failed to file their written consents with the Court before the expiration of the three-year statute of limitations. Exhibit A provides: (1) the date on which each individual's employment with Defendants terminated, (2) the date of each individual's final paycheck, (3) the date three years after the date of each individual's final paycheck, and (4) the date on which each individual filed his or her written consent to join the present action with the Court. Ex. B, Beltran Decl. at ¶ 4; Ex. C, Youpa Decl. at ¶ 3.

Further, with respect to opt-in Plaintiffs Christopher Gunter and Terry J. Simonis, Exhibit A also provides the date three years, five months, and two days after the date on which each individual, respectively, received his final paycheck. Ex. C, Youpa Decl. at ¶ 3. The limitations period for their claims is extended an additional five months and two days because the parties' Stipulation tolled the statute of limitations from October 10, 2012 to March 12, 2013. The 6 remaining opt-in Plaintiffs (Plaintiffs Jones, Jones, Loftis, Robinson, Warax, and Williams) were unaffected by the stipulated tolling because their claims expired prior to October 10, 2012, as evidenced by the dates set forth in Column E of Exhibit A.

Despite the application of an additional tolling period, however, Plaintiffs Gunter and Simonis failed to file their written consents within the maximum limitations period. For example, opt-in Plaintiff Christopher Gunter's final paycheck is dated November 15, 2009, a little over a month after his employment with Defendants terminated. He originally had, at most, three years to commence an FLSA cause of action against Defendants. Due to the parties' Stipulation Tolling Statute of Limitations, however, Plaintiff Gunter's deadline for filing a written consent with the Court was extended from November 15, 2012 to April 17, 2013. Regardless, Plaintiff Gunter did not file his consent form with the Court until June 19, 2013, well outside of the limitations period. This analysis also applies to opt-in Plaintiff Terry J. Simonis.

The claims of the 6 remaining opt-in Plaintiffs identified in Exhibit A, which expired prior to October of 2012 and, as a result, were not subject to stipulated tolling, are also time-barred. For example, opt-in Plaintiff Alicia Jones was terminated on December 28, 2008 and her final paycheck was dated November 15, 2008. She failed to file her written consent form with the Court until June 26, 2013, well outside of the maximum applicable three-year limitations period. Therefore, her claims are barred by the three-year statute of limitations. This analysis also applies to opt-in Plaintiffs Chris Jones, Johnny Loftis, Dyke Noel Robinson, David Warax, and Megan Williams. There is no admissible evidence demonstrating that any of the eight opt-in Plaintiffs identified filed their consent forms within the maximum applicable three-year limitations period.

### IV.   CONCLUSION

The claims of the 8 opt-in Plaintiffs identified in this Motion are time-barred by the maximum applicable statute of limitations. Plaintiffs cannot credibly argue that they should be permitted to proceed on claims brought well outside of the FLSA's three-year limitations period. Accordingly, Defendants respectfully request that the Court grant their Motion for Partial Summary Judgment and dismiss the claims of the 8 opt-in Plaintiffs.

                        Respectfully submitted,

Of Counsel:

**Jennifer A. Youpa**
Texas Bar No. 01383400
Fed. ID No. 19932
**Kimberly Rives Miers**
Texas Bar No. 24041482
Fed. ID No. 674452
**LITTLER MENDELSON, P.C.**
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201
214.880.8100 (Telephone)
214.880.0181 (Facsimile)
jyoupa@littler.com
kmiers@littler.com

**Kevin Little**
Texas Bar No. 24070155
Fed. ID No. 1138412
**LITTLER MENDELSON, P.C.**
1301 McKinney Street
Suite 1900
Houston, TX  77010
713.951.9400 (Telephone)
713.951.9212 (Facsimile)
klittle@littler.com

/s/ Jennifer A. Youpa
**David B. Jordan**
Texas Bar No. 24032603
Fed. ID No. 40416
**LITTLER MENDELSON, P.C.**
1301 McKinney Street
Suite 1900
Houston, TX  77010
713.951.9400 (Telephone)
713.951.9212 (Facsimile)
djordan@littler.com

**ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

On July 16, 2015 I electronically submitted the foregoing document with the Clerk of the Court for the U.S. District Court, Southern District of Texas, using the electronic case files system of the Court.  I certify I have served all counsel of record electronically:

        /s/ Jennifer A. Youpa
        Counsel for Defendants

Firmwide:133594195.4 047343.1125

| Opt-In Last Name | Opt-in First Name | Termination Date | Date of Final Paycheck | Three Years From Date of Final Paycheck | Three Years From Date of Final Paycheck Plus Tolling (5 Months, 2 Days) | Date Consent Form Filed |
|---|---|---|---|---|---|---|
| Gunter | Christopher | 10/13/2009 | 11/15/2009 | 11/15/2012* | 4/17/2013 | 6/19/2013 |
| Simonis | Terry J. | 9/21/2009 | 12/15/2009 | 12/15/2012* | 5/17/2012 | 6/28/2013 |
| Jones | Alicia (Tabor) | 12/28/2008 | 11/15/2008 | 11/15/2011 | | 6/26/2013 |
| Jones | Chris | 8/27/2008 | 10/31/2008 | 10/31/2011 | | 5/15/2013 |
| Loftis | Johnny | 5/4/2009 | 6/15/2009 | 6/15/2012 | | 4/15/2013 |
| Robinson | Dyke Noel | 7/10/2008 | 7/31/2008 | 7/31/2011 | | 4/8/2013 |
| Warax | David | 6/15/2009 | 9/15/2009 | 9/15/2012 | | 6/19/2013 |
| Williams | Megan | 11/16/2008 | 2/13/2009 | 2/13/2012 | | 4/24/2013 |


EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **KIP EDWARDS** *et al.*, | § § § | |
| Plaintiffs | § § | |
| v. | § § | NO. 3:11-CV-00240 |
| **KM HOME** *et al.*, | § § | |
| Defendants. | § § § § | |

## DECLARATION OF KARINA BELTRAN

I, Karina Beltran, do hereby swear, affirm, and attest as follows, based upon my personal knowledge of the matters contained herein:

1. My name is Karina Beltran. I am over the age of eighteen, of sound mind, and am competent to testify to the matters set forth in this declaration.

2. I am currently the Director of Human Resources at KB Home.

3. I am making this Declaration upon personal knowledge or upon my review of business records over which I have custody and control. Those records are made in the ordinary course of business, in the course of regularly conducted business activities at or about the time the events they purport to describe, and are transmitted from information transmitted by persons with knowledge of the events described therein.

4. As the Director of Human Resources for KB Home, my duties include


EXHIBIT B

the oversight of employee records such as those contained in the attached Exhibit A and pertaining to dates of employment and dates of final paychecks. Specifically, Column A and B provide the last and first names of the individuals identified as being outside the three-year statute of limitations. Column C shows the date on which each individual's employment with KB Home terminated and Column D shows the date of each individual's final paycheck.

5. The information contained in the attached Exhibit A is true and accurate to the best of my knowledge and belief.

6. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 14th day of July, 2015.

*Karina Beltran*
Karina Beltran

Firmwide:134486415.1 047343.1125

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| KIP EDWARDS *et al.*, | § § § | |
| Plaintiffs | § § | |
| v. | § § | NO. 3:11-CV-00240 |
| KM HOME *et al.*, | § § § | |
| Defendants. | § § § § | |

## DECLARATION OF JENNIFER YOUPA

1. My name is Jennifer Youpa and I am an attorney of record in this case, representing the Defendants.

2. I am making this Declaration upon personal knowledge or upon my review of documents exchanged or made part of the record in this case.

3. In Exhibit A attached to *Defendants' Motion for Partial Summary Judgment*, Column E provides the date three years from the date of each individual's final paycheck. This date was determined simply by adding three years to the date listed in Column D. For two of the individuals listed, Column F provides the date three years, five months, and two days from the date of their final paycheck. This date was determined by adding the five month, two day tolling period to the date listed in Column E. Column G provides the date on which the individuals filed their consent to join the collective action. These dates are



reflected on the Court's docket and are simply a compilation of that information.

4. The information contained in the attached Exhibit A is true and accurate to the best of my knowledge and belief.

5. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 16th day of July, 2015.

_____
Jennifer A. Youpa

Firmwide:134527248.1 047343.1125