IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| KIP EDWARDS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | NO. 3:11-CV-00240 |
| | § | |
| KB HOME, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT (ON STATUTE OF LIMITATIONS)

Defendants ("KB Home")[1] moved to dismiss the claims of eight Houston Plaintiffs on the grounds that the claims of those Plaintiffs fall outside the three-year statute of limitations for *willful* FLSA violations – the maximum applicable limitations period under the FLSA. Dkt. # 203. Plaintiffs' Response argues that there is a fact question concerning equitable tolling that precludes summary judgment on these claims. Dkt. # 220. Specifically, Plaintiffs argue that KB Home's alleged failure to post notice of Plaintiffs' rights under the FLSA and the time that elapsed during certification proceedings warrants equitable tolling.

---

[1] While this action is currently limited to claims by Houston Plaintiffs who are current or former employees of KB Home Lone Star Inc., all Defendants to this action bring this motion as the plaintiffs in this matter have sued all of the Defendants in this action. Defendants specifically deny that any of the Defendants, other than KB Home Lone Star Inc., are the current or former employer of any Houston Division Plaintiff.

Plaintiffs' arguments are misplaced:

- Consistent with the Fifth Circuit's stringent standard for equitable tolling of FLSA claims, courts in the Fifth Circuit have rejected the argument that equitable tolling should be applied even where FLSA notices were not properly posted – a claim that KB Home disputes in any event. Here, Plaintiffs were aware that they were paid on a commission basis, and accordingly had all necessary information to prosecute their claims for minimum wage and overtime pay under the FLSA. Regardless, the notices required by the FLSA would not have provided Plaintiffs with any information that they lacked in order to file a lawsuit, thereby undermining the basis for their equitable tolling argument.

- Likewise, the procedural posture of this case provides no basis for equitable tolling. Plaintiffs are not entitled to equitable tolling on the grounds that (1) Plaintiffs' counsel did not file a motion for conditional certification until nearly eight months after the case was filed, which, if anything, reflects a lack of diligence on Plaintiffs' part; (2) the Court ruled on conditional certification nine months after the motion was filed – a reasonable period of time that does not warrant equitable tolling under established case law; or (3) following the Court's ruling on conditional certification, Plaintiffs' counsel agreed to a stay of this case pending the resolution of mandamus proceedings in the *Wells Fargo* litigation, a voluntary decision that provides no basis for tolling. Moreover, KB Home *agreed to tolling* during the period during which the case was stayed. Even factoring in tolling for this period, Plaintiffs' claims nonetheless fall outside the maximum applicable statute of limitations in this case, affording no basis for further relief.

Because Plaintiffs' arguments fail to establish a fact question as to the "extraordinary circumstances" required for equitable tolling of FLSA claims in the Fifth Circuit, and because Plaintiffs raise no other arguments in response to KB Home's motion for summary judgment on limitations issues, the Court should grant KB Home's motion.

# I.
# ARGUMENT & AUTHORITY

A. **The Fifth Circuit Has Established a Strict Standard for Equitable Tolling of FLSA Claims**

Equitable tolling preserves the plaintiff's claims when enforcement of the statute of limitations would be unjust. *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995). Federal statutes of limitations are generally presumed to be subject to equitable tolling unless Congressional policy-making dictates otherwise. *Lozano v. Montoya Alvarez*, 134 S. Ct. 1224, 1232, 188 L. Ed. 2d 200 (2014); *see also Antonio-Morales v. Bimbo's Best Produce, Inc.*, No. 08:5105, 2009 U.S. Dist. LEXIS 51833, 2009 WL 1591172, at *1 (E.D. La. Apr. 20, 2009). However, "the Fifth Circuit takes a *strict view* of the FLSA's provision that statute of limitations run from the opt-in date, and courts *cannot change the terms of the statute unless warranted by extraordinary circumstances*." *Mejia v. Bros. Petroleum, LLC*, No. 12-2842, 2014 U.S. Dist. LEXIS 107363, at *4-8 (E.D. La. Aug. 4, 2014) (emphasis added) (citing *Atkins v. Gen. Motors Corp.*, 701 F.2d 1124, 1130 n. 5 (5th Cir. 1983)); *see also Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011) ("Equitable tolling is to be applied sparingly."). Courts apply equitable tolling most frequently where "the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002). Courts may

also grant equitable tolling when, "despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim." *Pacheco v. Rice*, 966 F.2d 904, 906-07 (5th Cir. 1992). The party who invokes equitable tolling bears the burden of proof. *Teemac*, 298 F.3d at 457.

### B. Failure to Post FLSA Notice Is Not a Basis for Equitable Tolling under Fifth Circuit Law

Plaintiffs first argue that equitable tolling is warranted because KB Home failed to post proper FLSA notices in the Plaintiffs' place of work. Even assuming for summary judgment purposes that Plaintiffs' assertions are correct – assertions that KB Home disputes – Plaintiffs' arguments provide no basis for equitable tolling.

Plaintiffs cite case law from outside of the Fifth Circuit for the proposition that equitable tolling is warranted where the employer has failed to post FLSA notices. Even outside the Fifth Circuit, substantial authority exists for the opposite proposition – that any such failure to post notices does not rise to the "rare and exceptional circumstances" required for equitable tolling. *See, e.g., Archer v. Sullivan County, Tenn.*, Nos. 95-5214/95-5215, 1997 U.S. App. LEXIS 33052, at *13-14 (6th Cir. 1997) ("We are not persuaded that the [defendant's] failure to post [the FLSA] notice justifies invocation of the tolling doctrine."); *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 88 (E.D.N.Y. 2012) (explaining that failure to post notice, "without more, does not suffice" to justify equitable tolling); *Immacula*

*Antenor v. D & S Farms*, 39 F. Supp. 2d 1372, 1380 (S.D. Fla. 1999) (holding that because the FLSA poster required by 29 C.F.R. § 516.4 makes no mention of the applicable two-year statute of limitations, failure to post it does not toll the statute of limitations).

Moreover, while the Fifth Circuit has not addressed this issue, multiple district courts within the Fifth Circuit have flatly rejected the notion that failure to post FLSA notices provides a basis for equitable tolling. Indeed, courts have generally noted the high standard for equitable tolling of FLSA claims in the Fifth Circuit. *See Mejia v. Bros. Petroleum, LLC*, No. 12-2842, 2014 U.S. Dist. LEXIS 107363, at *6 (E.D. La. Aug. 4, 2014) ("Plaintiffs argue that courts regularly grant equitable tolling in FLSA cases, and cite multiple cases to support their argument. However, most of their cited cases are *outside* of the Fifth Circuit. *In the Fifth Circuit, equitable tolling for FLSA limitations is rare and applies only in extraordinary circumstances.*") (emphasis added) (citing *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002)).

Consistent with the Fifth Circuit's strict standard, courts in the Fifth Circuit have rejected the argument that failure to post FLSA notices warrants equitable tolling. In *Escobedo v. Dynasty Insulation, Inc.*, the Western District of Texas rejected Plaintiffs' argument that their "causes of action were intentionally concealed from them because [defendant] failed to post notices of the FLSA's

wage provisions." 694 F. Supp. 2d 638, 654 (W.D. Tex. 2010). The Court explained that "[i]t is not necessary for Plaintiffs to know that a cause of action exists, *so long as they knew or should have known the facts that comprise their FLSA claim.*" *Id.* at 654-55 (emphasis added) (citing *Cerbone v. Int'l Ladies' Garment Workers' Union*, 768 F.2d 45, 48 (2d Cir. 1985) (noting that equitable tolling was designed to remedy situations where a defendant "made it impossible for a plaintiff to discover the facts underlying his cause of action until after the limitations period had expired")). Here, Plaintiffs were aware that the manner in which they were paid by KB Home did not include overtime compensation. In addition to receiving their pay stubs, Plaintiffs signed detailed Employment Agreements setting forth the terms of their compensation – on a commission basis. *See, e.g.*, Ex. A (Alicia Jones Employment Agreement). Indeed, Plaintiffs do not assert in their declarations that they were unaware that they were paid on a commission basis, without overtime, while employed at KB Home. *See* Dkt. # 220 at Ex. A.

Accordingly, Plaintiffs had knowledge of the factual bases of potential claims from the inception of their employment with KB Home, thereby precluding equitable tolling. As the court explained in *Escobedo*, "[i]t is not necessary for Plaintiffs to know that a cause of action exists, so long as they knew or should have known the facts that comprise their FLSA claim," because "[e]ven if [plaintiffs]

were not aware that they had the right to sue, ignorance of the law alone is insufficient to justify equitable tolling." 694 F. Supp. 2d at 654-55 (citing *Whitt v. Stephens County*, 529 F.3d 278, 283 (5th Cir. 2008)); *see also Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991) ("The statute itself gave the plaintiffs constructive notice of the fact that [their employer] was violating their rights under the FLSA and of the deadline for filing suit."). Because Plaintiffs had notice of the manner in which they were paid, they had all of the information needed to bring an FLSA claim.

Moreover, even if the FLSA notices were not properly posted – again, a position that KB does not concede – the posters do not provide Plaintiffs with any necessary information regarding their claims. While the poster sets forth the federal minimum wage and overtime requirements, the poster further states that "[c]ertain occupations and establishments are exempt from the minimum wage and/or overtime pay provisions." *See* Ex. B, DOL FLSA Poster. Plaintiffs were classified as exempt, and accordingly reading the poster would not have alerted them to information concerning potential claims that was not already in their possession. Indeed, the Southern District of Texas has applied this reasoning in rejecting the argument that the failure to post the statutory FLSA notice warrants equitable tolling. In *Switzer v. Wachovia Corp.*, a case also brought by Plaintiffs' counsel Rhonda Wills that involved the fluctuating workweek, the court explained:

> [T]he FLSA notices Wachovia was required to post related to general FLSA requirements and did not specifically address the FWW payment method. *Consequently, whether posted or not, the FLSA notices would not have provided needed information to Plaintiffs and other Wachovia Financial Specialists*. As a result, Plaintiffs are not entitled to equitable tolling based on their conjecture that Wachovia failed to post required FLSA notices.

2012 U.S. Dist. LEXIS 51556, at *8-9 (S.D. Tex. 2012) (emphasis added).  As in *Switzer*, the Plaintiffs in this case would not have gleaned information from FLSA posters that would have provided crucial information for them to determine whether they had been properly classified as exempt, and accordingly the posters would not have provided them with any needed information for their claims.

Accordingly, Plaintiffs' argument regarding equitable tolling due to failure to post FLSA notices fails under the strict standard for equitable tolling of FLSA claims in the Fifth Circuit.[2]

---

[2] Plaintiffs also argue that the Fifth Circuit's holdings with regard to equitable tolling of the time to file a Charge of Discrimination under the Age Discrimination in Employment Act ("ADEA") should inform this Court's determination of the question of equitable tolling under the FLSA.  While the Fifth Circuit has held that equitable tolling may apply in ADEA cases where the employee did not have notice of his rights and the employer did not post the required notice, the inquiry was materially different.  Specifically, the Fifth Circuit highlighted the importance of constructive notice in ADEA cases due to the 180-day deadline for filing administrative charges, *see Charlier v. S. C. Johnson & Son, Inc.*, 556 F.2d 761, 764 (5th Cir. 1977), whereas the two-to-three year limitations periods under the FLSA vitiate this line of reasoning.  Further, the rationale applied by other circuits in applying equitable tolling in the FLSA context – that it serves as an incentive for employers to post the required notice – has not been endorsed by the Fifth Circuit. *See, e.g., Cruz v. Maypa*, 773 F.3d 138 (2d Cir. 2014) (discussed in Plaintiffs'

### C. The Certification Proceedings in this Case Do Not Constitute "Extraordinary Circumstances" Warranting Equitable Tolling

Plaintiffs also argue that the certification proceedings in this case constitute extraordinary circumstances justifying equitable tolling. They do not.

Plaintiffs argue that the extraordinary circumstances here are due to "KB Home's serial motions to dismiss and Emergency Motion for Temporary Stay." With regard to the motions to dismiss, Plaintiffs entirely fail to explain how KB Home's filing of motions to dismiss Plaintiffs' pleadings inhibited their ability to move for conditional certification. Indeed, both motions were resolved by the time that Plaintiffs moved for conditional certification. *See* Dkt. # 10, 21, 37, 56. Moreover, Plaintiffs filed this action on May 23, 2011, yet did not move for conditional certification until January 2012 (where Plaintiffs clearly could have filed such motion on the day the case was filed – a common practice among the Plaintiffs' bar in FLSA actions where the burden for certification is arguably at its lowest), including a lapse of an additional two months following the resolution of KB Home's motions to dismiss. *See* Dkt. # 37, 56. Why Plaintiffs should be rewarded for their own delay in filing their motion for conditional certification is a mystery.

---

Response, Dkt. # 220, at p. 8). Moreover, in *Atkins v. General Motors Corp.*, a decision post-dating the Fifth Circuit's ADEA decisions, the Fifth Circuit adopted a strict view of the FLSA's limitations provision, stating that limitations runs from the opt-in date and a court could not "alter the express terms of the statute." 701 F.2d 1124, 1130 n.5 (5th Cir. 1983).

Plaintiffs also argue that notice was not sent until April 1, 2013, several months after conditional certification was granted by this Court on September 25, 2012, and point to KB Home's Emergency Motion for Temporary Stay as the culprit. KB Home filed its motion to allow for the determination of mandamus proceedings in the *Wells Fargo* case. *See* Dkt. # 70; *see also In re Wells Fargo Bank, N.A.*, No. 12-20605 (5th Cir.). Most importantly – and conveniently omitted from Plaintiffs' briefing – *Plaintiffs agreed to the stay*. *See* Dkt. # 72 at ¶ 6 ("While Plaintiffs disagree that Defendant has met its burden of proof under this standard, Plaintiffs nonetheless will not oppose a brief stay of this matter pending the resolution of the Wells Fargo mandamus.") (emphasis in original); *see also* Dkt. # 73 (notice of no opposition to motion for stay). For Plaintiffs to now assert that they were prejudiced from joining the suit *by their counsel's own litigation decisions* reeks of hypocrisy, and provides no basis for equitable tolling.

Furthermore, as explained in KB Home's motion for summary judgment, KB Home *agreed to toll the statute of limitations during the stay*, and has incorporated the period during which the case was stayed into its calculations supporting its motion for summary judgment on limitations issues. *See* Dkt. # 203 at Ex. A (calculations in motion for summary judgment including agreed tolling); *see also* Dkt. # 75 (stipulation tolling statute of limitations). Even crediting Plaintiffs for the tolled period, their claims nevertheless fall outside of the

maximum applicable three-year statute of limitations in this case, rendering Plaintiffs' argument concerning the stay of the case entirely moot.

With regard to procedural issues, then, all Plaintiffs have to rely upon is the fact that there was an eight month period between their filing of their motion for conditional certification on January 18, 2012, and the Court's Order granting conditional certification on September 25, 2012. Dkt. # 56, 69. However, as Courts in this District have recognized, "Congress did not provide for tolling while a court considers whether to certify a case as a collective action under the FLSA." *McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 808 (S.D. Tex. 2010) (rejecting equitable tolling of FLSA claims when motion for conditional certification was pending). Accordingly, courts in the Fifth Circuit routinely deny motions relating to equitable tolling for procedural issues in FLSA cases involving time taken for certification proceedings. *See Rodriguez v. Gold & Silver Buyers, Inc.*, No. 12-1831, 2013 U.S. Dist. LEXIS 136332 (S.D. Tex. Sept. 24, 2013) (rejecting equitable tolling of FLSA claims when motion for conditional certification was pending for eight months); *Clay v. Huntington Ingalls, Inc.*, No. 09-7625, 2012 U.S. Dist. LEXIS 33195 (E.D. La. Mar. 13, 2012) (rejecting equitable tolling of FLSA claims when motion for conditional certification was pending for eleven months); *see also Switzer v. Wachovia Corp.*, No. 11-1604, 2012 U.S. Dist. LEXIS 51556, 2012 WL 1231743, at *4 (S.D. Tex. Apr. 12, 2012)

(rejecting equitable tolling of FLSA claims when motion for conditional certification was pending for six months and original judge recused himself while certification was pending).[3]

Accordingly, any delay in sending notice was caused either by Plaintiffs' own actions – failing to file a motion for conditional certification until nearly eight months after the case was filed and agreeing to a stay of the case pending the *Wells Fargo* mandamus proceedings, during which the limitations period was tolled by agreement in any event – or by the reasonable time taken by the Court to rule on conditional certification. These delays do not constitute extraordinary circumstances warranting equitable tolling.

---

[3] Plaintiffs cite several cases from the Fifth Circuit purportedly standing for the proposition that the statute of limitations may be equitably tolled for the period when a motion for conditional certification is pending. Each of these cases is distinguishable from the present case. *See Shidler v. Alarm Sec. Group, LLC*, 919 F. Supp. 2d 827, 831 (S.D. Tex. 2012) ("Furthermore, the delay was not due to the Court's consideration of the conditional certification, but instead to the need for the Court to ascertain the parties properly before it, a delay entirely unrelated to the certification itself."); *Roussell v. Brinker Int'l, Inc.*, No. H-05-3733, 2008 U.S. Dist. LEXIS 109663 (S.D. Tex. Nov. 4, 2008) (tolling statute of limitations for 45 days following de-certification of class to allow opt-ins to file individual suits); *Faison v. Tex. EZPawn, L.P.*, No. G-07-067, 2007 U.S. Dist. LEXIS 36864 (S.D. Tex. May 21, 2007) (tolling statute of limitations for 30 days following de-certification of class to allow opt-ins to file individual suits); *Antonio-Morales v. Bimbo's Best Produce, Inc.*, No. 8:5105, 2009 U.S. Dist. LEXIS 51833 (E.D. La. Apr. 20, 2009) (tolling FLSA claims during stay of proceedings requested by the U.S. Department of Justice as intervener).

## II.
## CONCLUSION

Plaintiffs have failed to raise a fact issue concerning equitable tolling under the Fifth Circuit's strict standards in applying this doctrine in FLSA cases. Plaintiffs raise no other argument in opposition to KB Home's motion for summary judgment on limitations grounds, and accordingly do not contest that the claims of the eight Plaintiffs discussed in KB Home's motion fall outside any applicable limitations period. Accordingly, the Court should grant KB Home's motion for summary judgment on limitations grounds (Dkt. # 203).

Respectfully submitted,

Of Counsel:

**Jennifer A. Youpa**
Texas Bar No. 01383400
Fed. ID No. 19932
**Kimberly Rives Miers**
Texas Bar No. 24041482
Fed. ID No. 674452
**LITTLER MENDELSON, P.C.**
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201
214.880.8100 (Telephone)
214.880.0181 (Facsimile)
jyoupa@littler.com
kmiers@littler.com

**Kevin Little**
Texas Bar No. 24070155
Fed. ID No. 1138412
**LITTLER MENDELSON, P.C.**
1301 McKinney Street
Suite 1900
Houston, TX  77010
713.951.9400 (Telephone)
713.951.9212 (Facsimile)
klittle@littler.com

*/s/ David B. Jordan*
**David B. Jordan**
Texas Bar No. 24032603
Fed. ID No. 40416
**LITTLER MENDELSON, P.C.**
1301 McKinney Street
Suite 1900
Houston, TX  77010
713.951.9400 (Telephone)
713.951.9212 (Facsimile)
djordan@littler.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

On September 15, 2015 I electronically submitted the foregoing document with the Clerk of the Court for the U.S. District Court, Southern District of Texas, using the electronic case files system of the Court.  I certify I have served all counsel of record electronically.

*/s/ Kevin Little*
Kevin Little
