IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| KIP EDWARDS, ANDREA BEJENARU, and ROBIN HOGAN on behalf of themselves and all others similarly situated, | § § § § § | |
| Plaintiffs, | § § | Civil Action No.  3:11-cv-00240 |
| v. | § § | |
| KB HOME, | § § | |
| Defendant. | § | |

## PLAINTIFFS' THIRD AMENDED COMPLAINT

To the Honorable United States District Court:

Plaintiffs Kip Edwards, Andrea Bejenaru, and Robin Hogan, on behalf of themselves and all others similarly situated, (collectively, "Plaintiffs") file this Third Amended Complaint against Defendant KB Home ("KB Home" or "Defendant") and in support thereof would show as follows:

## NATURE OF ACTION

1.     Plaintiffs, individually and on behalf of all others similarly situated, who have worked for KB Home, including its affiliates and subsidiaries, bring this collective action to recover unpaid wages, overtime compensation, minimum wage, liquidated damages, applicable penalties, attorneys' fees, costs of court, expert witness fees, pre-judgment and post-judgment interest, and all other available statutory remedies and equitable relief under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

2.     Plaintiffs Andrea Bejenaru and Robin Hogan bring this action for violations of California state law individually and as representatives of all similarly situated persons pursuant to Federal Rule of Civil Procedure 23 seeking to recover wages, damages, penalties, attorneys'

fees, litigation expenses, and costs of court under the provisions of the California Labor Code §§ 201, 202, 203, 226.7, 226, 510, 512, 526, 1194, 1198, Industrial Welfare Commission ("IWC") Order No. 4-2001, and the California Business and Professions Code.

3.      The terms "salesperson" and "onsite salesperson" as used herein shall include any person who was given the job title onsite sales associate, sales associate, sales counselor, sales representative, salesperson or any similar title who performed similar duties of the named Plaintiffs and was paid as a commissioned, exempt employee.

4.      The collective action consists of those persons (a) included within the definition as established by the Court in certifying this matter, and (b) who have filed a written notice of consent to participate in this action pursuant to the provisions of the FLSA ("collective action members").

5.      The Rule 23 class action consists of:  All persons who were employed by KB Home in the State of California as an onsite salesperson with the job title of onsite sales associate, sales associate, sales counselor, sales representative or any similar title who performed similar duties of Plaintiffs Andrea Bejenaru and Robin Hogan and were paid as exempt, commissioned employees and who are owed wages for missed meal and rest breaks and unpaid overtime compensation and/or who were not provided with properly itemized wage statements.

6.      The relevant time period for the FLSA collective action is May 11, 2008 to December 31, 2015, which includes applicable tolling.

7.      The relevant time period for the Rule 23 class action is September 12, 2009 to December 31, 2015.

8.      Plaintiffs demand a jury trial.

## JURISDICTION AND VENUE

9.      Jurisdiction of this action is conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any act of Congress regulating commerce."

10.      This Court also has supplemental jurisdiction over the state law claims asserted in this action pursuant to 28 U.S.C. § 1367 because those claims derive from common facts.

11.      Venue is proper in the Southern District of Texas, Galveston Division pursuant to 28 U.S.C. §§ 1391(a)(2) and 1391(b), because among other reasons, KB Home is a resident of and is doing business in this District; some of the Plaintiffs worked for KB Home in Galveston County, Texas; and a substantial part of the events giving rise to the claims occurred in Galveston County, Texas.

## PARTIES

**Plaintiffs**

12.      At all relevant times, Plaintiffs and the collective action members are/were employed by KB Home, including its affiliates and subsidiaries, within the meaning of the FLSA as salespersons.  The Notices of Consent for each of the Plaintiffs and collective action members have been previously filed in this matter and are incorporated herein by reference.

13.      The collective action members are those current and former salespersons similarly situated to the named Plaintiffs as set forth herein.

14.      Plaintiffs Andrea Bejenaru and Robin Hogan:

   a.   are residents of the State of California;

   b.   were employed by KB Home as salespersons in California;

c.   worked more than eight (8) hours in any given day and/or more than forty (40) hours in any given week, but were not paid overtime compensation pursuant to applicable California Labor Code requirements;

d.   were not provided meal breaks pursuant to applicable California Labor Code requirements;

e.   were not provided rest breaks pursuant to applicable California Labor Code requirements; and

f.   were not provided with itemized wage statements in violation of California Labor Code requirements.

**15.**   Plaintiffs Andrea Bejenaru and Robin Hogan bring this Rule 23 class action for violations of California state law individually and as representatives of all similarly situated persons.

**Defendant**

16.   Defendant KB Home has entered an appearance herein.

17.   KB Home is engaged in interstate commerce with an annual volume of sales of not less than $500,000, and KB Home constitutes an "enterprise" engaged in commerce as defined in 29 U.S.C. §§ 203(r), 203(s).

18.   KB Home is/was the employer of Plaintiffs and the FLSA collective action members within the meaning of 29 U.S.C. § 203(d).

19.   KB Home is an "employer" engaged in interstate commerce and/or production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

20.   KB Home is subject to the requirements of the FLSA.

21.     KB Home employed all of the Rule 23 class members within the State of California within the meaning of California state law.

**STATEMENT OF FACTS**

22.     KB Home, a Fortune 500 company, is one of the nation's largest homebuilders.  KB Home operates a homebuilding, development and financial services business serving homebuyers in more than thirty (30) markets nationwide from California to Florida.

23.     In 2010, KB Home generated total revenues of $1.59 billion from homebuilding operations and mortgage banking services to KB Home's buyers.   KB Home is also a developer of new home communities in which it builds new homes.

24.     KB Home conducts its operations through various wholly owned subsidiary companies in the various markets in which it sells homes.

25.     KB Home's onsite salespersons spend all or almost all of their work time working at KB Home's place or places of business.  KB Home is aware that its onsite salespersons customarily and regularly perform their work in its places of business.

26.     Plaintiffs and those similarly situated worked from a sales center within a new home community provided by KB Home.  The sales center includes model home(s) and an office with a desk, an executive chair, at least two chairs for customers on the other side of the desk, a computer with internet access and email, a telephone, a fax machine, file cabinets, and all other accoutrements of a typical business office.

27.     Plaintiffs and those similarly situated were required to work overtime while employed by KB Home.   The sales centers are open at least nine (9) hours each day and seven (7) days per week.  Plaintiffs and those similarly situated are required to work 5 to 7 days each workweek.  Plaintiffs and those similarly situated are required to arrive at least 15-30 minutes prior

to the scheduled opening hours in order to prepare the sales center for business and admission of the general public.  They are very rarely allowed to take a bona fide meal break, and typically work through lunch almost every business day.  Plaintiffs and those similarly situated are also required to stay late and to close the sales office at the end of each day after the last customer has left the sales center.  Plaintiffs and those similarly situated onsite salespersons are required to stay well past the scheduled closing hours of the sales center in performing their job duties, including performing closing procedures and waiting for all buyers and potential buyers to leave.

28.     Like the other onsite salespersons, Plaintiffs worked virtually every weekend and evening and almost every holiday.

29.     Plaintiffs and those similarly situated are inside salespersons who are misclassified as outside salespersons.

30.     When potential buyers came to the sales center, Plaintiffs and those similarly situated obtained a registration card from all potential buyers; determined the buyer's home needs in order to match the buyer with a KB home; demonstrated the model home(s) within the sales center to the buyer; obtained a mortgage loan application from the buyer; ran a credit check on the buyer; obtained the buyer's credit score; collected income and debt information from the buyer; calculated the buyer's debt to equity ratio; assisted the buyer in completing a mortgage loan application; gathered the requisite financial documents from the buyer;  prepared the sales agreement using the KB Home proprietary software and filling in all pertinent information including the details for the buyer's new home; and obtained the buyer's signature on the sales agreement.   All of these things occurred in the sales center, and all according to the mandatory procedures of KB Home.

31.     Plaintiffs and those similarly situated are required to provide prospective KB Home buyers with KB Home's incentive information regarding mortgages.  For example, KB Home offers various mortgage incentive plans through various joint venture entities such as paying the buyer's title insurance and closing costs, and lowering the requirements for earnest money for those new home buyers who also obtained a mortgage loan from the KB Home preferred lender.

32.     Plaintiffs and those similarly situated are also required to obtain a copy of various documents from the buyer, including a copy of the buyer's social security card, recent pay checks, W-2 statements, tax returns, bank statements, credit card statements, loan statements and other income and debt documentation.  After completing these tasks, Plaintiffs and those similarly situated are required to continue to work with KB Home's mortgage loan officers and loan processors in completing the loan until the close of the mortgage loan.  These activities are all conducted by Plaintiffs and those similarly situated while working in KB Home's sales centers.

33.     Plaintiffs and those similarly situated do not make sales at the new home buyer's place of business or home.  Instead, KB Home onsite salespersons sell to individuals who walk into KB Home's sales centers or contact the onsite salesperson by phone, email or fax in the sales center.

34.     KB Home failed to take any action to monitor or ensure that its onsite salespersons customarily and regularly perform their sales work away from KB Home's place or places of business.

35.     KB Home onsite salespersons: (1) do not regularly supervise the work of two or more employees, (2) do not exercise discretion and independent judgment, and (3) have no advance knowledge in a field of science or learning which required specialized instruction that is required to perform the job.

36.     Plaintiffs and those similarly situated are also required to participate in "call-a-thons," which involve performing "cold calls" by telephone for two or more hours at night to prospective buyers from KB Home offices.  Plaintiffs and those similarly situated are required to work at "call-a-thons" on a weekly basis, and sometimes more frequently if requisite sales goals are not met.  Plaintiffs and those similarly situated receive no compensation for working at "call-a-thons."

37.     Plaintiffs and those similarly situated are also required to attend training seminars and meetings at KB Home offices.  They are not compensated for the hours spent performing such work.

38.     Plaintiffs and those similarly situated are also required to act as customer service representatives and warranty representatives.  Plaintiffs and those similarly situated are required to participate in warranty reviews, as well as customer satisfaction surveys and follow-up with respect to buyers of new homes that had been sold by a different salesperson.  Plaintiffs and those similarly situated are further required to respond to all warranty and customer complaints of KB Home's new home buyers with respect to homes sold by various salespersons.  Plaintiffs and those similarly situated receive no compensation for performing customer service or warranty service work.

39.     KB Home onsite salespersons are paid on an ad hoc commission basis for selling new homes pursuant to a written compensation agreement(s) with KB Home.

40.     At one time, onsite salespersons were paid on a flat fee basis for mortgages.  At other times, Plaintiffs and those similarly situated received no compensation for mortgages.

41.     Plaintiffs and those similarly situated are not paid a guaranteed salary or hourly rate for work performed as an onsite salesperson.

42.     At KB Home's sole discretion, Plaintiffs and those similarly situated may receive a recoverable draw in the weeks in which they do not earn commissions.   However, KB Home will at times cut-off the recoverable draw to an onsite salesperson.   Moreover, the recoverable draw when it is provided is tantamount to a loan that must be repaid to KB Home out of the onsite salesperson's future earnings/commissions.  KB Home also reserves the right to demand that onsite salespersons repay any outstanding draw balances upon termination of employment.

43.     Due to the manner in which KB Home classifies and pays its onsite salespersons, these employees could go weeks or months without earning any commissions.  At the end of many pay periods, salespersons received no actual compensation and were instead indebted to KB Home for outstanding draw amounts.

44.     Plaintiffs and those similarly situated at times worked for KB Home without receiving any commissions in some pay periods.  For example, if an onsite salesperson failed to sell a new home during a pay period, he/she received no commissions for the pay period.

45.     In the workweeks in which Plaintiffs and those similarly situated made little or no commissions, KB Home failed to pay them at least minimum wage for each hour worked.

46.     Plaintiffs and those similarly situated are non-exempt current and/or former employees of KB Home that were misclassified as exempt.

47.     Plaintiffs and those similarly situated routinely worked in excess of forty (40) hours per workweek as part of their regular job duties as an onsite salesperson.

48.     KB Home has never paid Plaintiffs and those similarly situated any overtime compensation.

49.     KB Home fails to maintain any record of the time actually worked by onsite salespersons outside of California.  With respect to onsite salespersons who work in California, KB Home utilizes an electronic timekeeping system but fails to maintain accurate time records.

50.      Upon information and belief, KB Home has destroyed or failed to maintain email and other documents and other electronically stored information, data and documents ("ESI") generated, created, and/or received by, or relating to, Plaintiffs and those similarly situated which would demonstrate that they worked overtime and performed non-exempt job duties.

51.     In light of KB Home's failure to accurately record time worked by salespersons, including Plaintiffs and those similarly situated, KB Home failed to maintain accurate time records in violation of the FLSA and California state law.

52.     Upon information and belief, KB Home has previously been sued and/or been subject to complaints by onsite salespersons regarding failure to pay overtime compensation and/or minimum wage, as well as violations of California wage and hour laws.

## FLSA COLLECTIVE ACTION ALLEGATIONS

53.     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

54.     KB Home has violated the FLSA in that:

    a.   Plaintiffs and the collective action members have worked in excess of forty (40) hours per workweek without any overtime compensation;

    b.   No payments or provisions of payment have been made to compensate Plaintiffs and the collective action members at the statutory rate of one and one-half times their regular rate of pay for those hours worked in excess of forty (40) hours per workweek;

c.  KB Home has failed to make any payments and/or insufficient payments to constitute at least minimum wage in at least some workweeks; and

d.  KB Home has failed to maintain proper time records as mandated by the FLSA.

e.  KB Home knowingly, willfully and in bad faith has failed to pay overtime wages and/or minimum wage to Plaintiffs and the collective action members in violation of the FLSA.

55.  Each and every violation of the FLSA alleged herein has been committed willfully by KB Home within the meaning of 29 U.S.C. § 255(a).

56.  KB Home is further aware that Plaintiffs and the collective action members have performed work for which they received no compensation, and certainly no overtime compensation.

57.  KB Home's conduct has been willful and in bad faith.

58.  Plaintiffs and the collective action members are entitled to receive liquidated damages for such conduct.

59.  KB Home's practice is to be deliberately indifferent to violations of overtime and/or minimum wage requirements.

60.  Plaintiffs sue on their own behalf and on behalf of a collective action of similarly situated salespersons under the FLSA.

61.  Other employees have been victimized by this pattern, practice, and policy of KB Home that is in violation of the FLSA.   Plaintiffs are aware that the illegal practices and policies of KB Home have been imposed on other workers.

62.  The collective action consists of all persons nationwide who worked for KB Home, including its subsidiaries and affiliates, as an onsite salesperson at any time during the relevant

time period and who were paid on a commission basis and misclassified as "exempt" workers, and

who were not paid minimum wage and/or overtime compensation at one and one half times their

regular rate of pay for all hours worked over forty (40) hours per workweek, all in violation of the

FLSA.

63.     Plaintiffs file this case as an "opt-in" collective action as specifically allowed by

29 U.S.C. § 216(b).  Plaintiffs bring these claims on their own behalf and on behalf of all other

similarly situated salespersons who have not been fully compensated for all work performed, time

spent, and activities conducted for the benefit of KB Home.

64.     Plaintiffs and members of the collective action are similarly situated in that they all

have performed essentially the same respective job functions and have been subject to essentially

the same pay provisions.

65.     Because Plaintiffs and the collective action members share common job duties and

pay provisions as salespersons, Plaintiffs' experiences are typical of the experience of the other

salespersons.

66.     Plaintiffs seek to represent those similarly situated who have provided consent in

writing to join this action as required by 29 U.S.C. § 216(b).  Copies of the written consents of

those who have chosen to opt in to this matter have been filed in this action and are incorporated

herein by reference.

### RULE 23 CLASS ALLEGATIONS

**Definition of Plaintiff Class and Subclasses**

67.     The California Class is defined as:

> All persons who are/were employed by KB Home in the State of California as an
> onsite salesperson with the job title of onsite sales counselor, sales associate, sales
> representative, salesperson or with any similar title who performed similar duties
> of Plaintiffs Andrea Bejenaru and Robin Hogan and were paid on a commission

basis ("salesperson" or "onsite salesperson") and who have been denied meal periods, rest periods, and/or overtime compensation and/or who were not provided with properly itemized wage statements.

68.     Plaintiffs Andrea Bejenaru and Robin Hogan bring these claims for relief for violation of California wage and hour laws as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

**Class Action Requisites**

69.     *Numerosity*.  The California Class Members are so numerous that joinder of all members is impracticable.  Upon information and belief, KB Home has employed more than 200 persons who meet the definition of the California Class.  The number and identity of the proposed California Class Members are readily ascertainable through inspection of KB Home's records.

70.     *Commonality*.  Common questions of law and fact exist as to members of the California Class, including but not limited to the following:

     a.   Whether KB Home implemented and engaged in a systematic practice whereby it unlawfully failed to provide salespersons with "off-duty" legally compliant meal periods;

     b.   Whether KB Home implemented and engaged in a systematic practice whereby it unlawfully failed to provide salespersons with "off-duty" legally compliant rest periods;

     c.   Whether KB Home implemented and engaged in a systematic practice whereby it failed to pay salespersons overtime wages;

     d.   Whether KB Home implemented and engaged in a systematic practice whereby it failed to pay all wages owed to its salespersons;

    c.   Whether KB Home implemented and engaged in a systematic practice whereby they failed to provide accurate compensation statements to its salespersons;

    d.   Whether KB Home has willfully failed to pay, at the time of termination of employment, all earned wages owed as a consequence of failing to provide required meal and rest periods;

    e.   Whether the systematic acts and practices of KB Home, as alleged herein, violated applicable provisions of the Labor Code, including but not limited to sections 226 and 226.7, as well as the applicable Wage Orders.

71.    *Typicality*.  Plaintiffs Andrea Bejenaru's and Robin Hogan's claims are typical of the California Class Members' claims.   The California Class were all subject to KB Home's policies, including: (1) failing to provide legally compliant meal breaks; (2) failing to provide legally compliant rest breaks; (3) failing to pay overtime compensation; (4) failing to pay all wages owed; and (5) failing to provide accurate wage statements.

72.    *Predominance*.  Questions of fact and law common to the California Class predominate over any questions affecting only individual members. These aforementioned predominate common questions of law and fact are sufficiently numerous and substantial and may be jointly tried such that the class action method is advantageous to the judicial process and the Plaintiffs.

73.    *Adequacy of Representation*.  Plaintiffs Andrea Bejenaru and Robin Hogan will fairly and adequately protect the interests of the California Class and have retained counsel experienced in pursuing complex employment matters and class action/multi-party litigation who will adequately, competently and vigorously represent the interests of the California Class.

Plaintiffs Andrea Bejenaru's and Robin Hogan's claims are not adverse to or in conflict with the claims of the California Class.

74.    *Superiority*.  Class action treatment is superior to other available methods for the fair and efficient adjudication of the controversy alleged herein.  Treating this as a class action will permit a large number of persons to prosecute their common claims in a single forum simultaneously, efficiently and without the duplication of effort and expenses that numerous individual actions would entail.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FLSA
**(Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*)**

75.    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

76.    Plaintiffs and the collective action members are lawfully non-exempt employees and were improperly classified as exempt employees.

77.    Plaintiffs and the collective action members worked in excess of forty (40) hours per workweek for which they were not compensated at the statutory rate of one and one-half times their regular rate of pay.

78.    During some workweeks, Plaintiffs and the collective action members were not paid the federal minimum wage for all hours worked.

79.    Plaintiffs and the collective action members are/were entitled to be paid at the statutory rate of one and one-half times their regular rate of pay for those hours worked in excess of forty (40) hours per workweek, as well as federal minimum wage for all hours worked.

80.    In further violation of the FLSA, KB Home has failed to maintain accurate employee pay records, including the number of hours worked per workweek, by Plaintiffs and the collective action members in violation of 29 U.S.C. § 211(c).

81.    Plaintiffs and the collective action members were misclassified as "exempt" workers under the FLSA.

82.    KB Home deliberately misclassified Plaintiffs and the collective action members as exempt employees to avoid paying them overtime compensation and/or minimum wage.

83.    No exemption excused KB Home from paying Plaintiffs and the collective action members overtime compensation and/or minimum wage.

84.    KB Home has not made a good faith effort to comply with the FLSA.

85.    KB Home's conduct is willful within the meaning of 29 U.S.C. § 255(a).

86.    KB Home has failed to properly disclose or apprise Plaintiffs and the collective action members of their rights under the FLSA.

87.    KB Home knowingly, willfully, and/or with reckless disregard carried out its illegal pattern or practice regarding these violations of the FLSA as alleged herein.

88.    As a direct and proximate result of the intentional, willful, and/or unlawful acts of KB Home, Plaintiffs and the collective action members have suffered and continue to suffer damages and lost wages, plus liquidated damages.

89.    Plaintiffs and the collective action members are entitled to an award of reasonable attorneys' fees, costs, litigation expenses and expert witness fees, pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### FAILURE TO PAY OVERTIME UNDER CALIFORNIA LAW
### (California Labor Code §§ 510, 1194)

90.     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

91.     California Labor Code §§ 510, 1198 and 8 California Code of Regulation § 11040, as amended, provide that employees in California shall not be employed more than eight (8) hours in any workday, and more than forty (40) hours in any workweek, unless they receive additional compensation beyond their regular wages at a rate of time and one-half (1½ ), with double time after eight (8) hours of the seventh day of any work week or after twelve (12) hours in any work day.

92.     Plaintiffs Andrea Bejenaru, Robin Hogan, and the California Class were regularly and consistently required to work more than (8) hours in any workday, and more than forty (40) hours in any workweek and were not compensated for such work at premium rates.

93.     KB Home knowingly and willfully violated the provisions of Labor Code §§ 510 and 1194 by refusing to perform their obligations to compensate Plaintiffs Andrea Bejenaru, Robin Hogan and the California Class for all wages earned and all hours worked.

94.     As a result of the unlawful acts of KB Home, Plaintiffs Andrea Bejenaru, Robin Hogan, and the California Class have been deprived of overtime in amounts to be determined at trial, and are entitled to recover such amounts, plus interest and penalties, attorneys' fees and costs pursuant to Labor Code §§ 510 and 1194.

**THIRD CAUSE OF ACTION**
**FAILURE TO PROVIDE REQUIRED MEAL BREAKS**
**(California Labor Code §§ 226.7, 512)**

95.     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

96.     At all times relevant herein, in violation of Labor Code § 226.7(a), KB Home knowingly and intentionally required employees to work during meal periods mandated by California Labor Code § 512, 8 California Code of Regulation § 11040, and IWC Wage Order 4.

97.     IWC Wage Order 4 regulates salespersons such as Plaintiffs Andrea Bejenaru, Robin Hogan and the California Class.

98.     Section 11(A) of the applicable Wage Order and section 512 of the Labor Code require an employer to pay an additional hour of compensation for each meal period the employer fails to provide.  Employees are entitled to a meal period of at least thirty (30) minutes per five (5) hour work period.  Plaintiffs Andrea Bejenaru, Robin Hogan and the California Class consistently worked shifts over five (5) hours.  KB Home consistently failed to provide Plaintiffs Andrea Bejenaru, Robin Hogan and the California Class with meal breaks as required by the Code.

99.     Section 11(B) of the applicable Wage Order states that if an employer fails to provide an employee with a meal period, the employer shall pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

100.     As a proximate result of KB Home's violation, Plaintiffs Andrea Bejenaru, Robin Hogan and the California Class were injured.  Pursuant to Labor Code § 226.7(b) and related administrative orders and regulations Plaintiffs Andrea Bejenaru, Robin Hogan, and the California Class are entitled to damages in an amount equal to one (1) hour of wages for each missed meal break, in a sum to be proven at trial.

**FOURTH CAUSE OF ACTION**
**FAILURE TO ALLOW REST BREAKS**
**(California Labor Code § 226.7)**

101.    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

102.    California Labor Code § 226.7(a) prohibits an employer from requiring employees to work during any rest period mandated by an applicable order of the IWC.

103.    The IWC has issued various Wage Orders including Wage Order 4, which regulates Professional, Technical, Clerical, Mechanical and Similar Operations, including salespersons such as Plaintiffs Andrea Bejenaru, Robin Hogan and the California Class.

104.    Section 12(A) of the applicable Wage Order states that "the authorized rest period time shall be based on the total hours worked daily at the rate of ten minutes net rest time per four hours or major fraction thereof."

105.    Section 12(B) of the applicable Wage Order requires an employer to pay an employee one hour of regular pay for each work day that the rest period is not provided.

106.    At all times relevant herein, in violation of Labor Code § 226.7(a), KB Home knowingly and intentionally required employees to work during required rest periods.

107.    As a proximate result of KB Home's violation, Plaintiffs Andrea Bejenaru, Robin Hogan and the California Class were injured.  Pursuant to Labor Code § 226.7(b) and related administrative orders and regulations, Plaintiffs Andrea Bejenaru, Robin Hogan and the California Class are entitled to damages in an amount equal to one (1) hour of wages per missed rest break.

## FIFTH CAUSE OF ACTION
## FAILURE TO PROVIDE ITEMIZED WAGE STATEMENTS
### (California Labor Code § 226)

108.    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

109.    KB Home knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, *inter alia*, hours worked and all applicable hourly rates in effect during the pay period, to Plaintiffs Andrea Bejenaru, Robin Hogan and the California Class in accordance with Labor Code § 226(a) and the IWC Wage Orders.

110.    Such failure to provide properly itemized wage statements including all hours worked caused Plaintiffs Andrea Bejenaru, Robin Hogan and the California Class to have confusion over whether they were properly compensated and resulted in their inability to determine whether they received all wages for all hours actually worked.

111.    Plaintiffs Andrea Bejenaru, Robin Hogan and the California Class seek penalties under Labor Code § 226(e) including the greater of all actual damages or fifty dollars for the initial pay period in which a violation occurs and one hundred dollars per employee for each violation in a subsequent pay period and an award of costs and attorneys' fees.

## SIXTH CAUSE OF ACTION
## WAITING TIME PENALTIES
### (California Labor Code § 201-203)

112.    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

113.    Plaintiffs Andrea Bejenaru, Robin Hogan and numerous Class Members are no longer employed by KB Home, in that they quit or were discharged from employment.

114.    KB Home willfully refused, and continues to refuse, to pay Plaintiffs Andrea Bejenaru, Robin Hogan and these Class Members all wages earned and owed in a timely manner as required by Labor Code §§ 201-203.

115.    KB Home's failure to pay wages, as alleged above, was willful in that KB Home knew wages were due but failed to pay them, thus entitling Plaintiffs Andrea Bejenaru, Robin Hogan and Class Members to penalties under Labor Code § 203, which provides that an employee's wages shall continue as a penalty until paid for a period up to thirty (30) days from the time they were due.

116.    KB Home has failed to pay Plaintiffs Andrea Bejenaru, Robin Hogan and others a sum certain at the time of termination or within seventy-two (72) hours of their resignation, and have failed to pay those sums for thirty (30) days thereafter.

117.    Pursuant to the provisions of Labor Code § 203, Plaintiffs Andrea Bejenaru, Robin Hogan and the Class Members are entitled to a penalty in the amount of their daily wage multiplied by thirty (30) days.

**SEVENTH CAUSE OF ACTION**
**UNFAIR AND UNLAWFUL BUSINESS PRACTICES**
**(California Business and Professions Code § 17200, *et seq.*)**

118.    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

119.    The unlawful conduct and practices as alleged herein violate the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*  The UCL prohibits unfair competition by prohibiting any unlawful or unfair business acts or practices.

120.    KB Home has committed and continues to commit acts of unfair competition as defined by the UCL by, among other things, engaging in the acts and practices described herein.

KB Home's conduct has damaged Plaintiffs Andrea Bejenaru, Robin Hogan and the California Class by wrongfully denying them earned wages, and KB Home's conduct has been substantially injurious to Plaintiffs Andrea Bejenaru, Robin Hogan and the Class Members.  KB Home engaged in unfair competition in violation of the UCL.

121.    KB Home has violated statutes and public policies.  KB Home's policy of not providing meal and rest breaks and not paying all wages owed violates fundamental wage and hour laws.  Through the conduct alleged herein, KB Home has acted contrary to these public policies, has violated specific provisions of the Labor Code, and has engaged in other unlawful and unfair business practices in violation of Business & Professions Code § 17200, *et seq*.

122.    KB Home's course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitute a separate and independent violation of the UCL.

123.    The harm to Plaintiffs Andrea Bejenaru, Robin Hogan and the Class Members in being wrongfully denied lawfully earned wages outweighs the utility, if any, of KB Home's policies or practices and, therefore, KB Home's actions described herein constitute an unfair business practice or act within the meaning of the UCL.

124.    By engaging in the conduct alleged herein, KB Home either knew or in the exercise of reasonable care should have known that the conduct was unlawful.  As such it is a violation of the UCL.

125.    As a proximate result of the above-mentioned acts of KB Home, Plaintiffs Andrea Bejenaru, Robin Hogan and the Class Members are entitled to equitable and injunctive relief, including full restitution and/or disgorgement of all wages and premium pay which have been unlawfully withheld from them.

126.    Unless restrained by this Court, KB Home will continue to engage in the unlawful conduct all alleged above.   Pursuant to the UCL, this Court should make such orders and judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by KB Home, their agent or employees, of any unlawful or deceptive practices as prohibited by the UCL.

127.    Plaintiffs Andrea Bejenaru, Robin Hogan and the Class Members further request that the Court enforce the penalty provision of Labor Code § 203, pursuant to Business and Professions Code § 17200, which provides: "Notwithstanding Section 3369 of the Civil Code, specific or preventive relief may be granted to enforce a penalty, forfeiture, or penal law in a case of unfair competition."

**EIGHTH CAUSE OF ACTION**
**PRELIMINARY AND PERMANENT INJUNCTION**

128.    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

129.    KB Home has violated various provisions of the California Labor Code, Business and Professions Code, and Wage Orders as alleged herein, and if KB Home is not enjoined from this conduct, it will continue to engage in these unlawful practices.

130.    Monetary compensation alone will not afford adequate and complete relief to Plaintiffs Andrea Bejenaru, Robin Hogan and the Class Members because it is impossible to determine the amount of future damages that will result from KB Home's actions if such conduct is not enjoined now.

131.    Plaintiffs Andrea Bejenaru and Robin Hogan request that the Court issue a preliminary and permanent injunction requiring KB Home to: (a) advise all Class Members of their rights pursuant to the California Labor Code and IWC Wage Orders; (b) provide Plaintiffs Andrea

Bejenaru, Robin Hogan and the Class Members with all applicable benefits afforded by California's Labor Code and the appropriate Wage Orders including but not limited to the provision of meal and rest periods; (c) provide Plaintiffs Andrea Bejenaru, Robin Hogan and the Class Members wage and hour statements as required by the Labor Code and regulations; and (d) pay Plaintiffs Andrea Bejenaru, Robin Hogan, and members of the Class all wages earned upon termination of their employment, including unpaid premium wages.

## NINTH CAUSE OF ACTION
### CIVIL PENALTIES UNDER LABOR CODE PRIVATE ATTORNEY GENERALS ACT
#### (California Labor Code § 2698, *et seq.*)

132.    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

133.    Plaintiffs Andrea Bejenaru and Robin Hogan bring this lawsuit on behalf of themselves and all other aggrieved employees who suffered from the violations alleged herein.

134.    Plaintiffs Andrea Bejenaru and Robin Hogan have given written notice to KB Home and the California Labor Workforce Development Agency by letter specifying the Labor Code violated and describing the facts and theories to support the particular violations.  Plaintiffs Andrea Bejenaru and Robin Hogan gave initial notice on December 15, 2015, and such notice is attached hereto as Exhibit 1.

135.    The Labor and Workforce Development Agency has not notified the aggrieved employee of any intent to investigate these claims.  Therefore, Plaintiffs Andrea Bejenaru and Robin Hogan have complied with all preconditions to alleging remedies under California Labor Code § 2698, *et seq.*

136.    KB Home's conduct as set forth herein has caused injury to Plaintiffs Andrea Bejenaru, Robin Hogan and all those similarly situated and has violated various provisions of the

California Labor Code. Under California Labor Code section 2699(f), "[f]or all provisions of this code except for those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows: . . . (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation."

137.    Based on the conduct alleged herein, Plaintiffs Andrea Bejenaru and Robin Hogan seek and KB Home is liable for penalties for the following violations:

    a.    On the California overtime as alleged in the second cause of action, penalties under California Labor Code section 2699(f) and California Labor Code section 558;

    b.    On the California failure to provide meal break violations as alleged in the third cause of action, penalties under California Labor Code section 2699(f);

    c.    On the California pay stub violations as alleged in the fifth cause of action, penalties under California Labor Code section 2699(f) and California Labor Code section 226.3;

    d.    On the California waiting time violations as alleged in the sixth cause of action, penalties under California Labor Code section 2699(f).

138.    Plaintiffs Andrea Bejenaru and Robin Hogan are also entitled to, and seek on behalf of themselves and all others similarly situated, all reasonable attorneys' fees and costs of suit pursuant to Labor Code section 2699(g).

## DEMAND FOR TRIAL BY JURY

139.    Plaintiffs, on behalf of themselves and those similarly situated, demand a trial by jury.


## PRAYER FOR RELIEF

WHEREFORE Plaintiffs, individually and on behalf of all others similarly situated, pray for relief against KB Home as follows:

a.   An order certifying this matter as a collective action pursuant to the procedures of Section 216 of the Fair Labor Standards Act;

b.   An order certifying this matter as a Rule 23 class action;

c.   A declaratory judgment that the practices complained of herein with respect to KB Home are unlawful under the FLSA;

d.   An order preliminarily and permanently restraining and enjoining KB Home and its officers, agents, successors, employees, representatives and any and all persons in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

e.   An award of damages and restitution for all unpaid wages (including fringe benefits and bonuses), unpaid overtime compensation (at one and one-half their regular rate of pay), and unpaid minimum wages and other injuries;

f.   An award of liquidated damages;

g.   All applicable penalties for the violations set forth herein;

h.   An award of pre-judgment and post-judgment interest at the highest rate permitted by law;

i.   An award of reasonable attorneys' fees, litigation expenses, expert fees, and

costs of court incurred in vindicating the rights of Plaintiffs and all those

similarly situated; and

j.   Such other and further relief as this Court deems just and proper.


Dated:  December 15, 2015

                              Respectfully submitted,

                              By: /s/ Rhonda H. Wills
                                  Rhonda H. Wills
                                  ATTORNEY-IN-CHARGE
                                  State Bar No. 00791943
                                  S.D. Id. No. 20699
                                  WILLS LAW FIRM, PLLC
                                  1776 Yorktown, Suite 570
                                  Houston, Texas  77056
                                  Telephone:  (713) 528-4455
                                  Facsimile:  (713) 528-2047


                                  John M. Padilla
                                  State Bar No. 00791395
                                  PADILLA & RODRIGUEZ, L.L.P.
                                  5433 Westheimer Road, Suite 825
                                  Houston, Texas 77056
                                  Telephone: (713) 574-4600
                                  Facsimile: (713) 574-4601

                              ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on **December 15, 2015**, I electronically filed the foregoing document with the clerk of the court for the Southern District of Texas using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented to accept this Notice as service of this document by electronic means.

*/s/ John M. Padilla*
John M. Padilla