**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| **KIP EDWARDS et al.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 3:11-CV-00240** |
| | § | |
| **KB HOME,** | § | |
| | § | |
| **Defendant.** | § | |

**CALIFORNIA RULE 23 CLASS SETTLEMENT AGREEMENT**

1.      This Settlement Agreement ("Settlement") is entered into by Plaintiffs Andrea Bejenaru and Robin Hogan ("California Plaintiffs"), on behalf of themselves and the Rule 23 "California Only Class" and the California/FLSA Class (defined at paragraph 11(a) and (b) herein) and Defendant KB Home. The California Plaintiffs and KB Home, collectively, are the Parties to this Settlement.

**B.      Factual Background and Recitals**

2.      On September 12, 2013, eleven KB Home salespersons in California, including California Plaintiffs Andrea Bejenaru and Robin Hogan, sued in the Superior Court of the State of California in and for the County of Los Angeles, bringing claims under California state law, in a lawsuit styled *Andrea L. Bejenaru et al. v. KB Home et al.*, Case No. BC521236, (the "*Bejenaru* Lawsuit"). The *Bejenaru* Lawsuit brought claims for alleged violations of sections of the California Labor Code requiring payment of overtime (including for time worked past eight hours per day), the provision of meal periods, rest breaks, itemized wage statements, penalties for failure to pay wages in a timely fashion at the end of employment, and for unfair business practices in alleged violation of California Business and Professions Code sections 17200, *et seq.* The eleven named plaintiffs in the *Bejenaru* Lawsuit sought to represent an "opt-out" class under

Rule 382, California Rules of Court, on behalf of other persons employed in California by <u>KB Home</u> and its affiliated entities doing business in California, during a period beginning four years before the filing of the *Bejenaru* Lawsuit (i.e., from September 12, 2009).   The *Bejenaru* plaintiffs sought to represent those who held positions as onsite salespersons with the job title of onsite sales associate, sales associate, sales counselor, sales representative or any similar title and who performed duties similar to those of the named plaintiffs, including <u>California Plaintiffs</u> Andrea Bejenaru and Robin Hogan, who were allegedly misclassified as exempt employees. During the pendency of the *Bejenaru* Lawsuit, the L.A. Superior District Court stayed the matter and instructed the parties to conduct discovery through the *Edwards* Lawsuit.

      3.   <u>Third Amended Complaint</u>.   To facilitate settlement, on December 15, 2015, the <u>California Plaintiffs</u> added their California law claims to the matter of *Edwards v. KB Home*, Cause No. 11-240 in the U.S. District Court for the Southern District of Texas, Galveston Division (the "*Edwards* Lawsuit"), by means of filing a Third Amended Complaint (Docket # 261). The <u>California Plaintiffs</u> brought claims on behalf of a proposed <u>California Only Class</u> and a proposed <u>California/FLSA Class</u> (defined at paragraph 11(a) and (b), below), pursuant to Federal Rule of Civil Procedure 23.   Those claims were originally asserted in the <u>*Bejenaru*</u> <u>Lawsuit</u>, specifically claims under California Labor Code §§ 201, 202, 203, 226.7, 226, 510, 512, 526, 1194, 1198, Industrial Welfare Commission ("IWC") Order No. 4-2001, and the California Business and Professions Code section 17200, *et seq.*  The <u>California Plaintiffs</u> also assert claims to recover civil penalties under the California Private Attorneys General Act, Cal. Lab. Code §2698 *et seq.* ("PAGA"). These claims under California law described in the preceding two sentences are hereinafter referred to as <u>California Claims</u>. As a prerequisite to inclusion of the PAGA claims in this Action and in the <u>Settlement</u>, <u>Class Counsel</u> sent a letter to

the California Labor and Workforce Development Agency (the "LWDA") on December 15, 2015, by certified mail, received by LWDA on December 21, 2015, describing the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.  More than 33 calendar days have passed since the letter to the LWDA was postmarked and, no response from the LWDA having been received, the prerequisites for inclusion of the PAGA claims in this Action and in this Settlement as set forth in California Labor Code 2699.3(a)(2)(A) have been met.

4.     KB Home denies the allegations made by the California Plaintiffs in the Third Amended Complaint.

5.     California Plaintiffs Bejenaru and Hogan are represented by the following counsel: Lead Counsel, Rhonda H. Wills, Wills Law Firm, PLLC, and Co-Counsel John M. Padilla, Padilla & Rodriguez, LLP ("Class Counsel").  The Parties agree to move the Court for an Order designating them as Class Counsel.

6.     Class Counsel have conducted a thorough investigation into the facts of the California Claims and have diligently pursued an investigation of the claims of the Putative California Class (defined in paragraph 13 below) against KB Home.  The Parties conducted significant discovery and investigations regarding the facts pertinent to the California Claims, including the depositions of several class members.  Based on their own independent investigation and evaluation, Class Counsel is of the opinion that the resolution of the California Claims with KB Home for the consideration and on the terms set forth in this Settlement is fair, reasonable, and adequate and is in the best interest of the Class Members in light of all known facts and circumstances, including the risk of significant delay, defenses asserted by KB Home, and numerous potential appellate issues.  The Parties further recognize that unless they settle

their disputes, the issues presented are not likely to be resolved without extensive and costly pretrial proceedings and that further litigation will cause inconvenience, distraction, disruption, delay and expense potentially disproportionate to the potential benefits of litigation. The Parties have taken into account the risk and uncertainty of the outcome inherent in any litigation. The Parties specifically agree that the amount of the settlement and the allocation of sums are fair and just in light of the discovery and investigations conducted.

7.    Counsel for the Parties have engaged in extensive arm's-length settlement negotiations, including a mediation before noted wage and hour class action mediator, Mark Rudy, on April 9, 2015 (and continuing telephonically thereafter), and on February 3, 2016, which ultimately resulted in this Settlement pursuant to a mediator's proposal.

8.    The Parties are represented by competent counsel and have had the opportunity to consult with counsel prior to the submission of this Settlement to the Court.

9.    Nothing in this Settlement, or the fact of the Settlement itself, shall be construed or deemed an admission of liability, culpability, negligence, or wrongdoing of any kind on behalf of KB Home with respect to the asserted California Claims. KB Home denies all the claims and contentions alleged by the California Plaintiffs on their own behalf and on behalf of the Putative California Class (as defined in paragraph 13). Nonetheless, KB Home has concluded that further litigation would be protracted and expensive, and would also divert management and employee time. KB Home has taken into account the uncertainty and risks inherent in litigation, especially in multi-party cases. KB Home, therefore, has concluded that it is desirable that the claims of the California Plaintiffs and the Classes (described in paragraphs 11 and 13, below) be fully and finally settled in the manner and upon the terms and conditions set forth in this Settlement.

### C.   Terms of Settlement

10.   The Parties have agreed to fully, finally, and forever compromise and settle the California Claims asserted under California law in the Third Amended Complaint and those other claims as described in paragraphs 50 and 51, below.

11.   Class Definitions and Certification.

(a)   The Parties agree to request that the Court certify the following putative California Only Class for the sole purpose of settlement of the California Claims in the Third Amended Complaint.

> All persons who were employed by KB Home in the State of California as an onsite salesperson with the job title of onsite sales associate, sales associate, sales counselor, sales representative or any similar title, at any time during the period of September 12, 2009, to December 31, 2015, and who have not become Plaintiffs in the matter of *Kip Edwards et al., Plaintiffs v. KB Home, Defendant*, filed in the United States District Court for the Southern District of Texas, Galveston Division, and bearing Civil Action No. 3:11-CV-00240.

(b)   The Parties further agree to request that the Court certify the following putative California/FLSA Class for the sole purpose of settlement of the California Claims in the Third Amended Complaint:

> All persons who were employed by KB Home in the State of California as an onsite salesperson with the job title of onsite sales associate, sales associate, sales counselor, sales representative or any similar title, at any time during the period of September 12, 2009, to December 31, 2015 and who have also become Plaintiffs (including opt-in Plaintiffs) in the matter of *Kip Edwards et al., Plaintiffs v. KB Home, Defendant*, filed in the United States District Court for the Southern District of Texas, Galveston Division, and bearing Civil Action No. 3:11-CV-00240.

12.   This Settlement shall not constitute, in this or any other proceeding, an admission

Firmwide:139648920.1 047343.1125

of any kind by KB Home that certification of a class for purposes other than this Settlement is appropriate.   KB Home retains the right to oppose class certification on all grounds available to it in the event this Settlement does not receive final approval from the court.

13.   Those persons who fall within the descriptions of the California Only Class and the California/FLSA Class described in paragraphs 11(a) and (b) are referred to, collectively, as the "Putative California Class."   Those persons among the Putative California Class who do not make a timely and valid Request for Exclusion from the Putative California Class will be referred to in this Settlement as the California Only Class or the California/FLSA Class and may be collectively referred to as the Class Members.   The Parties further agree that the Class Period for both is September 12, 2009 to December 31, 2015.

14.   Gross Settlement Amount.   KB Home agrees to pay a total of $3,416,335.00 (the "Gross Settlement Amount") for all payments of any kind under this Settlement, including the resolution of all claims of Class Members, for the Claims Administrator's fees and costs and for Class Counsel's attorneys' fees, costs and expenses, for Service Payments,  for allocation of civil penalties to be paid to the California LWDA, and for Class Members' portion of employee payroll taxes, (but not KB Homes' share of payroll taxes).   Under no circumstances shall KB Home be required to make any other payment of any kind in this Settlement in excess of the Gross Settlement Amount, including, but not limited to, any additional payment to any of the Class Members, the Claims Administrator, or Class Counsel, except as to KB Home's share of payroll taxes as set forth herein.

15.   Allocation of PAGA Civil Penalties.   The Parties request that the Court approve an allocation of Fifty Thousand Dollars ($50,000) from the Gross Settlement Amount to the release of all claims of the Class Members for violation of the PAGA.   Seventy five percent of

that amount, or $37,500, is allocated, as required by the PAGA, to be paid to the LWDA. The remaining 25%, or $12,500, shall be divided equally among all the Class Members who were employed by KB Home at any time on or after December 15, 2014 (that is, within the year preceding the filing of the Third Amended Complaint) through December 31, 2015.

16.     Net Settlement Amount.   The Net Settlement Amount shall be calculated by deducting from the Gross Settlement Amount the following sums:   (1) for Class Counsel's attorneys' fees of up to $1,366,535.00 , subject to Court approval; (2) for Class Counsel's costs and litigation expenses of up to $117,500.00, subject to Court approval; (3) for Service Payments in an amount not to exceed $15,000 to Bejenaru, and in an amount not to exceed $10,000 to Hogan; (4) $50,000 for payments to the LWDA and qualifying Class Members to resolve claims under the PAGA to be allocated as described in paragraph 15; (5) a reserve fund of $23,500.00 to resolve claim disputes; and (6) all reasonable fees and costs incurred by the Claims Administrator, in a sum not expected to exceed $11,750.00.

17.     If Class Counsel appeal a reduction by the Court in the amount of fees or costs and expenses sought, the Claims Administrator shall retain the amount in dispute and shall withhold it from distribution to the Class Members until any such appeal is withdrawn, with prejudice, or fully and finally determined.

18.     Unapproved Requests For Payments From The Gross Settlement Amount. If any of the amounts the Parties request be paid from the Gross Settlement Amount are reduced by the court, the difference between the amount requested and the amount approved will be added to the Net Settlement Amount to pay valid and timely Claims and shall not revert back to KB Home.

19.     Payment of Settlement.   The amount of Individual Payments to each Service Recipient and /or Class Member shall be calculated in the following manner:

a.    Service Payment, if any; and

b.    the PAGA allocation, if any; and

c.    each Class Member's Pro Rata Payment.  Each Pro Rata Payment is a share of the Net Settlement Amount, based on each Class Member's Points, and a minimum allotment of $500.00.

    (1)    To determine each "<u>Class Member's Points</u>":

        (a)    Determine the <u>Class Member's</u> average weekly compensation for the Class Period;

        (b)    Multiply total weeks worked in the Class Period by the <u>Class Member's</u> weekly average compensation to determine the <u>Class Member's</u> compensation;

            (i)    Multiply the Class Member's compensation by:

                a)    Members of the <u>California Only Class</u>: .75

                b)    Members of the <u>California/FLSA Class</u>: .25

    (2)    To calculate each <u>Class Member's</u> <u>Pro Rata Payment</u>:

        (a)    Add all <u>Class Member's</u> points together to obtain the "<u>Total Denominator</u>";

        (b)    Divide the number of points for each Class Member by the <u>Total Denominator</u> to obtain each Class Member's percentage of the <u>Net Settlement Amount</u>.

        (c)    Multiply the <u>Class Member's</u> percentage obtained in Paragraph 19(c)(2)(b), above against the <u>Net Settlement Amount</u> to determine <u>Class Member's</u> <u>Pro Rata Payment</u>.

        (d)    For <u>Class Members</u> whose <u>Pro Rata Payment</u> calculated above is less than $500, revise their share upward to $500. Re-weight the remaining settlement funds pro-rata using the proportionate percentages calculated in steps (2)(a) and b), excluding members whose shares were already revised upward to $500, in order to calculate the revised <u>Pro Rata Payment</u> amounts for <u>Class Members</u> receiving more than $500.

d.    The Claims Administrator shall provide its calculations to <u>Class Counsel</u> and counsel for <u>KB Home</u> within five days after the expiration of the deadline set forth in Paragraph 33 herein.  The calculations to be provided

Firmwide:139648920.1 047343.1125

to Class Counsel shall not identify Class Member's by name or other personal identifiers such as address or Social Security number, but instead shall include a unique identifying number generated for this purpose.

e.   Class Counsel and counsel for KB Home shall have five (5) days to review, verify, and comment on the calculations provided by the Claims Administrator.   The Claims Administrator shall review any comments received from Class Counsel and/or counsel for KB Home and shall finalize the Individual Payment calculations within five (5) days thereafter.

f.   The total of all Pro Rata Payments shall not exceed the Net Settlement Amount.

g.   Unclaimed Individual Payments shall be deposited with the unclaimed property or wage fund of the state where the Class Member resided when last employed by KB Home.

20.   Taxes:   Class Member's Pro-Rata Payments will be allocated as follows: (i) wages (50%) (from which taxes will be withheld), and (ii) penalties and interest (50%).

21.   Class Members are responsible to pay appropriate taxes due on the Individual Payments they receive (except for KB Home's share of payroll, social security, and Medicare tax).   Appropriate federal, state, and local withholding taxes will be taken out of the wage allocations, and each Class Member will receive an IRS Form W-2 with respect to this portion of the settlement payment. IRS Forms 1099 will be issued reflecting the payments for penalties (including PAGA allocations) for Service Payments, and interest.   No taxes will be withheld from service awards.  All Individual Payments to Class Members  shall be deemed to be paid solely in the year in which such payments are actually issued.  Counsel do not purport this communication to constitute legal advice.   To the extent that this Settlement, or any of its Exhibits, is interpreted to contain or constitute advice regarding any U.S. Federal tax issue, such advice is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding penalties under the Internal Revenue Code.

22.   Full Compensation.  Other than those payments set forth herein, the Individual

Payments provided for in this Settlement are the sole payments to be made by KB Home to any person or entity in consideration for the claims released in paragraphs 50 and 51. No Class Member or Service Award recipient will be entitled to any additional compensation or benefits as a result of receiving amounts under this Settlement. For example, receipt of Individual Payments will not entitle any Class Member or Service Award recipient to additional compensation or benefits under any company bonus, contest or other compensation or benefit plan or agreement in place during the Class Period covered by this Settlement. Payments under the Settlement will not entitle a Class Member to any increased retirement, 401(k) benefits or matching benefits, or other compensation benefits. This provision will apply notwithstanding any contrary language or agreement in any benefit or compensation plan document that might have been in effect during the period covered by this Settlement.

23. **Attorneys' Fees.** In consideration for settling this matter and in exchange for the releases of claims by the Class Members and Service Award recipients, KB Home agrees not to oppose or object to a motion by Class Counsel for attorneys' fees not to exceed $1,366,535.00 to be paid from the Gross Settlement Amount. The attorneys' fees are to compensate Class Counsel for all the work already performed in this matter related to California Claims as well as the *Bejenaru* Lawsuit and all the work remaining to be performed in documenting the Settlement, securing Court approval of the Settlement, making sure the Settlement is fairly administered and implemented, obtaining dismissal with prejudice of the *Bejenaru* Lawsuit, and representing the Class Members with respect to any objections and/or appeals from this Settlement.

24. **Costs & Expenses.** KB Home agrees that it will not object to or oppose a motion by Class Counsel for reimbursement from the Gross Settlement Amount of past, present and

10

future costs and expenses they incur up to a maximum of $117,500.00.

25. <u>Payment of Attorneys' Fees and Costs</u>. The attorneys' fees, costs, and expenses approved by the Court shall be paid to <u>Class Counsel</u> by the Claims Administrator within five (5) business days following the <u>Effective Date</u> of this <u>Settlement</u> as set forth below. Payment for attorneys' fees, costs and expenses shall be made payable to: Wills Law Firm, PLLC (Tax Id. No. 45-5091782) at 1776 Yorktown, Suite 570, Houston, Texas 77056. In no event shall <u>KB Home</u> be required to pay <u>Class Counsel</u> more than $1,366,535.00 in fees or $117,500.00 in costs and litigation expenses. Any reduction in the amount of fees or costs by the Court will not result in a nullification of the <u>Settlement</u>. In the event that <u>Class Counsel</u> appeals any refusal by the Court to award fees and costs in the amounts requested, the <u>Effective Date</u> will not be delayed and payment to the <u>Class Members</u> will not be delayed. However, an amount equivalent to the difference between the fees and costs sought and the fees and costs awarded by the Court shall be withheld from distribution to the <u>Class Members</u> and, in the event of an unsuccessful appeal by <u>Class Counsel</u> related to an award of fees or costs, another distribution to the <u>Class Members</u> in the amount of the fees and/or costs not awarded to <u>Class Counsel</u> will be made. Any such additional distribution shall be allocated among <u>Class Members</u> on a *pro-rata* basis in comparison to their percentage of the first distribution. All costs and fees associated with any such additional distribution by the Claims Administrator will be borne solely by <u>Class Counsel</u>.

26. <u>Service Payments</u>. KB Home will not object to a request by Class Counsel for approval by the Court of Service Payments, from the Gross Settlement Amount of: up to $15,000 to Plaintiff Bejenaru, and of up to $10,000 to Plaintiff Hogan, (collectively, hereinafter, the "Service Recipients"). The right of any person to receive a Service Payment is conditioned on their execution of a release of all their employment claims in the form attached hereto as Exhibit

A.

27.     The Claims Administrator will submit Service Payments approved by the Court to the Service Recipients on the same date Class Counsel is paid their attorneys' fees and costs. The Claims Administrator will issue an IRS Form 1099 for the service payment to the Service Recipients.  The Service Recipients will be solely responsible for correctly characterizing this payment for tax purposes and for paying any taxes due on the amount received.

28.     Claims Administrator.  The Parties agree to request that the Court designate Simpluris, Inc., as the Claims Administrator, to fulfill the obligations commonly associated with that role in wage and hour class actions and those responsibilities assigned to them in this Settlement or by Order of the Court.  The Parties agree that, subject to Court approval, the reasonable costs of the Claims Administrator and notice and/or publication and all other reasonable costs associated with the administration of this Settlement shall be paid from the Gross Settlement Amount.  The Parties agree to request that the Court approve a payment to be made to the Claims Administrator by Class Counsel in an amount not to exceed $11,750.00, upon the Court's Order granting preliminary approval of the proposed Putative California Class and the Notice appended to this Settlement as Exhibit B, in order to pay for the execution of those of the Claims Administrator's duties that must be performed in advance of the Effective Date.

### D.     Settlement Procedure

29.     Effective Date.  The Settlement shall become effective when, and is conditioned upon, all of the following events having occurred:  (i) this Settlement has been executed by Andrea Bejenaru, Robin Hogan and KB Home, (ii) the Court has given preliminary approval of this Settlement; (iii) the Notice has been given to the members of the Putative California Class as provided in this Settlement; (iv) the Court has entered a final order certifying the California Only

Class and the California/FLSA Class for settlement purposes only and approving this Settlement; (v) the Superior Court For the State of California in and for the County of Los Angeles has dismissed the *Bejenaru* Lawsuit, with prejudice, and (vi) the later of the following events: thirty (30) calendar days have elapsed following entry of the Court's final order approving the Settlement and no appeal has been filed; or, if any appeal opposing this Settlement has been filed, then when any appeal opposing this Settlement has been dismissed finally and conclusively with no right to pursue further remedies or relief, or any appeal has upheld the Court's order granting final approval of the Settlement and the Settlement has been approved with no right to pursue further remedies or relief plus ten (10) days. The Parties intend that the Settlement shall not become effective until the Court's order approving the Settlement has become completely final. KB Home will post the Gross Settlement Amount with the Claims Administrator within 3 business days after the Effective Date.

30.     Preliminary Approval of the Settlement.   Within 7 days of the execution of this Settlement, the Parties shall submit this Settlement to the Court, along with the Parties' Joint Motion for Preliminary Approval of Rule 23 Settlement Class, for a determination by the Court as to its fairness, adequacy, and reasonableness. Moreover, within 7 days of the execution of this Settlement, the Parties shall apply to the Court for the entry of an order substantially in the following form:

a.      Scheduling a final approval hearing on the question of whether the proposed Settlement, including payment of attorneys' fees and costs, and the payments to the Service Recipients, should be finally approved as fair, reasonable and adequate as to the Class Members;

b.      Certifying settlement classes for settlement purposes only as described herein;

c.   Approving the proposed Notice as to form and content;

d.   Establishing the procedures and the deadline by which members of the Putative California Class may request exclusion;

e.   Establishing the procedures and the deadline by which Class Members may assert Objections to the Settlement;

f.   Directing the mailing of the Notice by first class mail to the Putative California Class;

g.   Preliminarily approving the Settlement as described herein subject only to the objections, if any, of Class Members and final review by the Court;

i.   Preliminarily approving costs of administration payable to the Claims Administrator;

j.   Appointing Simpluris, Inc. as Claims Administrator;

k.   Approving Andrea Bejenaru and Robin Hogan as the Class Representatives for the California Only Class and the California/FLSA Class; and

l.   Approving Rhonda H. Wills, Wills Law Firm PLLC (Lead Counsel), and John M. Padilla, Padilla & Rodriguez, LLP as Class Counsel for the California Only Class and the California/FLSA Class

### E.   Claims Administration

31.   Within 3 days of the execution of this Settlement by all Parties, KB Home will provide the following information to the Claims Administrator for each member of the Putative California Class: the member's name, last known address, last four digits of the Social Security Number, and data to determine the amount of the Individual Payments, including the Putative California Class member's average weekly compensation and number of weeks worked during the Class Period.

14

32.     No more than five (5) business days following preliminary approval of the Settlement and the proposed Notice described in paragraph 33, below, the Claims Administrator shall send the Notice, to the Putative California Class by first class mail.

33.     Notice and Deadlines for Return of Requests For Exclusion, and Objections to the Proposed Settlement.  The Notice will  be in the substantially in the form attached hereto as Exhibit B, and will advise recipients that Requests For Exclusion from the California Only Class and/or the California/FLSA Class, and Objections to the proposed Settlement must be mailed by first class United States Mail to the Claims Administrator no later than 45 calendar days after the date the Notice was first mailed ("the Deadline") in order to be timely.  The date of the postmark on the return envelope shall be the means used to determine whether Putative California Class members have timely returned a Request For Exclusion or Objections to the proposed Settlement.   Requests For Exclusion and Objections postmarked after the Deadline will be disregarded.   In the event that the postmark is illegible, the Request For Exclusion or Objection shall be deemed timely so long as it is received within five (5) business days after the Deadline.

34.     Returned Notices.   Where a Notice is returned with a forwarding address the Claims Administrator shall promptly forward the original Notice to the updated address via first-class regular U.S. Mail indicating on the original Notice the date of such re-mailing.   Where a Notice is returned as undeliverable, without a forwarding address, the Claims Administrator will perform a computer/SSN and "skip trace" search to obtain an updated address.  The Parties agree to cooperate with the Claims Administrator to locate a more recent address for Putative California Class members, where necessary.   Any Notice that is re-mailed to any Putative California Class member due to a bad address or for forwarding shall be identical to the original Notice and no extension to the original deadlines shall be permitted.

35.     Requests For Exclusion from the California Only Class and the California/FLSA Class. The Notice shall inform members of the Putative California Class that they may exclude themselves from the California Only Class or the California/FLSA Class by submitting a Request for Exclusion.  Any such Request for Exclusion must be made in accordance with the terms set forth in the Notice and will be deemed timely only if postmarked on or before the Deadlines described in paragraph 33, above.  Requests for Exclusion must be signed and dated by the Putative California Class member and must contain the Putative California Class member's full name, all other names used during employment with Defendant, date of birth, the last four digits of the social security number, and the telephone number of the person requesting exclusion.    Any member of the Putative California Class who submits a timely and valid Request For Exclusion will not be entitled to any recovery under the Settlement and will not be bound by the Settlement or have any right to object to, appeal from or comment on the Settlement. Putative California Class members who do not submit a valid and timely Request for Exclusion will become members of the California Only Class or the California/FLSA Class, as appropriate, and shall be bound by all the terms of the Settlement and any final order in this Action.  Upon request, the Claims Administrator shall provide counsel for KB Home with a complete list of all Putative California Class members who have timely requested exclusion from the Action, along with the names (and Individual Payments, if calculated.)

36.     Right to Rescind.  If 10% or more of the Putative California Class members timely and properly submit Requests for Exclusions, KB Home may, at its election, rescind the Settlement and all actions taken in furtherance of it will be thereby null and void.  KB Home must exercise this right of rescission, in writing, to Class Counsel, within 3 business days after the Claims Administrator complies with its obligations under Paragraph 41 herein.  If the option

to rescind is exercised, <u>KB Home</u> shall be solely responsible for all costs of the Claims Administrator accrued to that point, and thereafter.

37. <u>Class Member Disputes</u>. If a <u>Class Member</u> disputes the employment dates listed in the Notice the member may produce evidence to the Claims Administrator indicating the dates contended to have been worked. <u>KB Home</u>'s records will be presumed determinative, absent evidence to rebut <u>KB Home</u>'s records, but the Claims Administrator will evaluate the evidence submitted by the member and provide the evidence submitted to the <u>Parties</u> who agree to meet and confer about the evidence to determine the <u>Class Member's</u> <u>Pro-Rata Payment</u>. If the <u>Parties</u> are unable to agree, the <u>Parties</u> agree to submit the dispute to the Court to render a decision at the time of the Final Approval Hearing

38. For any claims challenged by any Party or <u>Class Member</u>, the Claims Administrator shall report to the <u>Parties</u>, in summary or narrative form, the substance of its findings. <u>KB Home</u> shall provide the Claims Administrator with <u>KB Home</u>'s records in order to perform its duties as necessary.

39. <u>Objections</u>. Any <u>Class Member</u> may object to the proposed <u>Settlement</u> of the <u>California Claims</u>, or any portion thereof, by mailing a written Objection, and supporting papers, if any, to the Claims Administrator, to Class Counsel, and to KB Home's Counsel, all by first class mail and to the addresses set forth in the Notice.. To be timely, all Objections must be postmarked no later than the applicable Deadline set out in paragraph 33. A written Objection must state the objecting person's full name, current address, phone number and last four digits of his or her Social Security Number and include all objections and the reasons therefore, and include any and all supporting papers (including, without limitation, all briefs, written evidence, and declarations). A <u>Class Member</u> who desires to object but who fails to comply with the

objection procedure set forth herein shall be deemed not to have objected.   The Claims Administrator shall send all objections by .pdf to counsel for KB Home and Class Counsel within 24 hours of receipt.   Class Counsel will, within 2 business days of receipt of an objection from the Claims Administrator or an objecting Class Member, submit such objections to the Court.   Class Members may appear at the Final Approval Hearing and present Objection to the Court, but only if their written Objection gives notice of their intention to do so.   Any Class Member who files an Objection will be entitled to receive his or her Pro Rata Payment and is bound by the Court's Orders regarding the Settlement unless he or she files a timely appeal.   KB Home shall not be responsible for any fees, costs, or expenses incurred by any Class Member and/or his or her counsel related to any objections to the Settlement and/or appeals arising therefrom.

40.     All Putative Class Members who do not submit a timely and valid Request for Exclusion, shall be deemed to be within the California Only Class or the California/FLSA Class, as appropriate, for all purposes under this Settlement, and shall be bound by the terms and conditions of this Settlement, and all orders issued pursuant thereto, and shall be deemed to have waived all unstated objections and opposition to the fairness, reasonableness, and adequacy of this Settlement.

### F.     Final Approval

41.     No later than ten (10) business days after the expiration of the Deadlines set out for filing of Requests For Exclusion and Objections, Class Counsel shall provide to the Court a declaration by the Claims Administrator of due diligence and proof of mailing of the Notice. The Claims Administrator will certify jointly to Class Counsel and KB Home's Counsel which Requests For Exclusion are timely and valid.   Upon completion of these steps by the Claims Administrator, KB Home shall be deemed to have satisfied its obligation to provide the Notice to

18

the Putative California Class.

42.     Prior to the final approval hearing, Class Counsel and Counsel for KB Home will prepare and submit to the Court a proposed final order and dismissal of the California Claims:

a.     Approving the Settlement, adjudging the terms thereof to be fair, reasonable and adequate, and directing consummation of its terms and provisions;

b.     Approving an award of attorneys' fees and reimbursement of costs and expenses to Class Counsel;

c.     Approving the Claims Administrator's fees;

d.     Approving Service Payments to the Service Recipients; and

e.     Dismissing the California Claims on the merits and with prejudice and permanently barring and enjoining all members of the California Class from prosecuting against the Parties released in this Settlement any individual or class or collective claims released pursuant this Settlement, upon satisfaction of all payments and obligations in this Settlement.

f.     Reserving continuing and exclusive jurisdiction over all matters related to the administration and consummation of the terms of this Settlement, over the enforcement, construction and interpretation of the Dismissal, including, but not limited to, the provisions therein enjoining any further litigation of Released Claims as provided below, and over Plaintiffs and all Class Members (and their attorneys) in connection therewith.

43.     If the Court does not grant final approval of the Settlement, or if the Court's final approval of the Settlement is reversed or materially modified on appeal, then this Settlement will become null and void and of no further force and effect, and all negotiations, proceedings, and statements relating thereto shall be without prejudice as to the rights of any and all Parties and their respective predecessors and successors, and such Parties shall be deemed to have reverted

Firmwide:139648920.1 047343.1125

to their respective positions in this action as of the date and time immediately prior to the execution of this Settlement, and except as otherwise expressly provided, the effect shall be the same as if the Settlement was terminated pursuant to the following paragraph.

44.     In the event that (a) the Court declines to enter the Preliminary Approval Order or to enter the Dismissal or any part thereof as provided for herein; or (b) any material conditions to the Settlement are not satisfied or (c) the Court disapproves this Settlement in its entirety, or any material term contained in this Settlement, including any amendments thereto, and such disapproval becomes final by reason of its affirmance on appeal or lapse of time or otherwise; or (d) the Court approves this Settlement, including any amendments hereto, but any such Dismissal and approval is finally reversed on appeal, then, in any such event, this Settlement shall be void and the Preliminary Approval Order and the Final Approval Order and Dismissal or Judgment shall be vacated upon application to the Court.  In such event, (a) this Settlement shall be terminated and become void and of no effect; (b) any actions taken or to be taken in connection with this Settlement and the settlement terms shall become null and void and of no effect, (c) this Settlement and the settlement terms and any hearings or proceedings thereunder shall not be referred to or used as evidence for or against any Party or Class Member in this or any other action or proceeding, and (d) all proceedings, including discovery, shall resume 10 days thereafter as if this Settlement had not been proposed for approval of the Court; and (e) the *Bejenaru* Lawsuit may be reinstated as if never dismissed and/or re-filed without any prejudice to California Plaintiffs, Class Members and the plaintiffs in the *Bejenaru* Lawsuit whatsoever, including that such period between the date of this Agreement and the date of any such resumption or reinstatement shall have no effect on any applicable limitations period, i.e. the date of filing or reinstatement of the newly filed or reinstated case will relate back to the date of

original filing of the *Bejenaru* Lawsuit.  In the event that this Settlement is not finally approved, or the Settlement is otherwise terminated or rendered null and void, or the Settlement is not fully funded, the certification of the Classes for settlement purposes shall be automatically vacated and the dismissal with prejudice of the *Bejenaru* Lawsuit, if any, shall become null and void by agreement.  In such circumstances, KB Home reserves all rights to challenge certification of a class for all purposes in the *Bejenaru* Lawsuit or the Third Amended Complaint on all available grounds as if no class had been certified.  If the Court issues a Final Approval Order, this Settlement shall operate as a full, complete, and final release of all the Released Claims (defined herein) of the California Plaintiffs and the Class Members upon KB's performance of the conditions set forth herein.

45.     Upon receipt of the settlement funds from KB Home, the Claims Administrator will issue settlement checks to the Class Members and Service Recipients, and will withhold all appropriate taxes, in accordance with this Settlement.  All disputes relating to the Claims Administrator's performance of its duties shall be referred to the Court, if necessary, which will have continuing jurisdiction over the terms and conditions of this Settlement until all payments and obligations contemplated by this Settlement have been fully carried out.

46.     Payments to Class Members and Service Recipients will be mailed by the Claims Administrator within seven (7) business days after the Effective Date.  Settlement checks shall remain valid and negotiable for one hundred and eighty (180) days from the date of their issuance and will automatically be cancelled by KB Home or the Claims Administrator if not cashed by the Class Members within that time. Checks for Individual Payments which have expired will not be reissued, and the funds will be disbursed in accordance with paragraph 19(g) of this Settlement.  Proof of payment will be filed with the Court and provided to Class Counsel

and <u>KB Home</u>'s Counsel.

47.     <u>Reserve</u>:  A reserve of $23,500.00 ("<u>Reserve Fund</u>") shall be maintained by the Claims Administrator in the event of a dispute by a <u>Class Member</u> regarding the amount of his or her payment for a period of 120 days following the Effective Date.  The application of the reserve shall require the good faith negotiation and agreement of the Class Counsel and KB Home.  At the end of the 120 day period, the Claims Administrator shall distribute the unused portion of the <u>Reserve Fund</u> to all <u>Class Members</u> using the same pro rata formula set forth in Paragraph 19.

### G.      **Class Action Fairness Act Notice**

48.     Within ten (10) days after the filing of the motion for preliminary approval of the <u>Settlement</u>, <u>KB Home</u> shall serve upon the appropriate federal official and the appropriate state official of each state in which a <u>Class Member</u> resides, a notice of the proposed settlement consisting of the documents and information required by the Class Action Fairness Act ("CAFA,"), 28 U.S.C. section 1715(b) (the "CAFA Notice").  If any state or federal officials and/or agencies object to the <u>Settlement</u>, no payments of any kind shall be made under this <u>Settlement</u> until such objections have been resolved and the time to appeal any resolution has expired. To the extent this paragraph conflicts with payment obligations under this <u>Settlement</u>, this provision will control.

49.     <u>Plaintiffs</u> and <u>KB Home</u> recognize that an order granting final approval of this <u>Settlement</u> may be issued only after ninety (90) days have passed after the service on the appropriate federal official and the appropriate State official of the CAFA Notice.

### H.      <u>**Release by the Class**</u>

50.     The <u>Settlement</u> shall effect a complete settlement and release and shall extinguish waive, fully release and forever discharge the <u>Released Parties</u> as to each <u>Class Member</u> (as

defined in paragraphs 11 and 13, above) as to all claims arising from this action, from any and all claims, debts, liabilities, demands, obligations, damages, action or causes of action of any kind, whether known or unknown, which have been or could have been asserted against the Released Parties in this or the *Bejenaru* Lawsuit pertaining to or arising from violations of any federal, state or local wage and hour laws, including but not limited to: claims under the Fair Labor Standards Act, California state wage and hour laws, California Labor Code §§ 201, 202, 203, 226.7, 226, 510, 512, 526, 1194, 1198, Industrial Welfare Commission ("IWC") Order No. 4-2001, and the California Business and Professions Code, as well as claims under the California Private Attorneys General Act, Cal. Labor Code §2698 *et seq.* ("PAGA") The claims enumerated in this paragraph shall be referred to as the "Released Claims." Nothing in this Settlement shall be construed to waive any right that is not subject to waiver by private agreement, including without limitation any claims arising under state unemployment insurance or workers' compensation laws or California Labor Code section 2802.

51.     The Released Parties include: (a) all of KB Home's present and former parent companies, subsidiaries, related or affiliated companies; (b) KB Home's present and former divisions, and (c) the present and former shareholders, officers, directors, employees, agents, attorneys, insurers, and successors and assigns of all of these entities; and (d) and any individual or entity which could be jointly liable with KB Home.

## I.     Non-Publicity

52.     Bejenaru, Hogan and Class Counsel and KB Home Counsel will not publicize or comment upon the terms of the Settlement to any third party media (including the Internet, Facebook, Twitter, or any other social media platform) or news reporting organization. If solicited for comment, Class Counsel and KB Home Counsel shall have no comment.

Firmwide:139648920.1 047343.1125

### J.      Miscellaneous Provisions

53.      The signatories hereto represent that they are fully authorized to enter into this Settlement and to bind the Parties to its terms and conditions.

54.      The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement, including but not limited to, execution of such documents and taking such other action as reasonably may be necessary to implement the terms of this Settlement.  The Parties to this Settlement shall use their best efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Settlement and the terms set forth herein.  As soon as practicable after execution of this Settlement, Class Counsel shall, with the assistance and cooperation of KB Home and its counsel, take all necessary steps to secure the Court's approval of this Settlement.

55.      The Parties represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein or except in connection with hiring their attorneys.

56.      Nothing contained herein, nor the consummation of this Settlement, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of KB Home.  All Parties hereto have entered into this Settlement solely with the intention to avoid further disputes and litigation with the attendant inconvenience and expense.

57.      In the event that KB Home or California Plaintiffs, the signatories to this Settlement, institute a legal action or other proceeding against any other Party or Parties to enforce the provisions of this Settlement or to declare rights and/or obligations under this Settlement, the successful party or parties may be entitled to recover from the unsuccessful party

24

or parties reasonable attorneys' fees and costs at the Court's discretion, including expert witness fees incurred in connection with any enforcement actions.

58. This Settlement and Exhibits A, and B, appended to it, contain the entire agreement between the Parties relating to the settlement and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, are merged herein. No rights hereunder may be waived except in writing.

59. This Settlement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement, which shall be binding upon and effective as to all Parties.

Dated: April 14th, 2016            **CLASS REPRESENTATIVES**

By: _____
       Andrea Bejenaru

By: _____
       Robin Hogan

Dated: ~~April 14, 2016~~            **DEFENDANTS**
May 2, 2016

By: _____

Title: _____

Firmwide:139648920.1 047343.1125

## Exhibit A – Limited Release

I ("Plaintiff") hereby release and forever discharge KB Home and each of its parents, subsidiaries, divisions, affiliates, operating companies, management companies, predecessors and successors, and the respective current and former officers, directors, owners, shareholders, partners, members, employees, agents, representatives, insurers and affiliates of each of them (collectively, the "Released Parties"), from any and all claims, complaints, charges, causes of action, liabilities, obligations, debts, contracts, lawsuits, proceedings, judgments, damages and attorneys' fees, whether known or unknown, which Plaintiff ever had, now has, or which Plaintiff or Plaintiff's heirs, executors, administrators, successors, representatives or assigns may have or claim to have against the Released Parties, due to any matter whatsoever relating to Plaintiff's employment, including claims relating to compensation, benefits, or termination of employment with KB Home or any of the Released Parties (collectively, the "Released Claims"), including, but not limited to claims arising under any federal, state or local statute, law, regulation or ordinance, or common law, such as, without limitation, any claim that any of the Released Parties violated Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991, Sections 1981 through 1988 of Title 42 of the United States Code, the Age Discrimination in Employment Act, the Fair Labor Standards Act, the Older Workers Benefit Protection Act, the Americans with Disabilities Act, the Americans with Disabilities Act Amendments Act of 2008, the Genetic Information Nondiscrimination Act, the Immigration Reform and Control Act, the Worker Adjustment and Retraining Notification Act, the Family and Medical Leave Act, the Occupational Safety and Health Act, the Equal Pay Act, the Lilly Ledbetter Fair Pay Act, the Sarbanes-Oxley Act, the National Labor Relations Act, the Employee Retirement Income Security Act, the Health Insurance Portability and Accountability Act, the Consolidated Omnibus Budget Reconciliation Act, the Fair Credit Reporting Act; provided, however, that this release shall not cover any claims that cannot be released as a matter of law.

In exchange for the service payment, I also agree to keep this settlement, including the settlement amounts, confidential.

_____
Printed Name

_____
Signed Name

EXHIBIT

A

**United States District Court for the Southern District of Texas
Galveston Division**
*Edwards, et al. v. KB Home, et al.*
Case No. 3:11-CV-00240

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

### *PLEASE READ THIS NOTICE CAREFULLY*

*A court authorized this notice.  This is not a solicitation.
This is not a lawsuit against you and you are not being sued.*
**However, your legal rights are affected whether you act or not.**

### I.

### WHO IS AFFECTED?

If you were employed by KB Home, KB Home Sacramento Inc., KB Home Coastal Inc., KB Home South Bay Inc., KB Home Central Valley, Inc., KB Home Greater Los Angeles, Inc., or any other KB Home subsidiary or affiliated company (collectively, "KB Home") in the State of California as an onsite salesperson with the job title of onsite sales associate, sales associate, sales counselor, sales representative or any similar title, at any time during the period of September 12, 2009, to December 31, 2015 (the "California Class Period"); YOU HAVE THE RIGHT to participate in the Settlement of a class action lawsuit and to receive your share of the Settlement proceeds.

### II.

### THE CLASSES APPROVED BY THE COURT

### FOR PURPOSES OF THE SETTLEMENT

The Court has approved two classes for purposes of the settlement.  They are:

(a)  California Only Class

> All persons who were employed by KB Home in the
> State of California as an onsite salesperson with the

*Questions?  Call Toll Free 888-369-3780*

1

EXHIBIT

**B**

job title of onsite sales associate, sales associate, sales counselor, sales representative or any similar title, at any time during the period of September 12, 2009, to December 31, 2015, and <u>who have not become Plaintiffs</u> in the matter of *Kip Edwards et al., Plaintiffs v. KB Home, Defendant*, filed in the United States District Court for the Southern District of Texas, Galveston Division, and bearing Civil Action No. 3:11-CV-00240.

(b) The California/FLSA Class:

All persons who were employed by KB Home in the State of California as an onsite salesperson with the job title of onsite sales associate, sales associate, sales counselor, sales representative or any similar title, at any time during the period of September 12, 2009, to December 31, 2015 and who have also become Plaintiffs (including opt-in Plaintiffs) in the matter of Kip Edwards et al., Plaintiffs v. KB Home, Defendant, filed in the United States District Court for the Southern District of Texas, Galveston Division, and bearing Civil Action No. 3:11-CV-00240.

These two classes are referred to, collectively, as the Putative California Classes.

## III.

## WHAT IS THE PURPOSE OF THIS NOTICE?

The purpose of this Notice is to let you know that:

(1)    KB Home's records show that you worked for KB Home in California as an onsite sales person for one or more weeks during the time period of September 12, 2009, through December 31, 2015, and are member of the Putative California Classes affected by the proposed Settlement.

(2)    There is a proposed Settlement of a class action lawsuit entitled *Kip Edwards, et al., v. KB Home, et al*, filed in the United States District Court for the Southern District of Texas, Galveston Division, Case No. 3:11-CV-00240 (the

"*Edwards* Lawsuit").  The *Edwards* Lawsuit includes claims under federal wage and hour laws.  Some people receiving this Notice are already plaintiffs in the *Edwards* Lawsuit.

(3)     California state law claims, including claims of KB Home employees that are pending before the Los Angeles County Superior Court in a lawsuit entitled *Bejenaru, et al, v KB Home, et al*, Case No., BC521236 (the "*Bejenaru* Lawsuit"), have been added to the *Edwards* Lawsuit to allow a comprehensive settlement of the existing federal claims and the claims in the *Bejenaru* Lawsuit.  In addition, the Parties to the *Edwards* Lawsuit have added claims for civil penalties under the California Private Attorneys General Act (the "PAGA").  The claims in the *Bejenaru* Lawsuit and the PAGA claims, collectively, are referred to as the "California Claims."

(4)     This Notice applies to the California Claims only.  If you joined the *Edwards* Lawsuit as a plaintiff, or an "opt-in" plaintiff, your claims will be affected by the proposed settlement, <u>but this Notice does not apply to your federal claims.</u>  (If you have questions about your federal claims, you should contact Plaintiffs' counsel, Rhonda Wills or John Padilla.  Their contact information is provided below.)

(5)     You have the right to opt-out of the Putative California Classes by sending a "Request for Exclusion" according to the instructions in this Notice.  If you opt-out of this California Class Action Settlement you will <u>not receive a payment</u> under the Settlement for the California Claims and will not be bound by any rulings of the Court as to the California Claims.  You will retain your right to pursue any California Claims you may believe you have in a separate lawsuit, with an attorney of your own choosing, and at your own expense.

(6)     If you do not opt-out of this California Class Action Settlement, you will receive your proportional share of the proposed Settlement.  You do not need to do anything to receive your share of the settlement.  If you simply do nothing, you will receive your share of the settlement.

(7)     If you do not opt-out of the Putative California Classes, you have the right to file an Objection to any term of the proposed Settlement of the California Claims and to appear in the Court at the Final Fairness Hearing to present your Objections in person or through an attorney of your own choosing and at your own expense.

## IV.

## WHAT ARE THE CALIFORNIA CLAIMS?

The California Claims include claims that KB Home improperly classified onsite salespersons as exempt from overtime pay requirements, did not provide proper meal periods or rest breaks, did not provide proper itemized wage statements (pay stubs), did not pay all monies owed at the time of separation from employment and owes back wages, statutory penalties, civil penalties under the California Private Attorneys General Act, interest, and attorneys' fees. A Third Amended Complaint was filed in the *Edwards* Lawsuit to bring these California Claims before the United States District Court for the Southern District of Texas, Galveston Division, for purposes of the proposed Settlement.

Plaintiffs believe the California Claims have merit, that they are appropriate for class action treatment and that KB Home owes monies to the members of the California Class.

KB Home denies that the California Claims have merit, denies that California Class Members are entitled to compensation of any kind, and contends that, for any purpose other than the proposed Settlement, the California Claims are not appropriate for class action treatment.

## V.

## WHO ARE THE CALIFORNIA PLAINTIFFS?

Andrea Bejenaru and Robin Hogan (the "California Plaintiffs") were employed by KB Home affiliated companies as onsite salespersons in various locations in California and at various times during the period September 12, 2009 to December 31, 2015 (the "Class Period"). They are also Plaintiffs in the *Bejenaru* Lawsuit. The California Plaintiffs bring the California Claims on behalf of themselves and all other similarly situated persons employed by KB Home, including KB Home Sacramento Inc., KB Home Coastal Inc., KB Home South Bay Inc., KB Home Central Valley, Inc. and KB Home Greater Los Angeles, Inc., in California as exempt onsite sales persons at any time during the Class Period.

# VI.

## WHAT IS THE STATUS OF THE *EDWARDS* LAWSUIT

## AND THE *BEJENARU* LAWSUIT?

The California Claims brought by the Plaintiffs against KB Home have been added to the *Edwards* Lawsuit pending in the United States District Court for the Southern District of Texas for the purposes of this proposed Settlement. KB Home and the Plaintiffs have negotiated a proposed settlement of the claims that were brought in both the *Edwards* and the *Bejenaru* Lawsuits (the proposed "Settlement"), but have now been consolidated, in order to resolve all disputes and claims in both lawsuits. The proposed Settlement was preliminarily approved by the United States District Court for the Southern District of Texas, Galveston Division (the "Court") on [DATE]. On that date, the Court certified the Putative California Classes, for settlement purposes only. The Putative California Classes are composed of the people described in Section II of this Notice. The Court directed that this Notice be mailed to all members of the Putative California Classes to advise them of their rights.

This Notice is not an expression by the Court of an opinion about the merits of any claim or defense or the truth of any of the allegations made by the Parties.

# VII.

## WHAT ARE THE TERMS OF THE PROPOSED SETTLEMENT?

The following is a summary of the terms of the proposed Settlement. The specific and complete terms of the proposed Settlement are stated in the Settlement Agreement, a copy of which is on file with the Clerk of the Court.

### A. How Much Money Will KB Home Pay?

If the Court gives final approval to the proposed Settlement, KB Home will pay a total of Three Million Four Hundred Sixteen Thousand Three Hundred Thirty-Five Dollars and NO/100 ($3,416,335.00) (the "Gross Settlement Amount") for all payments of any kind for resolution of the claims of the California Classes. The Gross Settlement Amount covers payments to resolve the California Claims, and the associated attorneys' fees and costs of the attorneys representing the Plaintiffs and the Classes, the fees of the Claims Administrator, Service Payments to California

Plaintiffs Bejenaru and Hogan, and an amount of money to be paid to the California Labor and Workforce Development Agency (the "LWDA") as required when resolving claims under the California Private Attorneys' General Act ("PAGA"). No part of the Gross Settlement Amount will revert back to KB Home. The amounts for each of these items is described in detail below.

### B.    How Is The Gross Settlement Amount Distributed?

#### 1.    Allocation To Class Counsel For Fees And Costs Of The Litigation

Under the proposed Settlement, Class Counsel will ask the Court to approve a payments from the Gross Settlement Amount of (1) up to $1,366,535.00 for their attorneys' fees associated with the California claims, (2) up to $117,500.00 for, Class Counsel's costs and litigation expenses associated with the California Claims. Class Counsel's motion supporting their request for an award of fees and costs is available for review through the office of the Clerk of the Court.

#### 2.    Allocation for PAGA Civil Penalties

A total of $50,000 is allocated to resolve PAGA claims. Seventy five percent of that amount, or $37,500, is allocated, as required by the PAGA, to be paid to the LWDA. The remaining 25%, or $12,500, will be distributed among members of the California Class who do not opt out and who were employed by KB Home at any time on or after December 15, 2014.

#### 3.    Allocation For Service Payments

The proposed Settlement asks the Court to approve Service Payments to individuals who assisted Class Counsel in pursuing the Lawsuits. The amounts include: $15,000 each to California Plaintiff Andrea Bejenaru and $10,000 to California Plaintiff Robin Hogan.

#### 4.    Allocation For Fees Of The Claims Administrator

The proposed Settlement asks the Court to approve payment in the amount of approximately $11,750.00 to Simpluris, Inc., for services in sending this Notice, checking addresses and resending returned Notices, calculating amounts owed to California Class Members, preparing and mailing settlement checks and making required reports to the Court and to Class Counsel and KB Home's counsel.

**5.    What Happens If The Court Does Not Approve These Payments?**

The Parties do not seek, and the Court will not approve, amounts larger than those described in paragraphs 1 through 4, above.  If the Court approves a lower amount than the requested amounts, the difference will become part of the Net Settlement Amount, to be distributed to the Class Members.

**C.    What Is The "Net Settlement Amount"?**

The Net Settlement Amount (the "NSA") is the amount left after the payments in paragraphs 1 through 4 are deducted from the Gross Settlement Amount.  If the amounts requested in the proposed settlement are approved by the Court, the Net Settlement Amount will be approximately $1,822,050.00.

## VIII.
## HOW MUCH WILL I RECEIVE
## IF THE COURT APPROVES THE SETTLEMENT?

The Parties have agreed on a formula to determine how much each Class Member participating in the Settlement will receive.  The complete formula is set out in the Settlement Agreement and is on file with the Clerk of the Court.  The following information is a summary of the formula and describes the key factors used to determine  how the money in the NSA is allocated.

**A.    What Are The Factors Used In The Formula?**

The main factors used to determine the amount received by each member of the California Classes are:

- your average weekly compensation during the Class Period;
- the number of weeks you worked in the Class Period;
- whether you are a member of the California Only Class or the California/FLSA Class.

**B.    Is There a Minimum?**

Yes, every Class Member participating in the settlement will receive a minimum of $500.

*Questions?  Call Toll Free 888-369-3780*

**C.    What Is The Estimated Amount I Will Receive If the Settlement Is Approved?**

How much any one person receives depends on how many members of the Putative California Classes request to be excluded from the Lawsuit. The information below has been prepared by the Claims Administrator, Simpluris, Inc., to provide you with an estimate of how much money you would receive under the formula for distribution of the Net Settlement Amount if no one files a Request For exclusion.

The calculations made by the Claims Administrator were based on information about your compensation and number of weeks worked in the Class Period(s) provided by KB Home and based on their records.  Those records show that you worked for KB Home for [NUMBER] weeks during the Class Period and you're your average compensation during those weeks was [DOLLARS.]  Based on that information, it is estimated that you would receive at least DOLLARS if the Court grants final approval to the proposed Settlement.

**If you believe that the number of weeks you worked in the Class Period or your average compensation as shown above are not accurate, you should contact the Claims Administrator immediately.**

**D.    How Is The Settlement Money Treated For Tax Purposes?**

In general, half of Class Members' share of the NSA is treated as taxable wages and the remainder will be characterized as either penalties and interest or liquidated damages. You will receive a check for the wage portion of your settlement amount, from which taxes will be withheld.  You will receive an IRS Form W-2 for the wage portion of the settlement.  You will receive a second check for the other components of your settlement amount, from which no taxes will be withheld.  You will receive an IRS Form 1099 for the non-wage portions of the settlement amount.  You are responsible for paying all taxes on the money you receive under the Settlement, except for the amounts withheld from checks for the wage portion of the Settlement.

## IX.

## WHY DO THE PARTIES SEEK APPROVAL OF THE SETTLEMENT?

### A.    Why Do Plaintiffs And Their Attorneys Seek Approval Of The Settlement?

The California Plaintiffs and their attorneys seek approval of the Settlement because they believe the Settlement is fair, reasonable, adequate, and in the best interests of the members of the Class and all Parties.   The Settlement permits Settling Class Members to receive the certainty of a payment and to receive payment sooner than if the claims were not settled, but instead were subject to the outcome of a trial.

### B.    Why Does KB Home Seek Approval Of The Settlement?

KB Home wishes to resolve all the claims in this litigation and supports the Settlement for that purpose.  KB Home denies the California Claims in the Lawsuit and reserves the right to contest all California Claims if for any reason the Settlement is not ultimately approved by the Court.

## X.

## WHO ARE THE ATTORNEYS FOR THE PARTIES?

| Counsel for Plaintiffs and the Class | Counsel for the KB Home Defendants |
|---|---|
| Rhonda H. Wills<br>Wills Law Firm, PLLC<br>1776 Yorktown, Suite 570<br>Houston, Texas  77056<br>Telephone: (713) 528-4455 | David Jordan<br>Littler Mendelson, P.C.<br>1301 McKinney Street, Suite 1900<br>Houston, Texas<br>Telephone:  (713) 951-9400 |
| John M. Padilla<br>Padilla & Rodriguez, L.L.P.<br>1776 Yorktown, Suite 110<br>Houston, Texas, 77056<br>Telephone:  (832) 740-4300 | Connie L. Michaels<br>Diane L. Kimberlin<br>Littler Mendelson, P.C.<br>2049 Century Park East, Fifth Floor<br>Los Angeles, California 90067<br>Telephone: (310) 553-0308 |

If you have questions regarding this Settlement, you may contact Class Counsel or the Claims Administrator.  <u>Do NOT contact Counsel for KB Home or KB Home's</u>

<u>managers or supervisors</u>.  They are not able to speak to you about the proposed Settlement.

## XI.

### WHAT ARE MY OPTIONS UNDER THE SETTLEMENT?

As a Putative California Class Member you have several options.  Each option has its own consequences, which you should understand before making your decision. Your rights regarding each option, and the procedure you must follow to exercise each option, are as follows:

**A.     Do Nothing And Receive A Settlement Payment: Your Rights Regarding The California Claims Will Be Determined By Whatever Action The Court Takes.**

If you take no action and the Settlement become final, you will receive your share of the Settlement and your rights regarding the California Claims will be determined by the Court. If the Court does not give final approval to the Settlement the case will proceed and you will remain a member of the California Classes and your rights regarding the California Claims will be determined by whatever rulings are made by the Court.

**B.     Request Exclusion From The California Class.**

If you do not want to participate in the Settlement of the California Claims and you want to retain the right to pursue any California Claims you believe you have, in a lawsuit of your own, and with an attorney of your own choice and at your own expense, you must submit a timely and valid Request For Exclusion from the California Classes.  <u>You will give up no rights, but you will NOT receive a payment under the Settlement</u>.  If you submit a Request For Exclusion from the California Class you may <u>not</u> file Objections to the Settlement or appear at the Final Approval Hearing.

**To submit a Request For Exclusion you must do all of the following:**

- Your Request For Exclusion must be in writing.  It must state that you wish to be excluded from the California Classes in  "*Edwards et al., v. KB Home*, United States District Court For The Southern District of Texas, Galveston Division, Civil Action No. 3:11-CV-00240."  Your Request must include:

- o Your full name
- o All other names you used during any time you were employed by KB Home
- o Your date of birth
- o The last four digits of your Social Security Number
- o Your telephone number

- You must sign and date your Request For Exclusion
- You must send your Request For Exclusion to the Claims Administrator at the following address

*Edwards et al. v. KB Home, Inc.*

Simpluris, Inc.
*(Proper Address of Settlement Administrator Here)*

- **Your Request For Exclusion must be postmarked on or before DATE.** If your Request is not postmarked on or before DATE it will not be effective and you will remain a member of the California Classes.

If you request exclusion from the California Classes, the Settlement Payment that you would otherwise have been entitled to receive for the California Claims will be redistributed to the remaining Class Members. No portion of the Settlement amount will go back to KB Home as a result of a Request For Exclusion.

## C.    You May Object To The Terms Of The Settlement

If you remain in the California Classes (you do not file a Request For Exclusion) you may file an Objection to any of the terms of the Settlement that you believe are not fair. If you Object, you will continue to be a member of the California Classes. If the Court approves the Settlement you will give up the claims described in the Release of Claims (Section XII, B. I. of this Notice), and will be bound by whatever rulings the Court makes concerning the Settlement and other issues in the Lawsuits. The Court will consider all Objections at the Final Fairness Hearing.

### 1.    How To Object

All Objections must be in writing and include: (a) the words "Notice of Objection," and reference the name of the case and case number, "*Edwards et al., v. KB Home*, United States District Court For The Southern District of Texas, Galveston Division, Civil Action No. 3:11-CV-00240"; (b) your full name, address, and telephone

number and the dates of your employment with KB Home; (c) describe, in clear and concise terms, the legal and factual arguments supporting the objection; (d) list the names, addresses and telephone numbers (if known) of witness(es) you may call to testify at the fairness hearing; and (e) provide true and correct copies of any exhibit(s) you intend to offer at the fairness hearing.  If you wish to be heard at the Final Approval Hearing, either in person or through your own attorney, your Objection MUST state that you wish to be heard and/or to call witnesses.

**2.      Where To Send Your Objection**

Your written Objection must be mailed to the Claims Administrator at the following address:

*Edwards et al. v. KB Home, Inc.*

Simpluris, Inc.
*(Proper Address of Settlement Administrator Here)*

Your written Objection must also be mailed to Class Counsel and to KB Home's Attorneys at the addresses listed in Section VIII of this Notice.

**3.      Deadline for Objections:**

**Your Objections must be postmarked on or before DATE.**  If you do not make a timely Objection, you will waive any right to right to object to the Settlement and will be foreclosed from making any objection to the Settlement, whether by appeal or otherwise.

**D.      I Am Already A Plaintiff In The *Edwards* Lawsuit.  What Does This Mean For Me?**

If you have already become a plaintiff in the *Edwards* Lawsuit asserting federal claims under the Fair Labor Standards Act ("FLSA"), you will remain a plaintiff.  If you are not already a plaintiff in the *Edwards* Lawsuit, you will not be able to join that action for purposes of FLSA claims, as your time to do so has expired.

*Questions?  Call Toll Free 888-369-3780*

## XII.

## WHAT CLAIMS DO I GIVE UP BY REMAINING IN THE LAWSUIT?

### A.    Binding Nature of Settlement

If approved by the Court, the Settlement will be binding on all members of the Putative California Classes who do not make a timely Request For Exclusion and will bar all California Class Members from bringing any released claims against KB Home.  Under the terms of the Settlement, California Class Members will be giving up, or "releasing," the claims described below.

### B.    Release of Claims

### 1.    What Claims Are Released?

The Settlement Agreement includes the following release of claims:

> The Settlement shall effect a complete settlement and release and shall extinguish waive, fully release and forever discharge the Released Parties as to each Class Member (as defined in paragraphs 11 and 13, above) as to all claims arising from this action, from any and all claims, debts, liabilities, demands, obligations, damages, action or causes of action of any kind, whether known or unknown, which have been or could have been asserted against the Released Parties in this or the Bejenaru Lawsuit pertaining to or arising from violations of any federal, state or local wage and hour laws, including but not limited to: claims under the Fair Labor Standards Act, California state wage and hour laws, California Labor Code §§ 201, 202, 203, 226.7, 226, 510, 512, 526, 1194, 1198, Industrial Welfare Commission ("IWC") Order No. 4-2001, and the California Business and Professions Code, as well as claims under the California Private Attorneys General Act, Cal. Labor Code §2698 et seq. ("PAGA")  The claims enumerated in this paragraph shall be referred to as the "Released Claims."  Nothing in this Settlement shall be construed to waive any right that

is not subject to waiver by private agreement, including without limitation any claims arising under state unemployment insurance or workers' compensation laws or California Labor Code section 2802.

The Settlement Agreement defines the Released Parties as follows:

The Released Parties include: (a) all of KB Home's present and former parent companies, subsidiaries, related or affiliated companies; (b) KB Home's present and former divisions, and (c) the present and former shareholders, officers, directors, employees, agents, attorneys, insurers, and successors and assigns of all of these entities; and (d) and any individual or entity which could be jointly liable with KB Home.

## XIII.

## THE FINAL APPROVAL HEARING

The Court will hold a final approval hearing in Courtroom NUMBER of the United States District Court For The Southern District of Texas, located at United States Post Office and Courthouse, 601 Rosenberg, Galveston, TX 77550, on DATE at TIME. The Parties will ask the Court to give final approval to the Settlement, and to approve Class Counsel's Motion For Attorneys' Fees and Costs. It is not necessary for you to appear at this hearing.

The final approval hearing may be re-scheduled by the Court without further notice to the Class.

## XIV.

## WHEN WILL I GET MY SETTLEMENT PAYMENT?

If the Court does <u>not</u> grant final approval to the Settlement, all the Parties will be free to resume their respective legal positions as they existed before the Settlement Agreement was signed. No settlement payments will be made.

If the Court <u>grants final approval</u> to the Settlement, the Claims Administrator will mail settlement checks approximately seven (7) business days after the Effective Date. The Effective Date occurs after an Order of Final Approval, after the

dismissal of the *Bejenaru* Lawsuit, and after 30 days have passed from the entry Court's order granting final approval, so long as no appeal is filed from that Order. If an appeal is filed, all appeals must be exhausted before the Effective Date will occur.

You are responsible to make sure the Claims Administrator has your current mailing address and telephone number. If you move or change your telephone number, please provide updated information to the Claims Administrator at the address shown in this Notice. You may contact the Claims Administrator at the toll-free number listed at the bottom of each page of this Notice to confirm it has been received.

Settlement checks will be valid for 180 days after they are issued. If you do not cash your check on time the money may be submitted to the California Industrial Relations Unclaimed Wages Fund with an identification of the participating California Class Member. Please let the Claims Administrator know right away if you lose your check.

## XV.

## WHO CAN I CONTACT IF I HAVE QUESTIONS?

You may contact the Claims Administrator by calling the toll-free number at the bottom of each page of this Notice, or by mail at:

*Edwards et al. v. KB Home, Inc.*
Simpluris, Inc.
*(Proper Address of Settlement Administrator Here)*

Or call:  888-369-3780

You also may contact Class Counsel at the contact information listed above in Section X if you have any questions about the Settlement.

## PLEASE

## DO NOT CONTACT THE CLERK OF THE COURT OR THE JUDGE

## DO NOT CONTACT KB HOME'S MANAGERS, SUPERVISORS, OR ATTORNEYS.