**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| **KIP EDWARDS et al.,** | § | |
| | § | |
| **Plaintiffs** | § | |
| | § | |
| **v.** | § | **NO. 3:11-CV-00240** |
| | § | |
| **KB HOME et al.,** | § | |
| | § | |
| **Defendants.** | § | |

## DECLARATION OF RHONDA H. WILLS
### (In Support of Rule 23 Class Settlement Agreement)

I, Rhonda H. Wills, declare as follows:

1.      My name is Rhonda H. Wills.  I am over the age of eighteen years, capable of making this declaration, and fully competent to testify to the matters stated here due to my position, experience, and personal knowledge.  I have personal knowledge of the facts stated, and they are true.  I make these statements based on personal knowledge and would so testify if called as a witness.

2.      I was retained by lead plaintiffs Andrea Bejenaru and Robin Hogan, on behalf of themselves and all the California Rule 23 class members ("California Plaintiffs"), as the attorney-in-charge in the above-referenced matter.  I have acted as lead counsel in representing the California plaintiffs and Rule 23 class members since such claims were initially brought in *Andrea L. Bejenaru et al. v. KB Home et al.*, Case No. BC521236, pending before the Superior Court of the State of California

in and for the County of Los Angeles ("*Bejenaru*" or the "*Bejenaru* Lawsuit"), which claims have now been added to this cause through the Third Amended Complaint and are being settled.

3.      I make this declaration in support of the Joint Motion for Preliminary Approval of Rule 23 Settlement Class.  This settlement is only with respect to the California state law Rule 23 class action claims set forth in Plaintiffs' Third Amended Complaint, and does not resolve or settle the FLSA claims asserted in the Complaint.  Instead, the settlement reached here encompasses only the California Rule 23 class action claims of the 258 California Plaintiffs.

**Experience and Qualifications.**

4.      I am the founding member of WILLS LAW FIRM, PLLC.  I am a 1994 graduate of the University of Texas School of Law, and I have a B.B.A. in international business from the University of Texas at Austin. I have been licensed to practice in Texas since 1994, and since that time I have been a member of the State Bar of Texas in good standing.  I am also admitted and licensed to practice law in New York, and I am a member of the State Bar of New York in good standing.

5.      I am admitted to practice before all Texas state courts, the Southern District of Texas, the Western District of Texas, the Northern District of Texas, the Fifth Circuit Court of Appeals, and the United States Supreme Court. I have also appeared *pro hac vice* as lead counsel in cases pending in the Southern District of

New York, the Northern District of California, the Central District of California, the Eastern District of Louisiana, the District of New Jersey, and the District of Kansas.

6.     Before founding the WILLS LAW FIRM in 2003, I practiced at VINSON & ELKINS L.L.P. for almost 8 years following a one-year judicial clerkship with the Supreme Court of Texas as a briefing attorney.

7.     While at VINSON & ELKINS, I handled complex class actions representing defendants in various jurisdictions, including Texas, South Carolina, Tennessee, New Jersey, Florida, Alabama, the U.S. Virgin Islands, and Canada. Further, I was a senior member of the litigation team involved in representing an international company in conjunction with a $1 billion class action settlement fund.

8.     In the past almost 22 years of practicing law, among other things, I have specialized in employment litigation and complex multi-party litigation, including national and statewide wage and hour matters.

9.     At the WILLS LAW FIRM, I have focused my practice on representing plaintiffs in nationwide and statewide wage and hour cases. I have successfully resolved multiple cases that have been certified by federal courts on a nationwide and statewide basis. Since 2008, I have appeared as lead counsel in more than 50 wage and hour matters in federal and state courts nationwide, including matters that have been certified on a state and/or nationwide basis. I was appointed Lead Counsel in a multi-district litigation ("MDL") nationwide collective action involving

thousands of class members. I also currently have or have previously had wage and

hour matters filed before most of the federal judges in the Southern District of Texas,

including this Honorable Court, Judge Lee H. Rosenthal, Judge Nancy F. Atlas,

Judge David Hittner, Judge Keith P. Ellison, Judge Vanessa Gilmore, Judge Sim

Lake, Judge Kenneth M. Hoyt, Judge Melinda Harmon, and Judge Gray Miller, as

well as courts in the Western District of Texas, the Northern District of Texas, the

Southern District of New York, the Northern District of California, the Central

District of California, the District of New Jersey, the District of Kansas and the Los

Angeles Superior Court. I have also acted as lead counsel in jury trials of wage and

hour cases in federal courts and in arbitration proceedings.

10.    A list of some of the wage and hour matters in which I have served (or

am currently serving) as lead counsel includes, but is not limited to, the following:

- *In re Wells Fargo Wage and Hour Employment Practices Litigation (No. III)*, Case No. 4:11-md-2266, MDL in the Southern District of Texas, Houston Division (National/Multi-District FLSA collective action re mortgage loan officers) ($15 million settlement) (J. Miller)

- *Richard, et al., v. ViewPoint Bank, et al.,* Civil Action No. 4:11-cv-00846, In the United States District Court for the Southern District of Texas, Houston Division (FLSA collective action re mortgage loan officers) (confidential settlement) (J. Lake)

- *Salto, et al., v. Ameripro Funding, Inc.,* Civil Action No. 1:11-cv-00289-SS, In the United States District Court for the Western District of Texas, Austin Division (FLSA collective action re mortgage loan officers) (confidential settlement) (J. Sparks)

- *Bethea, et al., v. 360 Mortgage Group, LLP,* Civil Action No. 1:11-cv-921-SS, In the United States District Court for the Western District of Texas, Austin Division (FLSA collective action re mortgage loan officers) (confidential settlement) (J. Sparks)

- *Valladares, et al., v. Priority Home Mortgage, LP, et al.,* Civil Action No. 3:11-cv-00114, In the United States District Court for the Southern District of Texas, Galveston Division (FLSA collective action re mortgage loan officers) (confidential settlement) (J. Hoyt)

- *Mote v. Perry Homes, A Joint Venture, et al.,* Civil Action No. 1:09-cv-00553-LY, In the United States District Court for the Western District of Texas, Austin Division (FLSA collective action re mortgage loan officers) (confidential settlement) (J. Yeakel)

- *Villegas v. Regions Bank, et al.,* Civil Action No. 4:11-cv-00904, In the United States District Court for the Southern District of Texas, Houston Division (FLSA action re mortgage loan officer) (confidential settlement) (J. Rosenthal)

- *Vangelakos, et al. v. Wells Fargo Bank, N.A., et al.,* Civil Action No. 1:13-cv-06574, In the United States District Court for the Southern District of New York (off-the-clock wage and hour violations) (J. Castel)

- *Fernandez, et al. v. Wells Fargo Bank, N.A., et al.,* Civil Action No. 12-cv-7193, In the United States District Court for the Southern District of New York (off-the-clock wage and hour violations) (J. Castel)

- *Scutts, et al. v. Wachovia Corporation, et al.,* Civil Action No. 12-cv7194, In the United States District Court for the Southern District of New York (off-the-clock wage and hour violations) (J. Castel)

- *McNeill, et al., v. Wells Fargo Bank, N.A.,* Civil Action No. 4:11-cv-01400, In the United States District Court for the Southern District of Texas, Houston Division (FLSA violations re Wells Fargo tellers) (confidential settlement) (J. Miller)

- *McNeill, et al., v. Wachovia Corporation, et al.,* Civil Action No. 4:11-cv-01401, In the United States District Court for the Southern District of Texas, Houston Division (FLSA violations re Wachovia tellers) (confidential settlement) (J. Rosenthal)

- *Richardson, et al., v. Wells Fargo Bank, N.A.,* Civil Action No. 4:11-cv-00738, In the United States District Court for the Southern District of Texas, Houston Division (off-the-clock FLSA violations re Wells Fargo personal bankers) (confidential settlement) (J. Atlas)

- *Canela, et al., v. HEB Grocery Company, LP, et al.,* Civil Action No. 1:10-cv-0078-LY, In the United States District Court for the Western District of Texas, Austin Division (conditionally certified FLSA collective action) (confidential settlement) (J. Yeakel)

- *Fructuoso, et al., v. HEB Grocery Company, LP, et al.,* Civil Action No. 1:10-cv-00951- LY, In the United States District Court for the Western District of Texas, Austin Division (FLSA collective action) (confidential settlement) (J. Yeakel)

- *Rueda, et al., v. Tecon Services, Inc.,* Civil Action No. 4:10-cv-04937, In the United States District Court for the Southern District of Texas, Houston Division (conditionally certified FLSA collective action) (confidential settlement) (J. Rosenthal)

- *Gonzalez, et al., v. Ridgewood Landscaping, Inc.,* Civil Action No. 4:09-cv-02992, In the United States District Court for the Southern District of Texas, Houston Division (conditionally certified FLSA collective action) (confidential settlement) (J. Rosenthal)

- *Willis, et al., v. Perry Homes, et al.,* Civil Action No. 1:09-cv-00799-LY, In the United States District Court for the Western District of Texas, Austin Division (conditionally certified FLSA collective action) (confidential settlement) (J. Yeakel)

- *Sandberg, et al., v. Perry Homes, et al.,* Civil Action No. 1:09-cv-00763-LY, In the United States District Court for the Western District of Texas, Austin Division (conditionally certified FLSA collective action) (confidential settlement) (J. Yeakel)

- *Hughes v. The Ryland Group, Inc. et al.,* Civil Action No. 3:11-cv-00203, In the United States District Court for the Southern District of Texas, Galveston Division (confidential settlement) (J. Costa)

- *Gillum, et al., v. Acuity Healthcare, LP,* Civil Action No. 4:11-cv-391, In the United States District Court for the Southern District of Texas, Houston Division (FLSA collection action re healthcare workers) (confidential settlement) (J. Atlas)

- *McCarragher, et al., v. The Ryland Group, Inc. et al.,* Civil Action No. 4:11-cv-00055, In the United States District Court for the Southern District of Texas, Galveston Division (conditionally certified FLSA collective action) (confidential settlement) (J. Costa)

- *Lipnicki, et al., v. Meritage Homes Corporation, et al.,* Civil Action No. 3:11-cv-00605, In the United States District Court for the Southern District of Texas, Galveston Division (conditionally certified FLSA collective action) (confidential settlement) (J. Costa)

- *White-Yeldell v. Lennar Corporation, et al.,* Civil Action No. 4:08-cv-03743, In the United States District Court for the Southern District of Texas, Houston Division (FLSA collective action) (confidential settlement) (J. Gilmore)

- *Carter, et al., v. Lennar Corporation, et al.,* Civil Action No. 4:08-cv-03790, In the United States District Court for the Southern District of Texas, Houston Division (FLSA collective action) (confidential settlement) (J. Atlas)

- *Sam, et al., v. Lennar Corporation, et al.,* Civil Action No. 4:09-cv-00565, In the United States District Court for the Southern District of Texas, Houston Division (FLSA collective action) (confidential settlement) (J. Gilmore)

- *Alvarado, et al., v. Shipley Donut Flour & Supply Co., Inc.,* Civil Action No. 4:08-cv-02111, In the United States District Court for the Southern District of Texas, Houston Division (FLSA collective action) (confidential settlement) (J. Atlas)

- *Ramirez, et al., v. Gigi Huang Restaurant, Ltd, et al.,* Civil Action No. 4:09-cv-02649, In the United States District Court for the Southern District of Texas, Houston Division (FLSA collective action) (confidential settlement) (J. Miller)

- *Switzer, et al., v. Wachovia Corporation, et al.,* Civil Action No. 4:11-cv-01604, In the United States District Court for the Southern District of Texas, Houston Division (FLSA off-the-clock violations re Wachovia financial specialists) (confidential settlement) (J. Atlas)

- *Blake v. Hewlett-Packard Company,* Civil Action No. 4:11-cv-00592, In the United States District Court for the Southern District of Texas, Houston Division (confidential settlement) (J. Harmon)

- *Strickland, et al., v. Aramark Uniform & Career Apparel, LLC.,* Civil Action No. 15-cv-7823-DCC-GEB, In the United States District Court for the District of Kansas (FLSA collective action) (J. Birzer)

- *Henry v. JPMorgan Chase & Co., et al.,* Civil Action No. 2:15-cv-03895-PSG-PLA, In the United States District Court for the Central District of California (FLSA collective action) (J. Gutierrez)

- *Gutierrez, et al., v. I. Kunik Company*, Civil Action No. 7:15-cv-00225, In the United States District Court for the Southern District of Texas, McAllen Division, (FLSA collective action) (J. Crane)

- *Crawford, et al., Saks & Company LLC f/n/a Saks & Company*, Civil Action No. 4:14-cv-03665, In the United States District Court for the Southern District of Texas, Houston Division (FLSA collective action) (J. Rosenthal)

- *Ranieri, et al., v. Banco Santander, et al.,* Civil Action No. 2:15-cv-03740-MCA-MAH, In the United States District Court for the District of New Jersey (FLSA collective action) (J. Arleo)

- *Parker, et al., v. Silverleaf Resorts, Inc., et al.,* Civil Action No. 3:14-cv-02075-P, In the United States District Court for the Northern District of Texas, Dallas Division (FLSA collective action) (J. Solis)

- *Pinedo v. Tumi, Inc.,* Civil Action No. 2:15-cv-05520-PSG-MRW, In the United States District Court for the Central District of California (FLSA) (J. Gutierrez)

- *Perez, et al., v. Wells Fargo & Company, et al.,* Civil Action No. 3:14-cv-00989, In the United States District Court for the Northern District of California (Rule 23 wage and hour class action) (J. Hamilton)

**Background of the Litigation.**

11.    The *Bejenaru* Lawsuit was filed on September 12, 2013, by eleven KB Home salespersons from California. *Bejenaru* alleged violations of California laws requiring provision of itemized wage statements, payment of overtime (including for time worked past eight hours per day), premium pay for alleged failure to provide meal periods and rest breaks, penalties for failure to pay wages in a timely fashion at the end of employment, and for allegedly unfair business practices in violation of California Business and Professions Code sections 17200, *et seq.* (seeking restitution of allegedly unpaid overtime wages).

12.    The *Bejenaru* named plaintiffs sought relief on behalf of an opt-out putative class of allegedly similarly situated KB Homes salespersons under Rule 382 of the California Rules of Court.[1] In total, the California class consists of 258 persons, including Ms. Bejenaru, Ms. Hogan and 256 putative class members. The

---

[1] Rule 382 of the California Rules of Court provides for class actions in situations generally comparable to Fed. R. Civ. P., Rule 23.

*Bejenaru* named plaintiffs had not moved for class certification prior to the Parties' agreement to settle the case.

13.    The Parties conducted significant discovery in *Bejenaru*.  While the case was initially stayed pending developments in the *Edwards* litigation, the *Bejenaru* court and the Parties agreed that discovery conducted through the *Edwards* case could also be used in the *Bejenaru* matter.  Accordingly, many of the two dozen depositions taken in the *Edwards* matter were also used to advance the claims of the California class.  Moreover, after the Los Angeles County Superior Court lifted the stay, KB Home took the depositions of 6 Plaintiffs.  The parties also exchanged substantial written discovery requests and interrogatories.  Further, the parties exchanged more than an estimated million documents pertaining to the claims of the California class, including several years of time records, pay records, personnel files, and emails relating to approximately 75 California persons who opted-into *Edwards*, as well as other putative class members.

14.    On April 9, 2015, the parties attended a full-day mediation with mediator Mark Rudy in San Francisco, California where Mr. Rudy is based.  Mr. Rudy has a stellar reputation as an experienced mediator and is one of the leading mediators of California wage and hour matters. Plaintiffs' counsel prepared and presented an extensive 80 slide PowerPoint presentation during the mediation. Moreover, Plaintiffs' counsel prepared a complex damage analysis setting forth the

calculations for a damage models of 258 persons including meal and rest break violations, overtime violations, minimum wage violations, and other penalties to be assessed for alleged violations of California wage and hour laws.

15.    No resolution was reached during the April mediation, but Mr. Rudy's efforts laid the groundwork for a possible resolution.   The parties continued to engage in meaningful settlement discussions with the assistance of Mr. Rudy in the months that followed, including informal settlement meetings and conferences.  In November 2015, Mr. Rudy gave a mediator's proposal, which both sides accepted on November 12, 2015.  Thereafter, counsel for the parties returned to San Francisco for an additional one-day session with Mr. Rudy in order to work out issues relating to finalizing the settlement terms.   During the past 5 months, the parties have continued to work extensively to resolve numerous issues relating to finalizing the terms of this complex settlement.

16.    At the time of the settlement, the California class claims had been pending for over two years, which had allowed Plaintiffs' counsel to make a thorough evaluation of the strengths and weaknesses of both cases, through both formal discovery and legal analysis.

17.    The Plaintiffs filed their Third Amended Complaint on December 15, 2015, (Docket # 261) to add claims mirroring those alleged in *Bejenaru*, as well as

claims under California's Private Attorneys General Act ("PAGA"), Cal. Lab. Code §2699, *et seq.*

18.    Counsel for both sides have apprised the Hon. Jane Johnson, who is presiding over the *Bejenaru* litigation, that they have agreed upon settlement terms and that they wish to present their proposed settlement of the California state law claims to this Court for the process of approval and administration of the settlement terms.  Accordingly, the *Bejenaru* lawsuit will be dismissed without prejudice pending this Court's review and approval of this settlement.  Judge Johnson has informally indicated her approval of that course of action.

19.    The parties have reached settlement terms to resolve the Rule 23 California class action claims asserted in the Third Amended Complaint, and those terms are included in the fully executed Settlement Agreement, which is attached as Exhibit 1 to the Joint Motion for Preliminary Approval of Rule 23 Settlement Class.

**The Proposed Settlement Is Fair and Reasonable.**

20.    The proposed Settlement Agreement provides for a "Gross Settlement Fund" for the California Plaintiffs in the amount of **$3,416,335.00** [THREE MILLION FOUR HUNDRED SIXTEEN THOUSAND THREE HUNDRED THIRTY-FIVE DOLLARS and NO/100], inclusive of the California Plaintiffs' attorneys' fees and litigation expenses and costs, as well as service awards and the costs of the Claims Administrator. The average per capita gross compensation is

approximately $13,241 with a total of 258 California Plaintiffs participating in the settlement, which provides a meaningful recovery. Each California Plaintiff will receive a proportionate share of the net Settlement Fund according to a formula based on the length of each person's individual tenure and compensation within the relevant statute of limitations. The Settlement Agreement further provides for a minimum payment of $500 to each California Plaintiff.

21.    I have been lead counsel in numerous other wage and hour collective action matters. As a result of the extensive analysis conducted by Plaintiffs' counsel in this case and my experience with similar settlements, I believe that this settlement is fair, reasonable and adequate in light of the potential damages and the strengths and potential weaknesses of the case. The settlement makes available significant monetary benefits to the California Plaintiffs without increased expenses, the risks of trial and appellate proceedings, and the general uncertainties of litigation. Further supporting the arms-length negotiations here is that the parties participated in a full-day mediation and continued settlement discussions and a resolution that was reached through a mediator's settlement proposal that was ultimately accepted by the parties. Even after the proposed deduction of attorneys' fees, litigation expenses and costs, class administration fees and service awards, the overall recovery for the average California Plaintiff is approximately $7,153 per person, with each settlement participant receiving a minimum of $500. By any objective measure, the

compensation this settlement makes available to the California Plaintiffs is reasonable consideration for their claims without any further delay following years of protracted litigation.

22.    Litigation of the California Plaintiffs' claims has been vigorously contested and was resolved only after considerable negotiation and compromise by both parties.  In my judgment and experience, in view of the inherent uncertainty, delay, and expense of further proceedings in this case, including additional discovery, trial, and appeals, I believe the Settlement Agreement is in the best interest of the California Plaintiffs.

**The Proposed Service Awards Are Fair and Reasonable.**

23.    The service awards requested for the named plaintiffs are fair and reasonable, in the following amounts:  $15,000 to Andrea Bejenaru and $10,000 to Robin Hogan.  In addition to appearing for a deposition, Ms. Bejenaru attended the mediation of this matter in San Francisco, and assisted Plaintiffs' counsel with mediation.

24.    Both service award recipients were significantly involved in this case, as evidenced by among other things, assisting in Plaintiffs' counsels' fact investigation, reviewing pleadings and correspondence, contacting potential witnesses, and gathering and interpreting documents related to Defendants' workplace and compensation policies.  They also spent extensive time meeting

Plaintiffs' counsel, and conferred with us on multiple occasions in preparation for their depositions, and gathered and provided documents responsive to Defendants' discovery. Ms. Bejenaru voluntarily missed work in order to participate in the mediation, at which she assisted in the formulation and review of settlement proposals and otherwise contributed valuable insights and information. Without the contributions made by the service award recipients, I do not believe that the settlement would have been achieved.

**The Fee and Expenses Request from Plaintiffs' Counsel is Fair and Reasonable.**

25.    My law firm, WILLS LAW FIRM, PLLC was retained by the California Plaintiffs in this matter. As the lead attorney, I have been assisted by others from my law firm in the prosecution of this case, including attorneys Anthony C. Wills and Genevieve B. Estrada, as well as paralegals and law clerks. Mr. Wills holds a Bachelor of Arts from Rice University, a Master of Business Administration from the University of Texas at Austin and a Jurisprudence Doctorate from the University of Houston. Mr. Wills has been licensed to practice law in Texas since 1998. A copy of the curriculum vitae ("CV") of Mr. Wills is attached as Exhibit 1.    Based on information provided to me, Ms. Estrada graduated *summa cum laude* from Texas Southern University, Thurgood Marshall School of Law in 2013. Ms. Estrada has been licensed to practice law in Texas since November 2013. A copy of the curriculum vitae ("CV") of Ms. Estrada is appended as Exhibit 1.

26.    In addition to attorneys, paralegals and law clerks from my law firm, I also associated attorney John M. Padilla and his firm, PADILLA & RODRIGUEZ, LLP, to assist me in the prosecution of this matter.  Mr. Padilla is submitting a declaration setting forth the credentials of his firm and describing the work that he and his staff performed in this matter.

27.    The demands of this litigation—the complexity of the factual and legal issues involved, the vigorous defense mounted by the defendants and the requirements of servicing a large class—have required a considerable investment of time and resources by Plaintiffs' counsel.  Among other tasks, Plaintiffs' counsel successfully researched and analyzed the facts and circumstances underlying the issues raised with respect to the California Rule 23 claims; reviewed more than an estimated million documents obtained in discovery from the defendants as well as documents obtained from public sources relating to the California wage and hour claims; prepared for and conducted depositions of the defendants' witnesses and corporate representatives on dozens of topics; prepared 6 California Plaintiffs for depositions; interviewed putative class members across California in investigating this matter; responded to client communications and inquiries; extensively briefed various motions; briefed discovery disputes; prepared complex damages calculations; and prepared and presented an 80 slide PowerPoint mediation presentation.

28.    This matter has required a considerable investment of time and resources by WILLS LAW FIRM, which is a small firm with only three licensed attorneys.  This matter has at all times been pursued on a fully contingent basis.  Plaintiffs' counsel would receive no amount for costs, expenses, or time unless the case succeeded.  To date, Plaintiffs' counsel has not received any compensation or reimbursement for time or expenses incurred in these proceedings.  Plaintiffs' counsel has expended substantial time, litigation expenses and costs in litigating this matter.  Representation of the California Plaintiffs in this case has been ongoing for over two years and has required my firm to forego other work and to advance significant litigation expenses.

29.    As a fee in this settlement, Plaintiffs' counsel seeks $1,366,535 from the Gross Settlement Fund for attorneys' fees (forty percent of the total Gross Settlement Fund).  In the Fifth Circuit, the "customary contingency" is the range of 35 to 40%.  *See Vela v. City of Houston*, 276 F.3d 659, 681 (5th Cir. 2001). Further, "the most critical factor in determining a fee award is the degree of success obtained." *Singer v. City of Waco, Tex.*, 324 F.3d 813, 829 (5th Cir. 2003).

30.    The degree of success here is high because KB Home vehemently denies that Plaintiffs were improperly paid, underpaid, or that any alleged damages are owed, and Plaintiffs litigated for years before the matter could be settled.  Indeed, KB Home has maintained for decades that its onsite sales associates are exempt,

particularly with respect to the outside sales exemption.  Unlike here, KB Home has prevailed in other similar wage and hour litigation brought by salespersons. Accordingly, the Plaintiffs believe given the degree of success that the fee request is reasonable.

31.    The settlement reached in this case was only possible because of the case development and analysis performed by Plaintiffs' counsel.  To prosecute this case and to achieve this settlement, Plaintiffs' counsel was required to conduct extensive legal research and investigation and interview class members concerning the defendants' defenses, particularly their exemption defenses.  This undertaking was particularly critical in this California class action with hundreds of putative class members, with the concomitant risk of the case not be certified as a class or a decertification motion by defendants.   In my judgment, this settlement, coming before the expense of a jury trial and possible appeal, shows that Plaintiffs' counsel succeeded in their effort.  The size of the class and the multi-city nature of this class action required Plaintiffs' counsel to expend considerable time and resources managing the needs and expectations of individuals spread across California. Finally, this case, which was undertaken on a purely contingent basis with no guarantee of any recovery, required an immense investment of time by Plaintiffs' counsel, particularly for a firm of our size (comprised of only 3 licensed attorneys),

and necessarily required us to decline other representations.  For all these reasons, I believe that a fee award of 40% is fully justified in this case.

32.     Based on my professional experience, the WILLS LAW FIRM's billing rates are fair and reasonable and are commensurate with hourly rates of lawyers with similar experience handling complex litigation matters.

33.     Based on my professional experience, a reasonable rate for my work in this case, for an attorney of similar skill and experience performing similar work in this community is at least $600 per hour.  In my experience, equity partners at large firms, including individuals with as little as 8 to 10 years of experience earn comparable rates as compared to my nearly 22 years of experience.  Moreover, though I am with a small firm, I started my career by spending several years with a large firm (VINSON & ELKINS, LLP).  In addition, I have extensive experience and expertise as a lawyer in wage and hour matters.  The skill required to perform the legal services provided by me is that of a trial attorney employed as a senior equity partner experienced in the development and presentation of a case similar to this matter.  The time I spent working on this case was time that I otherwise could have spent earning hourly fees or contingent fees in other matters, or developing additional business.  In performing contingent fee work in the past, my firm has earned in certain complex cases, several thousand dollars per hour.

34.     Likewise, based on my professional experience, a reasonable hourly rate for attorney Anthony C. Wills is $475 per hour, and for associate attorney Genevieve B. Estrada, $300 per hour.   Similarly, based on my professional experience, a reasonable rate for law clerk time is $150 per hour and paralegal time is $125 per hour.  According to a 2013 Utilization and Compensation Survey Report by the Association of Legal Assistants and Paralegals, even at small firms, average billing rates exceeded $100 per hour.

35.     The 2013 *National Law Journal* survey of U.S. law firm billing rates also confirms that WILLS LAW FIRM's rates are reasonable.  According to that survey, firms in Texas charge rates comparable to WILLS LAW FIRM's rates being used in this matter, averaging from $655 for partners and $417 for associates.

36.     After the exercise of considerable billing judgment, WILLS LAW FIRM has devoted 2491.25 hours of professional time to the prosecution of this matter through April 25, 2016, although the work in this matter is ongoing and will not be concluded for months and will likely require at least an additional 300 – 400 hours of professional time.  The exercise of billing judgment includes allocating time used in this matter for the California Rule 23 class claims being settled here versus an allocation of time used to advance the FLSA claims that are not included in this settlement.   The time listed below is only that time that is being allocated for prosecution of the California Rule 23 class claims.

reasonable and necessary to the representation of the California class, and reasonably expended in advancing their California wage and hour claims. Allocation of work by experience level was also reasonable given the experience level of each of the attorneys involved and the tasks they performed.

39.    WILLS LAW FIRM's billing rates are fair and reasonable, as evidence by the comparable rates charged by plaintiffs' counsel in other significant wage and hour actions where similar, or even less favorable, results were achieved. For example, as part of the settlement of an action brought on behalf of some 185,000 non-exempt hourly workers employed by Bank of America, the court approved attorneys' fees of $18.25 million where plaintiff's lodestar of $16.5 million reflected a blended hourly rate of $488. *In re Bank of America Wage and Hour Employment Litig.*, 2013 WL 6670602, *3 (D. Kan. 2013). In contrast, my firm's blended hourly rate for this proceeding is $330. In addition, the recently-approved *Bank of America* settlement provided a minimum recovery of only $20 to class members, in contrast to the far more favorable minimum award of $500 provided in this settlement. District courts in this Circuit likewise have approved fee requests in class actions based on comparable rates. *Glover v. Woodbolt Distribution, Ltd.*, Case No. 4:12-cv-02191 (S.D. Tex.) (Miller, J.), Dkt. ##32, 35 (approving fee award based on rates of $670-$750 for partners; $335-$500 for associates; and $140-$180 for paralegals).

40.    The schedule attached hereto as Exhibit 2 is an accurate summary indicating the taxable costs and litigation expenses incurred by WILLS LAW FIRM in this matter for the advancement of the claims of the California Plaintiffs which currently totals $54,354.55, but will likely increase with the additional work and attendant litigation expenses that will be required in the coming months in order to finalize and complete the settlement.  We seek reimbursement of these taxable costs and litigation expenses, which were all reasonable and necessary to the prosecution of the California Plaintiffs' claims.

41.    Importantly, Plaintiffs' counsel's work on behalf of the California Plaintiffs is not finished.  I anticipate that as much as an additional 300 to 400 hours of attorney and paralegal time will be required to effectuate the settlement, including providing input and support during the notice process, addressing any objections raised during the notice period, obtaining final approval from the Court following notice, supervising the settlement administration process, taking necessary steps to conclude the settlement, and responding to class member inquiries.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Dated:  May 3, 2016                              _Rhonda H. Wills_____
                                                 Rhonda H. Wills

# EXHIBIT 1

## to

## Declaration of Rhonda H. Wills

# ANTHONY C. WILLS
WILLS LAW FIRM, PLLC
1776 Yorktown, Suite 570
Houston, TX 77056
(713) 528-4455 (Direct Dial)
(713) 528-2047 (Facsimile)

---

**Experience**

| | | |
|---|---|---|
| 2/2012 - present | **Wills Law Firm, PLLC** | Houston, TX |

*Partner*
- Practice includes employment litigation with an emphasis on wage and hour litigation.

| | | |
|---|---|---|
| 3/2004 – 2/2012 | **Marathon Oil Corporation** | Houston, TX |

*Senior Attorney, Corporate & Finance*
- Drafted No-Action Letters regarding Special Shareowner Meetings and Simple Majority Voting.
- Assist with providing legal support on corporate governance and SEC compliance issues.
- Assist with the review and filing of press releases and periodic reports, including Form 10-Ks, 10-Qs, and 8-Ks.
- Coordinator of contingent liability report updates and legal representation letters to external auditors.
- Lead attorney for providing legal advice regarding UCC cash and bank transactions including bank agreements, loan agreements, ISDAs, letters of credit and guarantees.
- Lead attorney for bankruptcy matters.
- Lead attorney for $3.0 billion five year revolving credit facility for Marathon Oil Corporation.
- Lead attorney for $578 million loan agreement between Marathon Oil Corporation and Norwegian export finance governmental agency.
- Lead attorney for redemption of exchangeable shares of Canadian subsidiary
- Assisted with $3.7 billion acquisition of Ashland's minority interest in Marathon subsidiary
- Assisted with $6.2 billion acquisition of Western Oil Sands, Inc.
- Coordinator of corporate policy committee.

| | | |
|---|---|---|
| 2000 – 3/2004 | **Vinson & Elkins, L.L.P.** | Houston, TX |

*Associate, Corporate, Finance & Securities Section*
- Represented independent energy company in connection with $150 million Rule 144A debt offering and $150 million public offering of common stock.
- Represented homebuilding company in connection with $350 million Rule 144A debt offering.
- Represented homebuilding company in connection with disposition of certain subsidiaries for $41 million and the assumption of $75 million of intercompany debt.
- Represented underwriters in connection with $1 billion initial public offering of equity securities for pipeline company.
- Represented independent oil & gas company in the disposition of coal seam gas gathering and treating facilities for $444 million.
- Represented Fortune 100 integrated natural gas and electricity company in connection with the disposition of an intrastate natural gas pipeline subsidiary for $726.6 million.
- Advised clients with respect to compliance with disclosure and reporting obligations and securities issues that arise in connection with employee benefit plans and corporate governance matters.

| | | |
|---|---|---|
| 1998 - 2000 | **Bracewell & Patterson, L.L.P.** | Houston, TX |
| | *Associate, Real Estate, Energy & Finance Section* | |

Exhibit 1

- Structured and negotiated contracts regarding the purchase and sale of oil and gas producing properties and their financing for a Fortune 100 integrated natural gas and electricity company.
- Represented Fortune 100 integrated natural gas and electricity company in the creation of limited liability companies, limited partnerships and general partnerships for the exploration and development of energy projects.
- Represented independent energy company in the purchase of oil and gas interests, gas processing and treatment plant and natural gas pipeline.
- Represented Fortune 100 integrated natural gas and electricity company in the negotiations of GISB natural gas/power contracts.
- Drafted promissory notes for small business clients.
- Represented school district in connection with purchases and sales of improved and unimproved real property.
- Represented borrowers in connection with secured and unsecured credit transactions including term loans.

---

**Education**

**The University of Houston Law Center**
*Jurisprudence Doctorate* (December 1997)
- American Jurisprudence Award for Highest Grade in Electric Industry Law & Policy
- American Jurisprudence Award for Highest Grade in Natural Gas Marketing
- American Jurisprudence Award for Highest Grade in Torts I

**The University of Texas at Austin**
*Master of Business Administration* (December 1991)
Dual Concentration: Marketing & Management
- Consortium for Graduate Study in Management Fellowship
- Dean's List - Fall 1990 & Spring 1991

**Rice University**
*Bachelor of Arts, Managerial Studies* (May 1989)

---

**Bar Admissions**

- State Bar of Texas
- United States District Court, Southern District of Texas

---

**Activities (Current or Former Member) and Affiliations**

- American Bar Association
- Houston Bar Association
- Houston Young Lawyers Association
- National Bar Association
- Publication: Co-author, *Letters of Credit - Revised Article 5 of the Uniform Commercial Code*: (CLE Seminar)

# GENEVIEVE B. ESTRADA

1776 Yorktown, Suite 570                                           Phone: (713) 528-4455
Houston, Texas 77056                                                   Fax: (713) 528-2047

## CURRENT EMPLOYMENT

**WILLS LAW FIRM, PLLC**                           Houston, Texas
*Associate*, May 2013 – Present

Responsible for a variety of complex litigation matters with an emphasis on wage and hour litigation.

## PAST LEGAL EXPERIENCE

**WILLS LAW FIRM, PLLC**                           Houston, Texas
*Law Clerk*, October 2012 – May 2013

Assisted staff attorneys by completing various legal research projects and preparing legal memoranda on a multitude of wage and hour issues.

## EDUCATION

**J.D., TEXAS SOUTHERN UNIVERSITY, THURGOOD MARSHALL SCHOOL OF LAW, 2013**

*Honors*: Graduated Summa Cum Laude; Deans Merit Scholarship 2011-2013; 2013 Association of Corporate Counsel Scholarship Recipient; Law Review Senior Staff Member; Second Place in the Prescott Woods Negotiations Competition; CALI Award for the highest achievement in the study of Contracts, Torts, Tax, and Family Law.

**B.A., SOCIOLOGY, UNIVERSITY OF TEXAS AT AUSTIN, 2007**

*Honors:* University of Texas at Austin Presidential Scholarship 2003-2004, LULAC Scholarship 2003-2004, Liberal Arts Honors Program 2003-2007.

## BAR ADMISSIONS

- State Bar of Texas
- United States District Court, Southern District of Texas

# EXHIBIT 2

to

# Declaration of Rhonda H. Wills

# WILLS LAW FIRM, PLLC

**EXPENSE STATEMENT**

1776 Yorktown, Suite 570
Houston, Texas 77056
Phone (713) 528-4455  Fax (713) 528-2047

DATE: MAY 3, 2016

## RE:

Civil Action No. 3:11-cv-00240
*Edwards, et al. v. KB Home, et al.*

[Itemized Case Expenses re **Rule 23 California Class Settlement**]

| DESCRIPTION | AMOUNT |
|---|---|
| Filing Fees | $1,435.00 |
| Additional Filing Fees-Pro Hac Vice | $557.40 |
| 1/27/2014-1/29/2014 Hearing (Los Angeles, CA)<br>• Airfare-$1,479.30<br>• Hotel-$1,744.80<br>• Transportation-$256.60<br>• Mileage, Parking, Meals -$257.00 | $3,737.70 |
| Case Anywhere | $548.60 |
| 3/9/14 Ludwig Klein Reporters & Video | $168.50 |
| Mediation Fees (Mark S Rudy) (1/2 shared expense w/FLSA settlement) | $4,000.00 |
| 4/8/15-4/10/15-Mediation Travel -San Francisco (Wills, Estrada, Bejenaru, Brailey, Edwards) (1/2 shared expense with FLSA Settlement)<br>• Airfare-$3786.80<br>• Hotel-$2,993.09<br>• Transportation-$361.20<br>• Mileage/Parking/Meals-$616.67 | $3,878.88 |
| 4/28/2014-4/29/2014 Hearing (Los Angeles, CA)<br>• Airfare-$1,272.50<br>• Hotel-$391.54<br>• Transportation-$52.43<br>• Mileage, Parking, Meals -$83.00 | $1,799.47 |
| Court Call | $748.00 |
| One Legal LLC | $98.90 |
| 5/27/2015-5/28/2015 Hearing (Los Angeles, CA)<br>• Airfare-$764.21<br>• Hotel-$319.16<br>• Transportation-$122.50<br>• Parking, Meals etc.-$285.56 | $1,491.43 |

| | |
|---|---|
| 6/8/2015 Hearing (Los Angeles, CA) <ul><li>Airfare-$1,155.21</li><li>Transportation-$65.21</li><li>Parking, Meals etc.-$186.38</li></ul> | $1,406.80 |
| Pro Hac Vice Registration ($50.00 each) | $100.00 |
| 8/30/2015-9/1/2015 Attorney RHW Travel-Depositions of Bejenaru, Pasos & Shneider (Los Angeles, CA) <ul><li>Airfare-$734.22</li><li>Hotel-$802.09</li><li>Transportation-$95.21</li><li>Mileage, Parking, Meals-$256.00</li></ul> | $1,887.52 |
| 8/30/2015-9/3/2015 Attorney GBE Travel-Depositions of Bejenaru, Pasos & Shneider, (Los Angeles, CA) <ul><li>Airfare-$353.98</li><li>Hotel-$1,453.07</li><li>Transportation-$226.99</li><li>Mileage, Parking, Meals-$589.50</li></ul> | $2,623.54 |
| 9/1/2015-9/2/2015-Deposition of Reuben Pasos (Los Angeles, CA) <ul><li>Hotel-$132.50</li><li>Transportation-$97.10</li></ul> | $229.60 |
| 9/8/2015-9/11/2015-Deposition of Hogan, Battle and Herrera (Sacramento, CA) <ul><li>Airfare-$758.70</li><li>Hotel-$628.95</li><li>Transportation-$177.83</li><li>Mileage, Parking, Meals -$461.34</li></ul> | $2,026.85 |
| 9/11/2015-9/12/2015-Deposition of Manuel Herrera (Sacramento, CA) <ul><li>Airfare-$711.20</li><li>Hotel-$182.85</li><li>Transportation-$15.00</li><li>Mileage, Parking, Meals-$55.48</li></ul> | $964.53 |
| 4/18/2016-4/19/2016-Hearing (Los Angeles, CA) <ul><li>Airfare-$735.10</li><li>Hotel-$348.89</li><li>Transportation-$61.95</li><li>Mileage, Parking, Meals-$174.00</li></ul> | $1,319.94 |
| US Legal Support Data Host (1/2 shared expense with FLSA settlement) | $22,929.91 |
| Legal Express | |
| LexisNexis | $121.48 |
| **Faxes 45@ $1.00/per page** | $45.00 |
| **Copies BW13054 @ $0.15/ Color1071@$0.25per page** | $2,225.85 |
| **Postage** | $9.65 |
| **TOTAL** | **$54,354.55** |